1    KIRBY D. BEHRE (*Admitted *pro hac vice*)
     E-mail:  kirbybehre@paulhastings.com
2    BRAD BLOODWORTH (*Admitted *pro hac vice*)
     E-mail:  bradbloodworth@paulhastings.com
3    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     875 15th Street, N.W.
4    Washington, DC  20005
     Telephone:  (202) 551-1700
5    Facsimile:  (202) 551-1705

6    JOHN S. DURRANT (SB# 217345)
     johndurrant@paulhastings.com
7    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     515 S. Flower Street, 25th Floor
8    Los Angeles, CA 90071
     Telephone:  (213) 683-6144
9    Facsimile:  (213) 996-3144

10   Attorneys for Defendants
11   RICHARD KOON AND KENNETH SHELLEM

12                  UNITED STATES DISTRICT COURT

13                  CENTRAL DISTRICT OF CALIFORNIA

14

15

16   FEDERAL DEPOSIT INSURANCE          CASE NO. CV 10-4915 DSF (SHx)
     CORPORATION, AS RECEIVER
17   FOR INDYMAC BANK, F.S.B.,          **DEFENDANT RICHARD KOON'S
                                        ANSWER AND AFFIRMATIVE
18             Plaintiff,               DEFENSES**

19        v.

20   VAN DELLEN et al.,

21             Defendants.

22

23

24

25

26

27

28

                                       ANSWER AND AFFIRMATIVE DEFENSES
                                                          TO COMPLAINT

1
**INTRODUCTION**

2
      Any losses on loans issued by IndyMac Bank F.S.B. ("IndyMac")

3
Home Builder Division ("HBD") resulted from an unprecedented and unforeseeable

4
collapse of the housing market.  None other than Sheila C. Bair, Chairman of the

5
FDIC, recently testified that "At the time the bubble was building, few saw all the

6
risks and linkages that we can now better identify."  See *Causes and Current State*

7
*of the Financial Crisis: Hearing Before the Financial Crisis Inquiry Commission*

8
(Jan. 14, 2010).  Ms. Bair's statement is unremarkable, of course, since the housing

9
and credit crisis blindsided almost the entire financial industry, including the FDIC

10
itself.  Countless economists and Government officials also have conceded that they

11
failed to forecast or predict the severity of the crisis.  Despite this, the FDIC now

12
seeks to blame division level officers of a small division of IndyMac who not only

13
cannot be blamed for a financial catastrophe, but actually significantly improved

14
lending risk at HBD.

15
      Mr. Koon brought nearly 40 years of construction lending experience

16
to IndyMac.  As HBD's Chief Lending Officer ("CLO") from 2001 through July

17
2006, Mr. Koon participated in HBD's production of loans.  Mr. Koon consistently

18
applied his decades of experience to reduce the risk of loans originated by HBD.

19
He separated HBD's loan underwriting department (*i.e.*, the department tasked with

20
assessing the risk of loans) from its loan production department (*i.e.*, the

21
department responsible for generating loans).  Mr. Koon significantly strengthened

22
HBD's lending policies.  He repeatedly refused to approve loans that he believed

23
may expose HBD to unacceptable risk.  When structuring loans, he made sure that

24
the loan's strengths mitigated any weaknesses.

25
      Contrary to the allegations in the Complaint, HBD's lending policies

26
and practices were consistent with industry standards.  Indeed, the Office of Thrift

27
Supervision ("OTS") -- the primary federal office that worked with the FDIC to

28
regulate IndyMac – found HBD's lending policies and practices satisfactory during

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1   Mr. Koon's tenure.  HBD followed all applicable regulatory guidance and therefore

2   received ratings of satisfactory or better on OTS Reports of Examination.  In

3   addition, IndyMac's external auditors and IndyMac's internal asset review group

4   each consistently approved HBD's lending policies and practices.

5          While Mr. Koon took steps in an effort to control risk at HBD,

6   decisions regarding corporate policy were often made by more senior officers.  Mr.

7   Koon did not set HBD's growth strategy or production goals.  Senior executives at

8   IndyMac set policy regarding such matters for HBD.  For instance, they focused

9   HBD on non-public regional builders, increased HBD's Return on Equity ("ROE")

10  goals numerous times, and compensated production officers based on a loan's

11  return.  Moreover, Mr. Koon recommended that HBD tighten its credit policies.

12  Policy exceptions were reported to and reviewed by senior officers.

13         Just as the Complaint misstates Mr. Koon's role at HBD, it also

14  misstates the nature of construction lending on a fundamental level.  Unlike other

15  forms of lending, where risk is controlled mainly in the origination of loans,

16  construction lending requires ongoing assessment and control of risk.  The nature of

17  risk can change dramatically as a construction project progresses and as economic

18  circumstances change.  Construction loans include a number of tools to help control

19  such changing risks, including covenants that allow lenders to mitigate the risks of

20  a deteriorating housing market.  Mr. Koon included numerous sophisticated

21  protections in the loans that he worked on.

22         Moreover, as the Complaint concedes, Mr. Koon left HBD in July

23  2006, which was well before the housing collapse occurred.  Mr. Koon cannot be

24  culpable for events that happened after he left HBD.  Upon Mr. Koon's departure

25  HBD, almost all the loans he approved were performing.  Upon information and

26  belief, Todd Camp and others were responsible for monitoring the loans after Mr.

27  Koon left HBD.  Mr. Koon cannot be held responsible for any failure to exercise

28  loan requirements and/or covenants in the agreements after he left HBD.  To the

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1   extent that losses were the result of loan modifications, loan approvals, or actions

2   on loan requirements by HBD and IndyMac senior management following Mr.

3   Koon's departure, those losses are not attributable to Mr. Koon.  Furthermore, the

4   FDIC's Complaint concedes that the vast majority of HBD loans, worth billions of

5   dollars, were successfully paid off.

6          The FDIC seeks to hold Mr. Koon responsible for events and decisions

7   that occurred long after his departure -- presumably on the theory that the loans

8   should never have been made.  This is pure 20/20 hindsight -- especially

9   considering that the OTS and other uninterested third parties saw no problem at the

10  time the loans were made.  In essence, the FDIC attacks Mr. Koon not for

11  negligence or "breach of duty," but for having insufficient clairvoyance.

12         As a whole, the Complaint against Mr. Koon is ill-conceived and ill-

13  founded.  The FDIC seeks to blame division level officers of a small division of

14  IndyMac for policies they did not establish and for economic realities they could

15  not possibly foresee or control.  On information and belief, this is a litigation

16  strategy driven not by sincere belief that Mr. Koon is culpable or negligent, but by

17  an attempt to access certain insurance funds.  A paragraph-by-paragraph response

18  to the Complaint is provided below, and this preface is incorporated in each

19  response below.

20  **I.     BACKGROUND FACTS.**

21         1.     No response is required.  These allegations call for a legal conclusion.

22  To the extent these allegations do not call for a legal conclusion, they are denied.

23         2.     No response is required.  This paragraph contains no allegations.

24         3.     Denied.  Mr. Koon lacks sufficient information regarding these

25  allegations.

26         4.     Admit.  However, Mr. Koon was not involved with establishing

27  HBD's focus on non-public regional builders.

28

-3-                                        ANSWER AND AFFIRMATIVE DEFENSES
                                                            TO COMPLAINT

1    5.      Denied.  This paragraph is vague and unintelligible, and Mr. Koon

2    lacks sufficient information regarding these allegations.  Furthermore, these

3    allegations, in part, involve a time period following Mr. Koon's departure from

4    HBD.

5    6.      Denied.  This paragraph is vague and unintelligible, and these

6    allegations, in part, involve a time period following Mr. Koon's departure from

7    HBD.  First, HBD's lending policies were designed to ensure that HBD evaluated

8    each loan application using established criteria, and permitted exceptions under

9    certain circumstances.  OTS and the Bank's internal asset review group reviewed

10   HBD's policies before they were implemented, and OTS re-reviewed them during

11   its annual examinations of HBD.  Second, Mr. Koon did not set HBD's growth

12   strategy or production goals.

13   7.      No response is required.  This paragraph contains no allegations.

14   8.      Denied.  Mr. Koon at all times acted in good faith, prudently, and in

15   accordance with his duty of care.  He did not act negligently.  These allegations, in

16   part, address other parties and involve a time period following Mr. Koon's

17   departure from HBD.

18   **II.      JURISDICTION AND VENUE.**

19   9.      No response is required.  These allegations call for a legal conclusion.

20   To the extent these allegations do not call for a legal conclusion, they are denied.

21   10.     No response is required.  These allegations call for a legal conclusion.

22   To the extent these allegations do not call for a legal conclusion, they are denied.

23   **III.     PARTIES.**

24   **A.      Plaintiff.**

25   11.     No response is required.  These allegations call for a legal conclusion.

26   To the extent these allegations do not call for a legal conclusion, they are denied.

27   12.     No response is required.  These allegations call for a legal conclusion.

28   To the extent these allegations do not call for a legal conclusion, they are denied.

ANSWER AND AFFIRMATIVE DEFENSES
                                                    TO COMPLAINT

1

**B.    Defendants.**

2

13.    No response is required.  These allegations address other parties.

3

14.    Mr. Koon is a resident of the State of California and of the Central

4

District of California.  He joined the Bank in about June 2001 as HBD's Chief

5

Lending Officer ("CLO") and remained in that position until he left HBD on or

6

about July 14, 2006.  Beginning in January 2006, Mr. Koon was Co-CLO with Mr.

7

Rothman.  Mr. Koon remained an employee of the Bank until about January 2008.

8

Except as specifically admitted or averred, Mr. Koon lacks sufficient information

9

regarding these allegations and denies them.

10

15.    No response is required.  These allegations address other parties.

11

16.    No response is required.  These allegations address other parties.

12

**IV.    GENERAL ALLEGATIONS OF FACTS RELATING TO CLAIMS**

13

**FOR RELIEF.**

14

17.    Denied.  Mr. Koon lacks sufficient information regarding these

15

allegations.  Also, these allegations involve IndyMac operations, not HBD

16

operations.

17

18.    Denied.  Mr. Koon lacks sufficient information regarding these

18

allegations.  Also, these allegations involve IndyMac operations, not HBD

19

operations.

20

19.    Denied.  Mr. Koon lacks sufficient information regarding these

21

allegations.  Also, these allegations involve IndyMac operations, not HBD

22

operations.

23

20.    Denied.  Mr. Koon lacks sufficient information regarding these

24

allegations.  Also, these allegations involve IndyMac operations, not HBD

25

operations, and, in part, a time period following Mr. Koon's departure from HBD.

26

21.    Denied.  This paragraph is vague and unintelligible, and Mr. Koon

27

lacks sufficient information to respond.  Also, these allegations involve IndyMac

28

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1  operations, not HBD operations, and, in part, a time period following Mr. Koon's
2  departure from HBD.

3      22.    This paragraph is vague and unintelligible, and Mr. Koon lacks
4  sufficient information to respond.  HBD followed applicable regulatory guidance
5  and received ratings of satisfactory or better on OTS Reports of Examination from
6  2002 through 2007.  Furthermore, HBD's OTS ratings improved during Mr. Koon's
7  tenure with HBD.

8      23.    No response is required.  These allegations involve a time period
9  following Mr. Koon's departure from HBD and, in part, involve IndyMac
10  operations, not HBD operations.

11      24.    Mr. Koon became HBD's CLO in about March 2002.  Except as
12  specifically admitted or averred, Mr. Koon lacks sufficient information regarding
13  these allegations and denies them.

14      25.    Denied.  This paragraph is vague and unintelligible, and Mr. Koon
15  lacks sufficient information regarding these allegations.  Also, these allegations
16  involve a time period prior to Mr. Koon's arrival at HBD.

17      26.    Denied.  This paragraph is vague and unintelligible.  To the extent this
18  paragraph purports to quote a document, the document speaks for itself.  Mr. Perry
19  did not initiate the Castor Oil strategy in contemplation of a historic housing market
20  collapse.  Furthermore, this discussion of the Castor Oil strategy involves a CLCA
21  program that ended before HBD was created.  It is distinct from a later Castor Oil
22  strategy involving HBD.

23      27.    Denied.  Mr. Perry wrote "pull in the reigns" in a September 2005
24  email discussing "construction equity investments," which he described as "very
25  small to Indymac."  Contrary to the FDIC's claims, this email does not relate to
26  Bank activity in 1999.  To the extent this paragraph purports to quote a document,
27  the document speaks for itself.

28

ANSWER AND AFFIRMATIVE DEFENSES
                                                      TO COMPLAINT

28.     Denied.  This paragraph is vague and unintelligible.  Also, these allegations address other parties and involve a time period following Mr. Koon's departure from HBD.  The credit group was independent of the production group during Mr. Koon's tenure at HBD.  Lending officers' training, experience, and compensation were in line with industry standards.  Mr. Koon indirectly controlled whether loan applications were presented to the Junior Loan.

29.     HBD was significantly reorganized in the middle of 2006.  Except as specifically averred, Mr. Koon lacks sufficient information regarding these allegations and denies them.  Also, these allegations address other parties and involve a time period following Mr. Koon's departure from HBD.

30.     No response is required.  These allegations address other parties and involve a time period following Mr. Koon's departure from HBD.

31.     Mr. Van Dellen's 2006 reorganization created a conflict of interest.  Mr. Koon lacks sufficient information regarding the remaining allegations and denies them.

32.     Denied.  This paragraph is vague and unintelligible, and Mr. Koon lacks sufficient information regarding these allegations.  Also, these allegations address other parties and involve a time period following Mr. Koon's departure from HBD.

33.     Denied.  This paragraph is vague and unintelligible.  These allegations demonstrate the FDIC's fundamental misunderstanding of commercial and construction lending.  Mr. Koon did not set HBD's growth strategy.  Furthermore, to the extent this paragraph purports to quote a document, the document speaks for itself.  The document this paragraph appears to quote is a presentation that HBD made to OTS as part of OTS' 2004 examination.  OTS' subsequent report of examination found that HBD's asset quality was satisfactory, with sound underwriting.  Mr. Koon lacks sufficient information regarding the remaining allegations.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1    34.    Denied.  To the extent the FDIC purports to quote an email dated

2    September 2005, Mr. Perry's September 2005 email does not address market

3    conditions for homebuilder lending, but rather "construction equity investments,"

4    which he described as "very small to Indymac."  Mr. Perry also described

5    suspending mezzanine lending as a "marginal" step.  In this same email string, Mr.

6    Perry observes that "we are doing our business by and large the 'right way' . . .

7    prudently balancing risk and return."

8    35.    Denied.  These allegations address other parties and involve a time

9    period following Mr. Koon's departure from HBD.  Mr. Koon also lacks sufficient

10   information regarding these allegations.

11   36.    Denied.  This paragraph is vague and unintelligible, and Mr. Koon

12   lacks sufficient information regarding these allegations.  Contrary to the FDIC's

13   claims, Mr. Koon did not warn Mr. Van Dellen of a "deteriorating market . . .

14   beginning in 2005."  Mr. Koon monitored market conditions closely, and there was

15   no indication of a market collapse in early 2005.

16   37.    No response is required.  The stress test S&P administered in the

17   article assumed a "decline in housing values of 20% during a two-year period,"

18   which S&P described as "unlikely."  The housing market collapse was far greater

19   than 20% in a time period far shorter than 2 years.

20   38.    Denied.  This paragraph is vague and unintelligible.  To the extent this

21   paragraph purports to quote a document, the document speaks for itself and no

22   response is required.  These allegations also demonstrate the FDIC's fundamental

23   misunderstanding of commercial and construction lending.  HBD's lending policies

24   were designed to ensure that HBD evaluated each loan application using

25   comprehensive established criteria.  The policies permitted exceptions in certain

26   circumstances.  OTS and the Bank's internal asset review group reviewed the

27   policies before they were implemented, and OTS re-reviewed them during their

28   annual examinations.  Upon information and belief, OTS and the Bank's internal

-8-                    ANSWER AND AFFIRMATIVE DEFENSES
                                        TO COMPLAINT

1   asset review group were satisfied with HBD's application of the policy.

2   Furthermore, policy exceptions can only be fairly analyzed in the context of an

3   entire loan approval.  All policy exceptions were reported to Mr. Perry and Mr.

4   Wohl.

5        39.    Denied.  Mr. Koon lacks sufficient information regarding these

6   allegations.

7        40.    Denied. To the extent this paragraph purports to quote a document, the

8   document speaks for itself.  This paragraph mischaracterizes a memorandum

9   drafted by Mr. Koon.  Mr. Koon alerted HBD to a potentially slowing housing

10   market.  These allegations demonstrate the FDIC's fundamental misunderstanding

11   of commercial and construction lending.

12        41.    No response is required.  These allegations address other parties and a

13   time period following Mr. Koon's departure from HBD.

14        42.    No response is required.  These allegations address other parties and a

15   time period following Mr. Koon's departure from HBD.

16        43.    No response is required.  These allegations address other parties and a

17   time period following Mr. Koon's departure from HBD.

18        44.    Denied.  This paragraph is vague and unintelligible.  To the extent this

19   paragraph purports to quote a document, the document speaks for itself and no

20   response is required.  These allegations also demonstrate the FDIC's fundamental

21   misunderstanding of commercial and construction lending.  HBD's lending policies

22   were designed to ensure that HBD evaluated each loan application using

23   comprehensive established criteria.  The policies permitted exceptions in certain

24   circumstances.  OTS and the Bank's internal asset review group reviewed the

25   policies before they were implemented, and OTS re-reviewed them during their

26   annual examinations.  Upon information and belief, OTS and the Bank's internal

27   asset review group were satisfied with HBD's application of the policy.

28   Furthermore, policy exceptions can only be fairly analyzed in the context of an

-9-                    ANSWER AND AFFIRMATIVE DEFENSES
                                    TO COMPLAINT

1   entire loan approval.  All policy exceptions were reported to Mr. Perry and Mr.

2   Wohl.

3        45.    Denied.  This paragraph is vague and unintelligible.  To the extent this

4   paragraph purports to quote a document, the document speaks for itself.  These

5   allegations also demonstrate the FDIC's fundamental misunderstanding of

6   commercial and construction lending.  HBD's lending policies were designed to

7   ensure that HBD evaluated each loan application using comprehensive established

8   criteria.  The policies permitted exceptions in certain circumstances.  OTS and the

9   Bank's internal asset review group reviewed the policies before they were

10  implemented, and OTS re-reviewed them during their annual examinations.  Upon

11  information and belief, OTS and the Bank's internal asset review group were

12  satisfied with HBD's application of the policy.  Furthermore, policy exceptions can

13  only be fairly analyzed in the context of an entire loan approval.  All policy

14  exceptions were reported to Mr. Perry and Mr. Wohl.

15       46.    Denied.  This paragraph is vague and unintelligible.  To the extent this

16  paragraph purports to quote a document, the document speaks for itself.  These

17  allegations also demonstrate the FDIC's fundamental misunderstanding of

18  commercial and construction lending.  Contrary to the FDIC's claims, borrower

19  equity is not "closely tied" to profit margin.  HBD's lending policies were designed

20  to ensure that HBD evaluated each loan application using comprehensive

21  established criteria.  The policies permitted exceptions in certain circumstances.

22  OTS and the Bank's internal asset review group reviewed the policies before they

23  were implemented, and OTS re-reviewed them during their annual examinations.

24  Upon information and belief, OTS and the Bank's internal asset review group were

25  satisfied with HBD's application of the policy.  Furthermore, policy exceptions can

26  only be fairly analyzed in the context of an entire loan approval.  All policy

27  exceptions were reported to Mr. Perry and Mr. Wohl.

28

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

47.     Denied.  This paragraph is vague and unintelligible.  To the extent this paragraph purports to quote a document, the document speaks for itself.  These allegations also demonstrate the FDIC's fundamental misunderstanding of commercial and construction lending.  HBD's lending policies were designed to ensure that HBD evaluated each loan application using comprehensive established criteria.  The policies permitted exceptions in certain circumstances.  OTS and the Bank's internal asset review group reviewed the policies before they were implemented, and OTS re-reviewed them during their annual examinations.  Upon information and belief, OTS and the Bank's internal asset review group were satisfied with HBD's application of the policy.  Furthermore, policy exceptions can only be fairly analyzed in the context of an entire loan approval.  All policy exceptions were reported to Mr. Perry and Mr. Wohl.

48.     Denied.  This paragraph is vague and unintelligible.  To the extent this paragraph purports to quote a document, the document speaks for itself.  These allegations also demonstrate the FDIC's fundamental misunderstanding of commercial and construction lending.  HBD's lending policies were designed to ensure that HBD evaluated each loan application using comprehensive established criteria.  The policies permitted exceptions in certain circumstances.  OTS and the Bank's internal asset review group reviewed the policies before they were implemented, and OTS re-reviewed them during their annual examinations.  Upon information and belief, OTS and the Bank's internal asset review group were satisfied with HBD's application of the policy for originating and monitoring loans.  Furthermore, policy exceptions can only be fairly analyzed in the context of an entire loan approval.  All policy exceptions were reported to Mr. Perry and Mr. Wohl.

49.     Denied.  This paragraph is vague and unintelligible.  To the extent this paragraph purports to quote a document, the document speaks for itself.  These allegations also demonstrate the FDIC's fundamental misunderstanding of

-11-

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1   commercial and construction lending.  HBD's lending policies were designed to

2   ensure that HBD evaluated each loan application using comprehensive established

3   criteria.  The policies permitted exceptions in certain circumstances.  OTS and the

4   Bank's internal asset review group reviewed the policies before they were

5   implemented,  and OTS re-reviewed them during their annual examinations.  Upon

6   information and belief, OTS and the Bank's internal asset review group were

7   satisfied with HBD's application of the policy for originating and monitoring loans.

8   Furthermore, policy exceptions can only be fairly analyzed in the context of an

9   entire loan approval.  All policy exceptions were reported to Mr. Perry and Mr.

10  Wohl.

11        50.    Denied.  Upon information and belief, HBD followed applicable

12  regulatory guidance and received ratings of satisfactory or better on OTS reports of

13  examination from 2002-2007.  HBD's ratings improved during Mr. Koon's tenure

14  with HBD.

15        51.    Upon information and belief, HBD followed applicable regulatory

16  guidance and received ratings of satisfactory or better on OTS reports of

17  examination from 2002-2007.  HBD's ratings improved during Mr. Koon's tenure

18  with HBD.

19        52.    Denied.

20        53.    Denied.  The CAM provided a detailed analysis of a loan application.

21  Mr. Koon, loan officers, and credit analysts critically reviewed and revised CAMs

22  and their underlying loan files before the CAMS were presented to either the Junior

23  or Senior Loan Committee.  In nearly every loan approved by HBD, Mr. Koon

24  required loan applications to be strengthened before their CAMs were presented to

25  either the Junior or Senior Loan Committee.

26        54.    Denied.  To the extent this paragraph purports to quote a document,

27  the document speaks for itself.  The loan committee met for as long as necessary to

28  evaluate and determine whether to approve each loan application.

ANSWER AND AFFIRMATIVE DEFENSES
                                       TO COMPLAINT

1    55.    Denied.

2    56.    Denied.  These allegations demonstrate the FDIC's fundamental

3 misunderstanding of commercial and construction lending.  The Credit Review

4 Matrix was one of several tools the loan committee used as a guide when evaluating

5 a loan application.  The Credit Review Matrix was based on the Basel II

6 framework, an international accord widely used to evaluate credit risk.  OTS and

7 McKinsey & Co., an independent consulting firm, reviewed the Credit Review

8 Matrix on several occasions.

9    57.    Denied.  These allegations demonstrate the FDIC's fundamental

10 misunderstanding of commercial and construction lending.  The Credit Review

11 Matrix was one of several tools the loan committee used as a guide when evaluating

12 a loan application.  The Credit Review Matrix was based on the Basel II

13 framework, an international accord widely used to evaluate credit risk.  OTS and

14 McKinsey & Co., an independent consulting firm, reviewed the Credit Review

15 Matrix on several occasions.

16    58.    Denied.  These allegations demonstrate the FDIC's fundamental

17 misunderstanding of commercial and construction lending.  The Credit Review

18 Matrix was one of several tools the loan committee used as a guide when evaluating

19 a loan application.  The Credit Review Matrix was based on the Basel II

20 framework, an international accord widely used to evaluate credit risk.  OTS and

21 McKinsey & Co., an independent consulting firm, reviewed the Credit Review

22 Matrix on several occasions.

23    59.    Mr. Koon admits that he expressed concerns about HBD's increase in

24 ROE targets.  However, these allegations involve a time period following Mr.

25 Koon's departure from HBD, and Mr. Koon denies the remainder of the paragraph.

26 These allegations also demonstrate the FDIC's fundamental misunderstanding of

27 commercial and construction lending.  The Credit Review Matrix was one of

28 several tools the loan committee used as a guide when evaluating a loan

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1   application.  The Credit Review Matrix was based on the Basel II framework, an

2   international accord widely used to evaluate credit risk.  OTS and McKinsey & Co.,

3   an independent consulting firm, reviewed the Credit Review Matrix on several

4   occasions.

5         60.    Denied.  These allegations involve a time period following Mr. Koon's

6   departure from HBD.  They further demonstrate the FDIC's fundamental

7   misunderstanding of commercial and construction lending.  The Credit Review

8   Matrix was one of several tools the loan committee used as a guide when evaluating

9   a loan application.  The Credit Review Matrix was based on the Basel II

10  framework, an international accord widely used to evaluate credit risk.  OTS and

11  McKinsey & Co., an independent consulting firm, reviewed the Credit Review

12  Matrix on several occasions.

13        61.    Denied.  Mr. Koon lacks sufficient information regarding these

14  allegations.  Many of HBD's borrowers had larger credits at bigger, publicly traded

15  banks, and HBD participated many of its loans.

16        62.    Denied.  Mr. Koon lacks sufficient information regarding these

17  allegations.

18        63.    Denied.  Mr. Koon lacks sufficient information regarding these

19  allegations.

20        64.    Denied.  Mr. Koon lacks sufficient information regarding these

21  allegations, and they involve a time period following Mr. Koon's departure from

22  HBD.

23        **(K)** Denied.  Mr. Koon lacks sufficient information regarding these

24  allegations, and they involve a time period following Mr. Koon's departure from

25  HBD.

26        65.    No response is required.  These allegations involve a time period

27  following Mr. Koon's departure from HBD.  To the extent this paragraph purports

28  to quote a document, the document speaks for itself.  Upon information and belief,

-14-    ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

OTS reviewed in real-time the majority of the loans that were criticized in hindsight and found their asset quality satisfactory.

66.     Denied.  Mr. Koon lacks sufficient information regarding these allegations.  To the extent this paragraph purports to quote a document, the document speaks for itself.

67.     No response is required.  These allegations call for a legal conclusion and involve a time period following Mr. Koon's departure from HBD.

## V.     DEFENDANTS' ALLEGED DUTIES TO INDYMAC.

68.     These allegations call for a legal conclusion, so no response is required.  To the extent these allegations do not call for a legal conclusion, they are denied.

## VI.    CLAIMS FOR RELIEF

### Count 1

### (Claim for Negligence and Breach of Duty of Care Against All Defendants)

69.     No response is required.

70.     Denied.

71.     Denied.

72.      To the extent this paragraph purports to quote a document, the document speaks for itself and no response is required.  Mr. Koon otherwise denies the allegation.

73.     Denied.

74.     Denied.

### Count 2

### (Claim for Negligence and Breach of Duty of Care Against All Defendants Related to the Underwriting, Administration, Extension and Modification of a Loan to Fiesta Development, Inc. for the Country View Estates (Model Homes) Project)

75.     No response is required.

-15-

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

1       76.    Denied.  Mr. Koon lacks sufficient information regarding these

2  allegations.

3       77.    Denied.  Mr. Koon lacks sufficient information regarding these

4  allegations.

5       78.    Denied.

6       79.    Denied.

7       80.    Denied.

8       81.    Denied.

9       82.    Denied.

10  **<u>Count 3</u>**

11  **<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen,</u>**

12  **<u>Shellem, and Koon Related to the Underwriting, Administration, Extension</u>**

13  **<u>and Modification of a Loan to Fiesta Development, Inc. for the Area Drainage</u>**

14  **<u>Plan ("ADP") Project)</u>**

15       83.    No response is required.

16       84.    Denied.  Mr. Koon lacks sufficient information regarding these

17  allegations.

18       85.    Denied.  Mr. Koon lacks sufficient information regarding these

19  allegations.

20       86.    Denied.  Mr. Koon lacks sufficient information regarding these

21  allegations.

22       87.    Denied.  Mr. Koon lacks sufficient information regarding these

23  allegations.

24       88.    Denied.  Mr. Koon lacks sufficient information regarding these

25  allegations.

26       89.    Denied.  Mr. Koon lacks sufficient information regarding these

27  allegations.

28

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

90.    Denied.  Mr. Koon lacks sufficient information regarding these allegations.

91.    Denied.  Mr. Koon lacks sufficient information regarding these allegations.

92.    Denied.  Mr. Koon lacks sufficient information regarding these allegations.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

97.    Denied.

98.    Denied.

## Count 4

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Fiesta Development, Inc. for Country View Estates — Phases 6&7)

99.    No response is required.

100.    The allegations address other parties, so no response is required.

101.    The allegations address other parties, so no response is required.

102.    The allegations address other parties, so no response is required.

103.    The allegations address other parties, so no response is required.

104.    The allegations address other parties, so no response is required.

105.    The allegations address other parties, so no response is required.

106.    The allegations address other parties, so no response is required.

107.    The allegations address other parties, so no response is required.

108.    The allegations address other parties, so no response is required.

109.    The allegations address other parties, so no response is required.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1    110.   The allegations address other parties, so no response is required.

2                              **Count 5**

3    **(Claim for Negligence and Breach of Duty of Care Against All Defendants**

4    **Related to the Underwriting, Administration, Extension and Modification of a**

5    **Loan to Lake Mathews Venture, LLC for the Lake Mathews Golf and**

6                        **Country Club Project)**

7    111.   No response is required.

8    112.   Denied.  Mr. Koon lacks sufficient information regarding these

9    allegations.

10   113.   Denied.

11   114.   Denied.

12   115.   Denied.

13   116.   Denied.

14   117.   Denied.

15   118.   Denied.

16                              **Count 6**

17   **(Claim for Negligence and Breach of Duty of Care Against All Defendants**

18   **Related to the Underwriting, Administration, Extension and Modification of a**

19   **Loan to PBP Limited Partnership for the Brentwood/Palmilla Project)**

20   119.   No response is required.

21   120.   Denied.  Mr. Koon lacks sufficient information regarding these

22   allegations.

23   121.   Denied.

24   122.   Denied.

25   123.   Denied.

26   124.   Denied.

27   125.   Denied.

28   126.   Denied.

-18-                    ANSWER AND AFFIRMATIVE DEFENSES
                                TO COMPLAINT

## <u>Count 7</u>

### <u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen,</u>
### <u>Shellem, and Koon Related to the Underwriting and Administration of a Loan</u>
### <u>to Bay Colony Investors II, Inc. for the Portola Road Project)</u>

127.   No response is required.

128.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

129.   Denied.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

## <u>Count 8</u>

### <u>(Claim for Negligence and Breach of Duty of Care Against All Defendants</u>
### <u>Related to the Underwriting, Administration, Renewal, Extension and</u>
### <u>Modification of a Loan to North Coastal, LLC for the Woodland Townhomes</u>
### <u>(Phase 2) Project)</u>

135.   No response is required.

136.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

137.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

138.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

139.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

140.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

141.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

142.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

143.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

144.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

145.   Denied.

146.   Denied.

147.   Denied.

148.   Denied.

149.   Denied.

150.   Denied.

## **Count 9**

### **(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting and Administration of a Loan to RKB Communities (The Greens), L.P. for the Crest & Greens Project)**

151.   No response is required.

152.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

153.   Denied.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

158.   Denied.

**Count 10**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**
**Shellem and Koon Related to the Underwriting and Administration of a Loan**
**to Corinthian Homes (Anatolia), L.P. for the Anatolia Project)**

159.   No response is required.

160.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

161.   Denied.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

**Count 11**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**
**Shellem and Koon Related to the Underwriting and Administration of an**
**Acquisition & Development Loan to Corinthian Homes (Williams), L.P. for**
**the Valley Ranch Project)**

167.   No response is required.

168.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

169.   Denied.

170.   Denied.

171.   Denied.

172.   Denied.

173.   Denied.

174.   Denied.

-21-

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Count 12**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting and Administration of Two Construction Loans to Corinthian Homes (Edgewater), L.P. for the Edgewater Project)**

175.   No response is required.

176.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

177.   Denied.

178.   Denied.

179.   Denied.

180.   Denied.

181.   Denied.

182.   Denied.

**Count 13**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Rothman Related to the Underwriting and Administration of Three Construction Loans to Corinthian Homes (Williams), L.P. for the Valley Ranch Project)**

183.   No response is required.

184.   The allegations address other parties, so no response is required.

185.   The allegations address other parties, so no response is required.

186.   The allegations address other parties, so no response is required.

187.   The allegations address other parties, so no response is required.

188.   The allegations address other parties, so no response is required.

189.   The allegations address other parties, so no response is required.

190.   The allegations address other parties, so no response is required.

ANSWER AND AFFIRMATIVE DEFENSES
                                          TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Count 14**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

**Shellem and Koon Related to the Underwriting and Administration of a Loan**

**to West Roseville Investors, L.P. for the Fiddyment Ranch Project)**

191.   No response is required.

192.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

193.   Denied.

194.   Denied.

195.   Denied.

196.   Denied.

197.   Denied.

198.   Denied.

**Count 15**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

**Shellem and Koon Related to the Underwriting and Administration of a Loan**

**to Villas Development Corp. and TBD LLC for the Bluff House/Anastasia**

**Shores Project)**

199.   No response is required.

200.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

201.   Denied.

202.   Denied.

203.   Denied.

204.   Denied.

205.   Denied.

206.   Denied.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

**Count 16**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

**Shellem and Koon Related to the Underwriting and Administration of a Loan**

**to Villas Development Corp. and TBD LLC for the Hawthorne Grande**

**Project)**

207.   No response is required.

208.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

209.   Denied.

210.   Denied.

211.   Denied.

212.   Denied.

213.   Denied.

214.   Denied.

**Count 17**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

**Shellem, and Koon Related to the Underwriting, Administration, Extension**

**and Modification of a Loan to Cambridge Homes, Inc. for the Vineyards**

**Project)**

215.   No response is required.

216.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

217.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

218.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

219.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

220.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

221.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

222.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

223.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

224.   To the extent this paragraph purports to quote a document, the document speaks for itself and no response is required.  Mr. Koon otherwise denies the allegations.

225.   Denied.

226.   Denied.

227.   Denied.

228.   Denied.

229.   Denied.

## Count 18

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Koon Related to the Underwriting, Administration, Extension and Modification of a Loan to Cambridge Homes, Inc. for the Mira Monte Project)

230.   No response is required.

231.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

232.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

233.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1    234.   Denied.  Mr. Koon lacks sufficient information regarding these
2    allegations.

3    235.   Denied.  Mr. Koon lacks sufficient information regarding these
4    allegations.

5    236.   Denied.  Mr. Koon lacks sufficient information regarding these
6    allegations.

7    237.   Denied.  Mr. Koon lacks sufficient information regarding these
8    allegations.

9    238.   Denied.  Mr. Koon lacks sufficient information regarding these
10   allegations.

11   239.   Denied.  Mr. Koon lacks sufficient information regarding these
12   allegations.

13   240.   Denied.  Mr. Koon lacks sufficient information regarding these
14   allegations.

15   241.   Denied.  Mr. Koon lacks sufficient information regarding these
16   allegations.  To the extent this paragraph purports to quote a document, the
17   document speaks for itself and no response is required.

18   242.   To the extent this paragraph purports to quote a document, the
19   document speaks for itself and no response is required.  Mr. Koon otherwise denies
20   the allegation.

21   243.   Denied.
22   244.   Denied.
23   245.   Denied.
24   246.   Denied.
25   247.   Denied.
26
27
28

ANSWER AND AFFIRMATIVE DEFENSES
                                                                 TO COMPLAINT

**Count 19**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

**Shellem and Rothman Related to the Underwriting, Administration, Extension**

**and Modification of a Loan to Lancaster-33rd Street L.P. for the Jamestown**

**Project)**

248.    The allegations address other parties, so no response is required.

249.    The allegations address other parties, so no response is required.

250.    The allegations address other parties, so no response is required.

251.    The allegations address other parties, so no response is required.

252.    The allegations address other parties, so no response is required.

253.    The allegations address other parties, so no response is required.

254.    The allegations address other parties, so no response is required.

255.    The allegations address other parties, so no response is required.

256.    The allegations address other parties, so no response is required.

257.    The allegations address other parties, so no response is required.

258.    The allegations address other parties, so no response is required.

259.    The allegations address other parties, so no response is required.

260.    The allegations address other parties, so no response is required.

261.    The allegations address other parties, so no response is required.

**Count 20**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

**Shellem, and Koon Related to the Underwriting, Administration, Extension**

**and Modification of a Loan to Darby Road 19, LLC for the Darby Road**

**Project**

262.    No response is required.

263.    Denied.  Mr. Koon lacks sufficient information regarding these

allegations.

-27-                        ANSWER AND AFFIRMATIVE DEFENSES
                                TO COMPLAINT

264.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

265.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

266.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

267.   Denied.

268.   Denied.

269.   Denied.

270.   Denied.

272.   Denied.

## Count 21

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Koon, and Shellem Related to the Underwriting, Administration, Extension and Modification of a Loan to Apple Valley Homes 26, LLC for the Apple Valley 26 Project)

273.   No response is required.

274.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

275.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

276.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

277.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

278.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

279.  Denied.  Mr. Koon lacks sufficient information regarding these allegations.

280.  Denied.

281.  Denied.

282.  Denied.

283.  Denied.

284.  Denied.

285.  Denied.

**Count 22**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting, Administration, Extension and Modification of a Loan to Apple Valley Homes 130, LLC for the Apple Valley 130 Project)**

286.  No response is required.

287.  Denied.  Mr. Koon lacks sufficient information regarding these allegations.

288.  Denied.  Mr. Koon lacks sufficient information regarding these allegations.

289.  Denied.  Mr. Koon lacks sufficient information regarding these allegations.

290.  Denied.  Mr. Koon lacks sufficient information regarding these allegations.

291.  Denied.  Mr. Koon lacks sufficient information regarding these allegations.

292.  Denied.

293.  Denied.

294.  Denied.

295.  Denied.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1    296.  Denied.

2    297.  Denied.

3                              **Count 23**

4    **(Claim for Negligence and Breach of Duty of Care Against Van Dellen and**

5    **Rothman Related to the Underwriting, Administration, Extension and**

6    **Modification of a Loan to Lancaster Fields 35, LLC for the Lancaster 35**

7                                **Project)**

8    298.  No response is required.

9    299.  The allegations address other parties, so no response is required.

10   300.  The allegations address other parties, so no response is required.

11   301.  The allegations address other parties, so no response is required.

12   302.  The allegations address other parties, so no response is required.

13   303.  The allegations address other parties, so no response is required.

14   304.  The allegations address other parties, so no response is required.

15   305.  The allegations address other parties, so no response is required.

16   306.  The allegations address other parties, so no response is required.

17   307.  The allegations address other parties, so no response is required.

18                              **Count 24**

19   **Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

20   **Shellem, and Koon Related to the Underwriting and Administration of a Loan**

21   **to Bordeaux St LLC for the Bordeaux Project)**

22   308.  No response is required.

23   309.  Denied.  Mr. Koon lacks sufficient information regarding these

24   allegations.

25   310.  Denied.

26   311.  Denied.

27   312.  Denied.

28   313.  Denied.

-30-                    ANSWER AND AFFIRMATIVE DEFENSES
                                    TO COMPLAINT

1     314.  Denied.

2     315.  Denied.

3

**Count 25**

4

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

5

**Shellem, and Koon Related to the Underwriting and Administration of a Loan**

6

**to Spring Lake Anaheim, LLC for the Spring Lake Project)**

7     316.  No response is required.

8     317.  Denied.  Mr. Koon lacks sufficient information regarding these

9 allegations.

10     318.  Denied.

11     319.  Denied.

12     320.  Denied.

13     321.  Denied.

14     322.  Denied.

15     323.  Denied.

16

**Count 26**

17

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

18

**Shellem, and Koon Related to the Underwriting and Administration of a Loan**

19

**to Reynen & Bardis (Quail Hollow), L.P. for the Quail Hollow Protect)**

20     324.  No response is required.

21     325.  Denied.  Mr. Koon lacks sufficient information regarding these

22 allegations.

23     326.  Denied.

24     327.  Denied.

25     328.  Denied.

26     329.  Denied.

27     330.  Denied.

28     331.  Denied.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>Count 27</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen,</u>**

**<u>Shellem, and Koon Related to the Underwriting and Administration of a Loan</u>**

**<u>to Reynen & Bardis (Oak Valley) L.P. for the Oak Valley Project)</u>**

332. No response is required.

333. Denied. Mr. Koon lacks sufficient information regarding these allegations.

334. Denied.

335. Denied.

336. Denied.

337. Denied.

338. Denied.

339. Denied.

**<u>Count 28</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen,</u>**

**<u>Shellem, and Koon Related to the Underwriting and Administration of Three</u>**

**<u>Loans to Reynen & Bardis Communities, Inc. for the Edgewater Unit 13 14 &</u>**

**<u>15 Project)</u>**

340. No response is required.

341. Denied. Mr. Koon lacks sufficient information regarding these allegations.

342. Denied.

343. Denied.

344. Denied.

345. Denied.

346. Denied.

347. Denied.

-32-

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

**Count 29**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

**Shellem and Rothman Related to the Underwriting and Administration of Two**

**Loans to Reynen & Bardis Communities, Inc. for the Arbors at Edgewater**

**Project)**

348.   The allegations address other parties, so no response is required.

349.   The allegations address other parties, so no response is required.

350.   The allegations address other parties, so no response is required.

351.   The allegations address other parties, so no response is required.

352.   The allegations address other parties, so no response is required.

353.   The allegations address other parties, so no response is required.

354.   The allegations address other parties, so no response is required.

355.   The allegations address other parties, so no response is required.

**Count 30**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

**Shellem and Rothman Related to the Underwriting and Administration of a**

**Loan to Riverpark Properties, LLC for the River Park at Dayton Project)**

356.   The allegations address other parties, so no response is required.

357.   The allegations address other parties, so no response is required.

358.   The allegations address other parties, so no response is required.

359.   The allegations address other parties, so no response is required.

360.   The allegations address other parties, so no response is required.

361.   The allegations address other parties, so no response is required.

362.   The allegations address other parties, so no response is required.

363.   The allegations address other parties, so no response is required.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1

**Count 31**

2

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

3

**Shellem, and Koon Related to the Underwriting and Administration of a Loan**

4

**to Reynen & Bardis (Spring Lake), L.P. for the Spring Lake Project)**

5

364.   No response is required.

6

365.   Denied.  Mr. Koon lacks sufficient information regarding these

7

allegations.

8

366.   Denied.

9

367.   Denied.

10

368.   Denied.

11

369.   Denied.

12

370.   Denied.

13

371.   Denied.

14

**Count 32**

15

**Claim for Negligence and Breach of Duty of Care Against All Defendants**

16

**Related to the Underwriting, Administration, Extension and Modification of a**

17

**Loan to Decal Custom Homes and Construction, Inc. for the Murray &**

18

**Jenkins Project)**

19

372.   No response is required.

20

373.   Denied.  Mr. Koon lacks sufficient information regarding these

21

allegations.

22

374.   Denied.  Mr. Koon lacks sufficient information regarding these

23

allegations.

24

375.   To the extent this paragraph purports to quote a document, the

25

document speaks for itself and no response is required.  Mr. Koon otherwise denies

26

the allegation.

27

376.   Denied.  Mr. Koon lacks sufficient information regarding these

28

allegations.

-34-

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

377.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

378.   Denied.

379.   Denied.

380.   Denied.

381.   Denied.

382.   Denied.

383.   Denied.

<u>**Count 33**</u>

<u>**(Claim for Negligence and Breach of Duty of Care Against All Defendants**</u>
<u>**Related to the Underwriting, Administration, Extension and Modification of a**</u>
<u>**Loan to Eagles Loft Condominium LLC for the Eagles Loft Condominiums**</u>
<u>**Project)**</u>

384.   No response is required.

385.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

386.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

387.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

388.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

389.   To the extent the paragraph purports to quote a document, no response is required.  Mr. Koon otherwise denies the allegation.

390.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

391.   To the extent the paragraph purports to quote a document, no response is required.  Mr. Koon otherwise denies the allegation.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

392.  Denied.

393.  Denied.

394.  Denied.

395.  Denied.

396.  Denied.

<u>**Count 34**</u>

<u>**(Claim for Negligence and Breach of Duty of Care Against All Defendants**</u>

<u>**Related to the Underwriting, Administration, Extension and Modification of**</u>

<u>**an A&D Loan to Joshua Ranch Development, Inc. for the Joshua Ranch**</u>

<u>**Project)**</u>

397.  To the extent the paragraph purports to quote a document, no response is required.  Mr. Koon otherwise denies the allegation.

398.  Denied.  Mr. Koon lacks sufficient information regarding these allegations.

399.  Denied.  Mr. Koon lacks sufficient information regarding these allegations.

400.  Denied.  Mr. Koon lacks sufficient information regarding these allegations.

401.  Denied.  Mr. Koon lacks sufficient information regarding these allegations.

402.  Denied.  Mr. Koon lacks sufficient information regarding these allegations.

403.  Denied.  Mr. Koon lacks sufficient information regarding these allegations.

404.  Denied.  Mr. Koon lacks sufficient information regarding these allegations.

405.  Denied.  Mr. Koon lacks sufficient information regarding these allegations.

-36-                    ANSWER AND AFFIRMATIVE DEFENSES
                                          TO COMPLAINT

1    406.   To the extent the paragraph purports to quote a document, no response

2    is required.  Mr. Koon otherwise denies the allegations.

3    407.   Denied.

4    408.   Denied.

5    409.   Denied.

6    410.   Denied.

7    411.   Denied.

8                              **Count 35**

9    **(Claim for Negligence and Breach of Duty of Care Against Van Dellen and**

10   **Rothman Related to the Underwriting, Administration, Extension and**

11   **Modification of a Construction Loan to Joshua Ranch Development, Inc. for**

12   **the Joshua Ranch Project)**

13   412.   No response is required.

14   413.   The allegations address other parties, so no response is required.

15   414.   The allegations address other parties, so no response is required.

16   415.   The allegations address other parties, so no response is required.

17   416.   The allegations address other parties, so no response is required.

18   417.   The allegations address other parties, so no response is required.

19   418.   The allegations address other parties, so no response is required.

20   419.   The allegations address other parties, so no response is required.

21   420.   The allegations address other parties, so no response is required.

22   421.   The allegations address other parties, so no response is required.

23   422.   The allegations address other parties, so no response is required.

24

25

26

27

28

ANSWER AND AFFIRMATIVE DEFENSES
                                        TO COMPLAINT

423.   The allegations address other parties, so no response is required.

**<u>Count 36</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen,</u>**

**<u>Shellem, and Koon Related to the Underwriting, Administration, Extension</u>**

**<u>and Modification of a Loan to Terrapin Group for The Regal (Regal Pointe)</u>**

**<u>Project)</u>**

424.   No response is required.

425.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

426.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

427.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

428.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

429.   To the extent this paragraph purports to quote a document, the document speaks for itself and no response is required.  Mr. Koon otherwise denies the allegations.

430.   Denied.

431.   Denied.

432.   Denied.

433.   Denied.

434.   Denied.

**<u>Count 37</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen,</u>**

**<u>Shellem, and Koon Related to the Underwriting, Administration, Extension</u>**

**<u>and Modification of a Loan to Neumann Homes for the Borrowing Base)</u>**

435.   No response is required.

-38-                           ANSWER AND AFFIRMATIVE DEFENSES
                                                  TO COMPLAINT

436.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

437.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

438.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

439.   To the extent this paragraph purports to quote a document, the document speaks for itself and no response is required.  Mr. Koon otherwise denies the allegations.

440.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

441.   To the extent this paragraph purports to quote a document, the document speaks for itself and no response is required.  Mr. Koon otherwise denies the allegations.

442.   Denied.

443.   Denied.

444.   Denied.

445.   Denied.

446.   Denied.

## Count 38

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting and Administration of a Loan to WL Homes, LLC for the Country Club Highlands Pro jet

447.   No response is required.

448.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

449.   Denied.

450.   Denied.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

451.   Denied.

452.   Denied.

453.   Denied.

454.   Denied.

**<u>Count 39</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen,</u>**

**<u>Shellem and Koon Related to the Underwriting and Administration of a Loan</u>**

**<u>to WL Willow Springs 346 Associates, LLC for the Oaks at Willow Springs</u>**

**<u>Project)</u>**

455.   No response is required.

456.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

457.   Denied.

458.   Denied.

459.   Denied.

460.   Denied.

461.   Denied.

462.   Denied.

**<u>Count 40</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen,</u>**

**<u>Shellem and Rothman Related to the Underwriting and Administration of a</u>**

**<u>Loan to WL Willow Springs 346 Associates, LLC for the Oaks at Willow</u>**

**<u>Springs Project)</u>**

463.   The allegations address other parties, so no response is required.

464.   The allegations address other parties, so no response is required.

465.   The allegations address other parties, so no response is required.

466.   The allegations address other parties, so no response is required.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

467.   These allegations call for a legal conclusion, so no response is required.  To the extent these allegations do not call for a legal conclusion, they are denied.

468.   The allegations address other parties, so no response is required.

469.   The allegations address other parties, so no response is required.

470.   The allegations address other parties, so no response is required.

**Count 41**

**(Claim for Negligence and Breach of Duty of Care Against All Defendants Related to the Underwriting, Administration Extension and Modification of a Loan to Northpark 19, LLC for the Northpark Project)**

471.   No response is required.

472.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

473.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

474.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

475.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

476.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

477.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

478.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

479.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

480.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

481.   Denied.

482.   Denied.

483.   Denied.

484.   Denied.

485.   Denied.

486.   Denied.

## Count 42

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Koon, and Shellem Related to the Underwriting, Administration, Extension and Modification of a Loan to Drake Development LLC for the Moreno Valle Ranchos Project**

487.   No response is required.

488.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

489.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

490.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

491.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

492.   Denied.

493.   Denied.

494.   Denied.

495.   Denied.

495.   Denied.

497.   Denied.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1

2

3

4

**Count 43**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

**Shellem and Koon Related to the Underwriting and Administration of a Loan**

**to LB/L Villa Racquet Club, LLC for the Racquet Club Villas Project)**

5       498.   No response is required.

6       499.   Denied.  Mr. Koon lacks sufficient information regarding these

7    allegations.

8       500.   Denied.

9       501.   Denied.

10      502.   Denied.

11      503.   Denied.

12      504.   Denied.

13      505.   Denied.

14

15

16

17

18

**Count 44**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

**Shellem and Koon Related to the Underwriting, Administration, Extension**

**and Modification of a Loan to Lafferty Visalia I, LLC for the Ashley Grove**

**Unit 13 Project)**

19      506.   No response is required.

20      507.   Denied.  Mr. Koon lacks sufficient information regarding these

21    allegations.

22      508.   Denied.  Mr. Koon lacks sufficient information regarding these

23    allegations.

24      509.   Denied.  Mr. Koon lacks sufficient information regarding these

25    allegations.

26      510.   Denied.

27      511.   Denied.

28      512.   Denied.

-43-                         ANSWER AND AFFIRMATIVE DEFENSES
                                          TO COMPLAINT

513. Denied.

514. Denied.

515. Denied.

## Count 45

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Lafferty Sanger I, LLC for the Olive Glen Project)

516. The allegations address other parties, so no response is required.

517. The allegations address other parties, so no response is required.

518. The allegations address other parties, so no response is required.

519. The allegations address other parties, so no response is required.

520. The allegations address other parties, so no response is required.

521. The allegations address other parties, so no response is required.

522. The allegations address other parties, so no response is required.

523. The allegations address other parties, so no response is required.

524. The allegations address other parties, so no response is required.

525. The allegations address other parties, so no response is required.

## Count 46

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting and Administration of a Loan to LB/L Pacer College Park PA 2, LLC for the College Park Project)

526. No response is required.

527. Denied. Mr. Koon lacks sufficient information regarding these allegations.

528. Denied.

529. Denied.

530. Denied.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

531.   Denied.

532.   Denied.

533.   Denied.

**Count 47**

**(Claim for Negligence and Breach of Duty of Care Against All Defendants**

**Related to the Underwriting, Administration, Extension and Modification of a**

**Loan to Adams Homes of Northwest Florida and Adams Homes LLC for a**

**Borrowing Base)**

534.   No response is required.

535.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

536.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

537.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

538.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

539.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

540.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

541.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

542.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

543.   Denied.

544.   Denied.

545.   Denied.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

546.   Denied.

547.   Denied.

548.   Denied.

## Count 48

## (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to 26th 305 & D 2420, LLC for the National City Condos Project)

549.   The allegations address other parties, so no response is required.

550.   The allegations address other parties, so no response is required.

551.   The allegations address other parties, so no response is required.

552.   The allegations address other parties, so no response is required.

553.   The allegations address other parties, so no response is required.

554.   The allegations address other parties, so no response is required.

555.   The allegations address other parties, so no response is required.

556.   The allegations address other parties, so no response is required.

557.   The allegations address other parties, so no response is required.

558.   The allegations address other parties, so no response is required.

559.   The allegations address other parties, so no response is required.

560.   The allegations address other parties, so no response is required.

561.   The allegations address other parties, so no response is required.

562.   The allegations address other parties, so no response is required.

563.   The allegations address other parties, so no response is required.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1                                  **Count 49**

2 **(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

3 **Shellem and Rothman Related to the Underwriting, Administration and**

4 **Renewal of a Loan to Integral Communities I for the MacArthur Place**

5                                  **Project)**

6       564.   The allegations address other parties, so no response is required.

7       565.   The allegations address other parties, so no response is required.

8       566.   The allegations address other parties, so no response is required.

9       567.   The allegations address other parties, so no response is required.

10      568.   The allegations address other parties, so no response is required.

11      569.   The allegations address other parties, so no response is required.

12      570.   The allegations address other parties, so no response is required.

13      571.   The allegations address other parties, so no response is required.

14

15                                    **Count 50**

16 **(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

17 **Shellem, and Koon Related to the Underwriting, Administration, Extension**

18 **and Modification of a Loan to Private Island Homes Cottonwood Creek, LLC**

19                **for the Cotton Wood Creek Estates Project)**

20      572.   No response is required.

21      573.   Denied.  Mr. Koon lacks sufficient information regarding these

22 allegations.

23      574.   Denied.  Mr. Koon lacks sufficient information regarding these

24 allegations.

25      575.   Denied.  Mr. Koon lacks sufficient information regarding these

26 allegations.

27      576.   Denied.  Mr. Koon lacks sufficient information regarding these

28 allegations.

       ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

577.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

578.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

579.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

580.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

581.   Denied.

582.   Denied.

583.   Denied.

584.   Denied.

585.   Denied.

586.   Denied.

## Count 51

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Dickerson Manor, LLC for the Dickerson Manor Project)

587.   The allegations address other parties, so no response is required.

588.   The allegations address other parties, so no response is required.

589.   The allegations address other parties, so no response is required.

590.   The allegations address other parties, so no response is required.

591.   The allegations address other parties, so no response is required.

592.   The allegations address other parties, so no response is required.

593.   The allegations address other parties, so no response is required.

594.   The allegations address other parties, so no response is required.

595.   The allegations address other parties, so no response is required.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

596.   The allegations address other parties, so no response is required.

597.   The allegations address other parties, so no response is required.

598.   The allegations address other parties, so no response is required.

**Count 52**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to MS Foothill LP for the Foothill 200 Project)**

599.   The allegations address other parties, so no response is required.

600.   The allegations address other parties, so no response is required.

601.   The allegations address other parties, so no response is required.

602.   The allegations address other parties, so no response is required.

603.   The allegations address other parties, so no response is required.

604.   The allegations address other parties, so no response is required.

605.   The allegations address other parties, so no response is required.

606.   The allegations address other parties, so no response is required.

607.   The allegations address other parties, so no response is required.

608.   The allegations address other parties, so no response is required.

609.   The allegations address other parties, so no response is required.

610.   The allegations address other parties, so no response is required.

**Response to Count 53**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen and Shellem Related to the Underwriting, Administration, Extension and Modification of a Loan to MS San Jose 6, LP for the San Jose 6 Project)**

611.   The allegations address other parties, so no response is required.

612.   The allegations address other parties, so no response is required.

613.   The allegations address other parties, so no response is required.

614.   The allegations address other parties, so no response is required.

615.   The allegations address other parties, so no response is required.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

616. The allegations address other parties, so no response is required.

617. The allegations address other parties, so no response is required.

618. The allegations address other parties, so no response is required.

619. The allegations address other parties, so no response is required.

620. The allegations address other parties, so no response is required.

621. The allegations address other parties, so no response is required.

## Count 54

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to S.K.Y. 21, LLC for the Section 21 Land Loan Project)

622. The allegations address other parties, so no response is required.

623. The allegations address other parties, so no response is required.

624. The allegations address other parties, so no response is required.

625. The allegations address other parties, so no response is required.

626. The allegations address other parties, so no response is required.

627. The allegations address other parties, so no response is required.

628. The allegations address other parties, so no response is required.

629. The allegations address other parties, so no response is required.

630. The allegations address other parties, so no response is required.

631. The allegations address other parties, so no response is required.

632. The allegations address other parties, so no response is required.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

**Count 55**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

**Shellem, and Rothman Related to the Underwriting, Administration,**

**Extension and Modification of a Loan to S&J Alfalfa for the Section 19**

**Project)**

633.   The allegations address other parties, so no response is required.

634.   The allegations address other parties, so no response is required.

635.   The allegations address other parties, so no response is required.

636.   The allegations address other parties, so no response is required.

637.   The allegations address other parties, so no response is required.

638.   The allegations address other parties, so no response is required.

639.   The allegations address other parties, so no response is required.

640.   The allegations address other parties, so no response is required.

641.   The allegations address other parties, so no response is required.

642.   The allegations address other parties, so no response is required.

643.   The allegations address other parties, so no response is required.

644.   The allegations address other parties, so no response is required.

**Count 56**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen and**

**Rothman Related to the Underwriting, Administration, Extension and**

**Modification of a Loan to Sycamore Villas Development, LLC for the Summer**

**Moon II Project)**

645.   The allegations address other parties, so no response is required.

646.   The allegations address other parties, so no response is required.

647.   The allegations address other parties, so no response is required.

648.   The allegations address other parties, so no response is required.

649.   The allegations address other parties, so no response is required.

650.   The allegations address other parties, so no response is required.

-51-                    ANSWER AND AFFIRMATIVE DEFENSES
                                    TO COMPLAINT

1    651.   The allegations address other parties, so no response is required.

2    652.   The allegations address other parties, so no response is required.

3    653.   The allegations address other parties, so no response is required.

4    654.   The allegations address other parties, so no response is required.

5    655.   The allegations address other parties, so no response is required.

6                        **Response to Count 57**

7    **(Claim for Negligence and Breach of Duty of Care Against Van Dellen,**

8    **Shellem, and Rothman Related to the Underwriting, Administration,**

9    **Extension and Modification of a Loan to PPC Westwood Country 3, LLC for**

10                **the Westwood Country Unit #3 (Inspirations) Project)**

11   656.   The allegations address other parties, so no response is required.

12   657.   The allegations address other parties, so no response is required.

13   658.   The allegations address other parties, so no response is required.

14   659.   The allegations address other parties, so no response is required.

15   660.   The allegations address other parties, so no response is required.

16   661.   The allegations address other parties, so no response is required.

17   662.   The allegations address other parties, so no response is required.

18   663.   The allegations address other parties, so no response is required.

19   664.   The allegations address other parties, so no response is required.

20   665.   The allegations address other parties, so no response is required.

21   666.   The allegations address other parties, so no response is required.

22   667.   The allegations address other parties, so no response is required.

23   668.   The allegations address other parties, so no response is required.

24

25

26

27

28

ANSWER AND AFFIRMATIVE DEFENSES
                                        TO COMPLAINT

**Count 58**

**Claim for Negligence and Breach of Duty of Care Against Van Dellen and**

**Rothman Related to the Underwriting, Administration, Extension and**

**Modification of a Loan to 2300 S. Michigan Development Group, LLC for the**

**Motor Row Project)**

669.   The allegations address other parties, so no response is required.

670.   The allegations address other parties, so no response is required.

671.   The allegations address other parties, so no response is required.

672.   The allegations address other parties, so no response is required.

673.   The allegations address other parties, so no response is required.

674.   The allegations address other parties, so no response is required.

675.   The allegations address other parties, so no response is required.

676.   The allegations address other parties, so no response is required.

677.   The allegations address other parties, so no response is required.

678.   The allegations address other parties, so no response is required.

679.   The allegations address other parties, so no response is required.

680.   The allegations address other parties, so no response is required.

681.   The allegations address other parties, so no response is required.

682.   The allegations address other parties, so no response is required.

683.   The allegations address other parties, so no response is required.

684.   The allegations address other parties, so no response is required.

685.   The allegations address other parties, so no response is required.

686.   The allegations address other parties, so no response is required.

**Count 59**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen and**

**Rothman Related to the Underwriting, Administration, Extension and**

**Modification of a Loan to PCG Savannah, LLC for the Savannah 76 Project)**

687.   The allegations address other parties, so no response is required.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

688.   The allegations address other parties, so no response is required.

689.   The allegations address other parties, so no response is required.

690.   The allegations address other parties, so no response is required.

691.   The allegations address other parties, so no response is required.

692.   The allegations address other parties, so no response is required.

693.   The allegations address other parties, so no response is required.

694.   The allegations address other parties, so no response is required.

695.   The allegations address other parties, so no response is required.

696.   The allegations address other parties, so no response is required.

697.   The allegations address other parties, so no response is required.

## Count 60

**(Claim for Negligence and Breach of Du of Care Against Van Dellen and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Dunmore Fullerton Ranch, LLC for the Whispering Oaks Project)**

698.   The allegations address other parties, so no response is required.

699.   The allegations address other parties, so no response is required.

700.   The allegations address other parties, so no response is required.

701.   The allegations address other parties, so no response is required.

702.   The allegations address other parties, so no response is required.

703.   The allegations address other parties, so no response is required.

704.   The allegations address other parties, so no response is required.

705.   The allegations address other parties, so no response is required.

706.   The allegations address other parties, so no response is required.

707.   The allegations address other parties, so no response is required.

708.   The allegations address other parties, so no response is required.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

**Count 61**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Dunmore Canterbury LLC/DHI for the Windsor Project)**

709.   The allegations address other parties, so no response is required.

710.   The allegations address other parties, so no response is required.

711.   The allegations address other parties, so no response is required.

712.   The allegations address other parties, so no response is required.

713.   The allegations address other parties, so no response is required.

714.   The allegations address other parties, so no response is required.

715.   The allegations address other parties, so no response is required.

716.   The allegations address other parties, so no response is required.

717.   The allegations address other parties, so no response is required.

718.   The allegations address other parties, so no response is required.

719.   The allegations address other parties, so no response is required.

**Count 62**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Angelo K. Tsakopoulos for the Mangini Ranch Project)**

720.   The allegations address other parties, so no response is required.

721.   The allegations address other parties, so no response is required.

722.   The allegations address other parties, so no response is required.

723.   The allegations address other parties, so no response is required.

724.   The allegations address other parties, so no response is required.

725.   The allegations address other parties, so no response is required.

726.   The allegations address other parties, so no response is required.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

727.   The allegations address other parties, so no response is required.

728.   The allegations address other parties, so no response is required.

729.   The allegations address other parties, so no response is required.

730.   The allegations address other parties, so no response is required.

731.   The allegations address other parties, so no response is required.

732.   The allegations address other parties, so no response is required.

733.   The allegations address other parties, so no response is required.

734.   The allegations address other parties, so no response is required.

## **Count 63**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Whittier Ranch Homes LLC for the Whittier Ranch Project)**

735.   The allegations address other parties, so no response is required.

736.   The allegations address other parties, so no response is required.

737.   The allegations address other parties, so no response is required.

738.   The allegations address other parties, so no response is required.

739.   The allegations address other parties, so no response is required.

740.   The allegations address other parties, so no response is required.

741.   The allegations address other parties, so no response is required.

742.   The allegations address other parties, so no response is required.

743.   The allegations address other parties, so no response is required.

744.   The allegations address other parties, so no response is required.

745.   The allegations address other parties, so no response is required.

746.   The allegations address other parties, so no response is required.

747.   The allegations address other parties, so no response is required.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

**Count 64**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen and Shellem Related to the Underwriting, Administration, Extension and Modification of a Loan to Aryana/Olive Grove Land Development, LLC for The Olive Project.**

748. The allegations address other parties, so no response is required.

749. The allegations address other parties, so no response is required.

750. The allegations address other parties, so no response is required.

751. The allegations address other parties, so no response is required.

752. The allegations address other parties, so no response is required.

753. The allegations address other parties, so no response is required.

754. The allegations address other parties, so no response is required.

755. The allegations address other parties, so no response is required.

756. The allegations address other parties, so no response is required.

757. The allegations address other parties, so no response is required.

758. The allegations address other parties, so no response is required.

759. The allegations address other parties, so no response is required.

760. The allegations address other parties, so no response is required.

761. The allegations address other parties, so no response is required.

762. The allegations address other parties, so no response is required.

**Count 65**

**(Claim for Negligence   and Breach of Duty of Care Against Van Dellen and Shellem Related to the Underwriting, Administration Extension and Modification of a Loan to Caymus Court, LLC for Caymus Court Project)**

763. The allegations address other parties, so no response is required.

764. The allegations address other parties, so no response is required.

765. The allegations address other parties, so no response is required.

766. The allegations address other parties, so no response is required.

ANSWER AND AFFIRMATIVE DEFENSES
                                          TO COMPLAINT

767.   The allegations address other parties, so no response is required.

768.   The allegations address other parties, so no response is required.

769.   The allegations address other parties, so no response is required.

770.   The allegations address other parties, so no response is required.

771.   The allegations address other parties, so no response is required.

**Count 66**

**(Claim for and Breach of Duty of Care Against Van Dellen and Shellem Related to the Underwriting, Administration, Extension and Modification of a Loan to Poplar Pointe, LLC for Poplar Pointe Project)**

772.   The allegations address other parties, so no response is required.

773.   The allegations address other parties, so no response is required.

774.   The allegations address other parties, so no response is required.

775.   The allegations address other parties, so no response is required.

776.   The allegations address other parties, so no response is required.

777.   The allegations address other parties, so no response is required.

778.   The allegations address other parties, so no response is required.

779.   The allegations address other parties, so no response is required.

780.   The allegations address other parties, so no response is required.

**Count 67**

**Claim for Negligence and Breach of Duty of Care Against Van Dellen Related to the Underwriting, Administration, Extension and Modification of a Loan to Paso Robles VII, LLC for Windmill Ranch Estates Project)**

781.   The allegations address other parties, so no response is required.

782.   The allegations address other parties, so no response is required.

783.   The allegations address other parties, so no response is required.

784.   The allegations address other parties, so no response is required.

785.   The allegations address other parties, so no response is required.

786.   The allegations address other parties, so no response is required.

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

787.   The allegations address other parties, so no response is required.

**Count 68**

**Claim for Negligence and Breach of Duty of Care Against All Defendants**

**Related to the Underwriting, Administration, Extension and Modification of**

**Loans Not Specifically Detailed as an Individual Count)**

788.   No response is required.

789.   Denied.  Mr. Koon lacks sufficient information regarding these allegations.

790.   Denied.

791.   Denied.

792.   Denied.

793.   Denied.

794.   Denied.

**VII.  RESPONSE TO PRAYER FOR RELIEF.**

Mr. Koon denies any basis exists to grant the relief requested by Plaintiffs.

**JURY DEMAND**

Mr. Koon joins in Plaintiff's request for a jury trial.

**VII.   AFFIRMATIVE DEFENSES.**

795.   Without undertaking any burden of proof not otherwise assigned by law, Mr. Koon asserts the following separate and affirmative defenses:

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1

## FIRST AFFIRMATIVE DEFENSE

2

(Statute of Limitations)

3     796.   Plaintiff's claims are barred in whole or in part by the applicable

4  statute of limitations.

5

## SECOND AFFIRMATIVE DEFENSE

6

(Failure to State a Claim)

7     797.   Plaintiff's claims are barred in whole or in part because the Complaint,

8  and each and every purported claim for relief alleged therein, fails to allege facts

9  sufficient to state a claim upon which relief can be granted against Mr. Koon.

10

## THIRD AFFIRMATIVE DEFENSE

11

(Vague and Uncertain)

12     798.   Plaintiff's claims are barred in whole or in part because the Complaint

13  fails to state the alleged claims with sufficient particularity to allow Mr. Koon to

14  respond with and to ascertain what other defenses may exist.

15

## FOURTH AFFIRMATIVE DEFENSE

16

(Unclean Hands)

17     799.   No relief may be obtained under the Complaint by reason of the

18  doctrine of unclean hands.

19

## FIFTH AFFIRMATIVE DEFENSE

20

(Discharge in Bankruptcy)

21     800.   Plaintiff's claims are barred in whole or in part because any loss is

22  subject to discharge in IndyMac's bankruptcy, In re IndyMac Bancorp., Inc., No.

23  2:08-bk-21752-BB (Bankr. C.D. Cal. July 31, 2008).

24

## SIXTH AFFIRMATIVE DEFENSE

25

(Estoppel – Claim Preclusion)

26     801.   Plaintiff's claims are barred in whole or in part because liability has

27  been found and damages have been awarded in collateral litigation, including in:

28

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

Order on Stipulation for Entry of Judgment, <u>IndyMac Venture, LLC v. Richard K.</u>
<u>Ashby</u>, CV 08-6694 RGK (CWx) (C.D. Cal. Jan. 15, 2010).

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

(Exercise of Duty of Care)

802.   Plaintiff's claims are barred in whole or in part because Mr. Koon at
no time acted negligently and at all time acted in accordance with the degree of care
that an ordinarily prudent and diligent person would exercise under similar
circumstances.

**<u>EIGHTH AFFIRMATIVE DEFENSE</u>**

(Business Judgment Rule)

803.   Plaintiff's claims are barred in whole or in part by California's
Business Judgment Rule and by such other rules of law and equity that insulate Mr.
Koon's good faith conduct from liability.

**<u>NINTH AFFIRMATIVE DEFENSE</u>**

(Lack of Proximate Cause)

804.   Plaintiff's claims are barred in whole or in part because no act or
omission by Mr. Koon was the cause in fact or the proximate cause of any damage
alleged by Plaintiff.

**<u>TENTH AFFIRMATIVE DEFENSE</u>**

(Intervening or Superseding Cause)

805.   Plaintiff's claims are barred in whole or in part because Plaintiff's
alleged damages, if any, were the result of one or more intervening or superseding
causes or caused by the acts and/or failures to act of persons and/or entities other
than Mr. Koon, and were not the result of any act or omission on the part Mr. Koon.

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1

## ELEVENTH AFFIRMATIVE DEFENSE

2

### (Proportionate Liability)

3    806.   Mr. Koon's liability, if any, is limited to his proportionate liability

4    based on his position within IndyMac, his lack of actual authority concerning the

5    policies and loans at issue, and his departure from HBD in about July 2006.

6

## TWELFTH AFFIRMATIVE DEFENSE

7

### (Comparative Negligence)

8    807.   Without admitting that Plaintiff suffered damages in any amount, or

9    that any other Defendant, person, or entity is or should be liable for any such

10   damages, Mr. Koon's liability, if any, should be reduce under the doctrine of

11   comparative negligence.

12

## THIRTEENTH AFFIRMATIVE DEFENSE

13

### (No Injury)

14   808.   Plaintiff's claims are barred in whole or in part because Plaintiff has

15   not sustained any cognizable injury.

16

## FOURTEENTH AFFIRMATIVE DEFENSE

17

### (Speculative Damages)

18   809.   Plaintiff's claims are barred in whole or in part because the alleged

19   damages, if any, are speculative.

20

## FIFTEENTH AFFIRMATIVE DEFENSE

21

### (Failure to Mitigate)

22   810.   Plaintiff's claims are barred in whole or in part because Plaintiff had a

23   duty to take reasonable action to minimize any damage allegedly sustained as a

24   result of the conduct alleged in the Complaint, and failed to comply with that duty,

25   and, therefore, is barred from recovering any damages that might have been

26   reasonably avoided.

27

28

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1

## SIXTEENTH AFFIRMATIVE DEFENSE

2

(Apportionment)

3    811.   Without admitting that Plaintiff suffered damages in any amount, or

4    that any other defendant, person, or entity is or should be liable for any such

5    damages, Mr. Koon's liability, if any, and that of any other responsible persons,

6    named or unnamed, should be apportioned according to their relative degrees of

7    fault, and any alleged liability of Mr. Koon should be reduced accordingly.

8

## SEVENTEENTH AFFIRMATIVE DEFENSE

9

(Reservation of Rights Under Fed. R. Civ. Proc. 19)

10    812.   Mr. Koon hereby reserves all rights under Rule 19 of the Federal Rules

11    of Civil Procedure, including without limitation all rights to move to join necessary

12    parties or to move to dismiss the Complaint for failure to join indispensible parties.

13

## EIGHTEENTH AFFIRMATIVE DEFENSE

14

(Reservation of Rights Under Fed. R. Civ. Proc. 14)

15    813.   Mr. Koon hereby reserves all rights under Rule 14 of the Federal Rules

16    of Civil Procedure, including without limitation all rights to file a Third-Party

17    Complaint.

18

## NINETEENTH AFFIRMATIVE DEFENSE

19

(Other Defenses)

20    814.   Mr. Koon hereby reserves and asserts all affirmative defenses

21    available under federal law and under any applicable state law.  Mr. Koon presently

22    has insufficient knowledge or information as to whether he may have other, as yet

23    unstated, affirmative defenses available.  Therefore, Mr. Koon reserves the right to

24    assert additional affirmative defenses in the event that discovery indicates that it

25    would be appropriate.  Additionally, Mr. Koon adopts by reference any applicable

26    defense asserted by any other defendant not expressly set forth herein to the extent

27    they may share that defense.

28

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT

1   **VIII.  MR. KOON'S PRAYER FOR RELIEF.**

2          **WHEREFORE**, Mr. Koon respectfully requests that this Court:

3        A.     Enter judgment in favor of Mr. Koon for each count of the Complaint

4   in which he is named;

5        B.     Award Mr. Koon his costs and expenses incurred in defending this

6   action; and

7        C.     Grant Mr. Koon such other and further relief as the Court deems just

8   and proper.

9

10

11   DATED:  August 9, 2010        KIRBY D. BEHRE

12                           JOHN S. DURRANT
                        PAUL, HASTINGS, JANOFSKY & WALKER

13                           LLP

14

15                           By:_____/s/  John S. Durrant_____
                                    JOHN S. DURRANT

16

17                           Attorney for Defendants
                        Kenneth Shellem and Richard Koon

18

19   LEGAL_US_E # 89159859.2

20

21

22

23

24

25

26

27

28

ANSWER AND AFFIRMATIVE DEFENSES
TO COMPLAINT