ROBERT L. CORBIN (State Bar No. 75445)
MICHAEL W. FITZGERALD (State Bar No. 127164)
JESSICA TULK (State Bar No. 266258)
CORBIN, FITZGERALD & ATHEY LLP
601 West Fifth Street, Suite 1150
Los Angeles, California 90071-2024
Tel: (213) 612-0001
Fax: (213) 612-0061
rlcorb@corbfitzlaw.com
mwfitz@corbfitzlaw.com
jtulk@corbfitzlaw.com

Attorneys for Defendant
SCOTT VAN DELLEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

|  |  |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> SCOTT VAN DELLEN, *et al.*, <br><br> Defendant. | Case No. CV 10-4915 DSF (SHx) <br> The Honorable Dale S. Fischer <br><br> **DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL** |

Corbin,
Fitzgerald &
Athey LLP

Defendant Scott Van Dellen, by his attorneys of record, hereby answers the Complaint.  The numbered paragraphs of the Answer correspond to the numbered paragraphs of the Complaint.

In responding to the allegations below, Van Dellen (i) incorporates into each response a denial of all allegations in the Complaint (including those outside the knowledge and information of Van Dellen) to the extent they assert or suggest that he was negligent or breached his fiduciary duties in any respect, or to the extent they assert any factual allegations that are inconsistent with or contrary to his actions; (ii) denies any averments in the headings and subheadings of the Complaint; and (iii) intends to respond only as to allegations directed at Van Dellen.  Defined terms used in this Answer shall have the meaning ascribed to them in the Complaint unless otherwise defined herein.

Van Dellen further responds to the specific allegations in the Complaint as follows:

## I.   BACKGROUND FACTS

1.  No response is required.  These allegations call for a legal conclusion.  To the extent a response is deemed required, denied.

2.  No response is required.  This paragraph contains no allegations.

3.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations and on that basis denies them.

4.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations and on that basis denies them.

5.  Van Dellen either denies the allegations or lacks knowledge and information sufficient to form a belief about the truth of the allegations and on that basis denies them.

6.  Van Dellen states that the allegations do not present a fair or complete description of HBD's management decisions, and on that basis, denies the allegations.

7.  No response is required.  This paragraph contains no allegations.

8.  Denied.  Van Dellen at all times acted in good faith, prudently, and in accordance with his duty of care.  He did not act negligently.

## II.    JURISDICTION AND VENUE

9.  No response is required.  These allegations call for a legal conclusion.

10.  No response is required.  These allegations call for a legal conclusion.

## III.    PARTIES

### A. Plaintiff.

11.  No response is required.  These allegations call for a legal conclusion.  To the extent a response is deemed required, denied.

12.  No response is required.  These allegations call for a legal conclusion.  To the extent a response is deemed required, denied.

### B.  Defendants.

13.  Van Dellen is a resident of the State of California and of the Central District of California.  Van Dellen joined Indymac in 2000 and served as the President and Chief Executive Officer of HBD from mid 2002 until the seizure of the Bank on July 11, 2008.  He also served as interim Chief Credit Officer ("CCO") of HBD from late 2006 until the seizure of the Bank, while a search took place for a permanent CCO. Van Dellen was a voting member of HBD's Management Loan Committee (sometimes also known as the "Junior Loan Committee") and its Executive Loan Committee (sometimes also known as the "Senior Loan Committee") during his tenure at HBD. Except as expressly admitted herein, Van Dellen denies these allegations.

14.  No response is required.  These allegations address other parties.

15.  No response is required.  These allegations address other parties.

16.  No response is required.  These allegations address other parties.

## IV.   GENERAL ALLEGATIONS OF FACTS RELATING TO CLAIMS FOR RELIEF

### A. Background of Indymac Bank, F.S.B. and Its Collapse.

17.  These allegations involve Indymac operations, not HBD operations.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations and on that basis denies them.

18.  These allegations involve Indymac operations, not HBD operations.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations and on that basis denies them.

19.  These allegations involve Indymac operations, not HBD operations.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations and on that basis denies them.

20.  These allegations involve Indymac operations, not HBD operations.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations and on that basis denies them.

21.  These allegations involve Indymac operations, not HBD operations.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations and on that basis denies them.

22.  These allegations involve Indymac operations, not HBD operations.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations and on that basis denies them.

23. These allegations involve Indymac operations, not HBD operations.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations and on that basis denies them.

### B.   The Organizational History of HBD.

24.  Van Dellen admits that HBD was the successor by name change of CLCA. Van Dellen admits that he was appointed head of the Specialty Products Division, of which HBD was a part.  On September 13, 2002, Van Dellen became President of

HBD and later assumed the title of CEO.  Except as expressly admitted herein, Van Dellen denies these allegations.

25.  Van Dellen arrived at HBD in 2002. Van Dellen states that the allegations do not present a fair or complete description of HBD, and on that basis, denies them. Except as expressly admitted herein, Van Dellen denies these allegations.

26.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations and on that basis denies them.  These allegations, in part, involve a time period prior to Van Dellen's arrival at HBD.  To the extent that this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

27.  Van Dellen admits that the quoted language appears in the document referenced and refers the Court to that document for the complete contents thereof . Van Dellen states that the allegations do not present a fair or complete description the strategy.  Except as expressly admitted herein, Van Dellen denies these allegations.

28.  Denied.  Van Dellen states that the allegations do not present a fair or complete description of HBD's credit department and the management of that department, and on that basis, denies the allegations.

29.  HBD was significantly reorganized in the middle of 2006.  Van Dellen admits that he created the Major Builders Group ("MBG") as a counterpart to the Professional Builders Group ("PBG").  Except as expressly admitted herein, Van Dellen denies these allegations.

30.  HBD was significantly reorganized in the middle of 2006.  Van Dellen admits that he proposed that Shellem remain as CCO for HBD with changes made in the duties of that position.  Van Dellen states that the allegations do not present a fair or complete description of Shellem's departure.  Except as expressly admitted herein, Van Dellen denies these allegations.

31.  Van Dellen denies that HBD's reorganization created a conflict of interest. Van Dellen states that the allegations do not present a fair or complete description of

HBD's reorganization, its credit department and the management of that department, and on that basis, denies the allegations.

32.  HBD decreased its loan production during 2007.  Van Dellen states that the allegations do not present a fair or complete description of HBD's reorganization. Except as expressly admitted herein, Van Dellen denies these allegations.

### C.    HBD Followed a High Risk Growth Strategy.

33.  Van Dellen admits that the quoted language appears in a 2004 presentation made to the OTS and refers the Court to that document for the complete contents thereof.    Van Dellen states that the allegations do not present a fair or complete description of HBD's strategy.  Except as expressly admitted herein, Van Dellen denies these allegations.

34.  Van Dellen admits that the quoted language appears in the referenced document and refers the Court to that document for the complete contents thereof. Except as expressly admitted herein, Van Dellen denies these allegations.

35.  Van Dellen admits that, at certain times, Perry forwarded him the referenced news articles, and other articles and materials, and refers the Court to the these materials for the complete contents thereof.  Except as expressly admitted herein, Van Dellen denies these allegations.

36.  Denied.

37.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

38.  HBD frequently discussed its underwriting practices with the Board, its regulators and outside consultants. To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.  Except as expressly admitted herein, Van Dellen denies these allegations.

39.  Van Dellen either denies the allegations or lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies

them.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

40.  Van Dellen admits that the quoted language appears in the referenced document and refers the Court to that document for the complete contents thereof.  Except as expressly admitted herein, Van Dellen denies these allegations.

41.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

42.  Van Dellen admits that the quoted language appears in the referenced document and refers the Court to that document for the complete contents thereof.  Van Dellen states that the allegations do not present a fair or complete description of the document.  Except as expressly admitted herein, Van Dellen denies these allegations.

43.  Van Dellen admits that the quoted language appears in a draft document summarizing HBD's strategic plan and refers the Court to that document for the complete contents thereof.  Van Dellen states that the allegations do not present a fair or complete description of the document.  Except as expressly admitted herein, Van Dellen denies these allegations.

**D.     HBD Followed a High Risk Underwriting Strategy.**

**1.     HBD violated its own credit policies.**

44.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

45.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

46.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

47.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

Corbin,
Fitzgerald &
Athey LLP

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

48.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

49.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

50.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

51.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

52.  Denied.

### 2.    HBD's consideration of loan applications was superficial and hasty.

53.  Van Dellen admits that the CAM was supposed to contain all information relevant to the consideration of a loan application.  Van Dellen states that the allegations do not present a fair or complete description of the CAM or the process for reviewing that document, and on that basis, denies them.  Except as expressly admitted herein, Van Dellen denies these allegations.

54.  Van Dellen admits that he knew of Perry's "Flamingo Rule."  Van Dellen states that the allegations do not present a fair or complete description of loan approvals and loan committee discussions.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.  Except as expressly admitted herein, Van Dellen denies these allegations.

55.  Van Dellen states that the allegations do not present a fair or complete description of loan committee discussions, and on that basis, denies them.

### 3.    HBD's credit matrix led to poor underwriting decisions.

56.  In late 2003 or early 2004, HBD implemented a credit risk matrix scoring methodology.  Van Dellen states that the allegations do not present a fair or complete

Corbin, Fitzgerald & Athey LLP

description of the methodology.  Except as expressly admitted herein, Van Dellen denies these allegations.

57.  Van Dellen states that the allegations do not present a fair or complete description of the credit risk matrix scoring methodology, and on that basis, denies them.

58.  Van Dellen admits that the quoted language appears in a presentation prepared in Q4 2006 and refers the Court to that document for the complete contents thereof.  Van Dellen states that the allegations do not present a fair or complete description of that presentation.  Except as expressly admitted herein, Van Dellen denies these allegations.

59.  The credit risk matrix was used to assign credit scores and grades to loan applications.  Van Dellen states that the allegations do not present a fair or complete description of the credit risk matrix scoring methodology or ROE targets.  Except as expressly admitted herein, Van Dellen denies these allegations.

60.  Denied.  Van Dellen states that the allegations distort the facts and do not present a fair or complete description of the credit risk matrix scoring methodology, and on that basis, denies them.

### 4.       HBD's compensation of officers encouraged risky loans.

61.  Van Dellen states that the allegations do not present a fair or complete description of the HBD's compensation of its account officers, and on that basis, denies them.

62.  Van Dellen states that the allegations do not present a fair or complete description of the HBD's compensation of its account officers, and on that basis, denies them.

63.  Van Dellen states that the allegations do not present a fair or complete description of the HBD's compensation of its account officers, and on that basis, denies them.

Corbin, Fitzgerald & Athey LLP

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

64.  Van Dellen states that the allegations do not present a fair or complete description of the HBD's compensation of its account officers, and on that basis, denies them.

### 5.  Indymac recognized HBD's flaws.

65.  Van Dellen denies that the allegations do not present a fair or complete description of the upper management discussions, reports and conclusions regarding HBD, and on that basis denies each allegation in this paragraph.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

66.  Van Dellen admits that the quoted language regarding the significance of Mr. Koon's departure appears in the document referenced and refers the Court to that document for the complete contents thereof.  Van Dellen states that the allegations do not present a fair or complete description of the document.  Van Dellen also states that the allegations do not present a fair or complete description of Mr. Perry's complete opinion or approval of HBD practices.  Except as expressly admitted herein, Van Dellen denies these allegations.

### 6.  Summary

67.  No response is required.  These allegations call for a legal conclusion.  To the extent a response is deemed required, denied.

### V.  DEFENDANTS' DUTIES TO INDYMAC

68.  No response is required.  These allegations call for a legal conclusion.  To the extent a response is deemed required, denied.

### VI.  CLAIMS FOR RELIEF

### A.  Count Based on Allegations That Loan Production at HBD Should Have been Reduced or Eliminated No Later than Early 2006.

### <u>Count 1</u>

### <u>(Claim for Negligence and Breach of Duty of Care Against All Defendants)</u>

69.  No response is required.

9

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

70.  Denied.

71.  Denied.

72.  Denied. To the extent that this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

73.  Denied.

74.  Denied.

**B.      Counts Based on Allegations Related to The Loans Made by HBD in the Fiesta Development, Inc. Borrower Relationship.**

<u>**Count 2**</u>

<u>**(Claim for Negligence and Breach of Duty of Care Against All Defendants Related to the Underwriting, Administration, Extension and Modification of a Loan to Fiesta Development, Inc. for the Country View Estates (Model Homes) Project)**</u>

75.  No response is required.

76.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

77.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

78.  Denied.

79.  Denied.

80.  Denied.

81.  Denied.

82.  Denied.

<u>**Count 3**</u>

10

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem,**

**and Koon Related to the Underwriting, Administration, Extension and**

**Modification of a Loan to Fiesta Development, Inc. for the Area Drainage Plan**

**("ADP") Project)**

83.  No response is required.

84.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

85.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

86.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

87.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

88.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

89.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

90.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

91.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

92.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

93.  Denied.

94.  Denied.

95.  Denied.

96.  Denied.

97.  Denied.

Corbin,
Fitzgerald &
Athey LLP

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

98.  Denied.

## Count 4

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Fiesta Development, Inc. for Country View Estates – Phases 6&7)

99.  No response is required.

100.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

101.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

102.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

103.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

104.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

105.  Denied.

106.  Denied.

107.  Denied.

108.  Denied.

109.  Denied.

110.  Denied.

**C.**     **Count Based on Allegations Related to the Loan Made By HBD in the**

12

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

**Main Street Partners, Inc. Borrower Relationship.**

**Count 5**

**(Claim for Negligence and Breach of Duty of Care Against All Defendants Related to the Underwriting, Administration, Extension and Modification of a Loan to Lake Mathews Venture, LLC for the Lake Mathews Golf and Country Club Project)**

111. No response required.

112. Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

**D.     Counts Based on Allegations Related to the Loan Made By HBD in the Pinn Brothers Borrower Relationship.**

**Count 6**

**(Claim for Negligence and Breach of Duty of Care Against All Defendants Related to the Underwriting, Administration, Extension and Modification of a Loan to PBP Limited Partnership for the Brentwood/Palmilla Project)**

119. No response is required.

120. Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

13

125.  Denied.

126.  Denied.

## Count 7

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Koon Related to Underwriting and Administration of a Loan to Bay Colony Investors II, Inc. for the Portola Road Project)

127.  No response is required.

128.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

129.  Denied.

130.  Denied.

131.  Denied.

132.  Denied.

133.  Denied.

134.  Denied.

**E.**     **Count Based on Allegations Related to the Loan Made By HBD in the Ralph Giannella Borrower Relationship.**

## Count 8

### (Claim for Negligence and Breach of Duty of Care Against All Defendants Related to the Underwriting, Administration, Renewal, Extension and Modification of a Loan to North Coastal, LLC for the Woodland Townhouse (Phase 2) Project)

135.  No response is required.

136.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

137.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

Corbin,
Fitzgerald &
Athey LLP

14

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

138.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

139.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

140.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

141.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

142.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

143.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

144.  Denied.

145.  Denied.

146.  Denied.

147.  Denied.

148.  Denied.

149.  Denied.

150.  Denied.

**F.    Counts Based on Allegations Related to the Loan Made By HBD in the Corinthian Homes Borrower Relationship.**

**<u>Count 9</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting and Administration of a Loan to RKB Communities (The Greens), L.P. for the Crest & Greens Project)</u>**

151.  No response is required.

152.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

15

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

## Count 10

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting and Administration of a Loan to Corinthian Homes (Anatolia), L.P. for the Anatolia Project)

159. No response is required.

160. Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

## Count 11

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting and Administration of an Acquisition & Development Loan to Corinthian Homes (Williams), L.P. for the Valley Ranch Project)

167. No response is required.

168. Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

169. Denied.

Corbin,
Fitzgerald &
Athey LLP

170.  Denied.

171.  Denied.

172.  Denied.

173.  Denied.

174.  Denied.

## Count 12

## (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting and Administration of Two Construction Loans to Corinthian Homes (Edgewater), L.P. for the Edgewater Project)

175.  No response is required.

176.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

177.  Denied.

178.  Denied.

179.  Denied.

180.  Denied.

181.  Denied.

182.  Denied.

## Count 13

## (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Rothman Related to the Underwriting and Administration of Three Construction Loans to Corinthian Homes (Williams), L.P. for the Valley Ranch Project)

183.  No response is required.

184.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

185.  Denied.

186.  Denied.

Corbin,
Fitzgerald &
Athey LLP

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

187.  Denied.

188.  Denied.

189.  Denied.

190.  Denied.

**G.      Count Based on Allegations Related to the Loan Made By HBD in the Christopherson Homes Borrower Relationship.**

**<u>Count 14</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting and Administration of a Loan to West Roseville Investors, L.P. for the Fiddyment Ranch Project)</u>**

191.  No response is required.

192.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

193.  Denied.

194.  Denied.

195.  Denied.

196.  Denied.

197.  Denied.

198.  Denied.

**H.      Counts Based on Allegations Related to the Loans Made by HBD in the Dr. Gansean Visvabharathy ("Dr. Vish") Borrower Relationship.**

**<u>Count 15</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting and Administration of a Loan to Villas Development Corp. and TBD LLC for the Bluff House/Anastasia Shores Project)</u>**

199.  No response is required.

200.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

Corbin,
Fitzgerald &
Athey LLP

201. Denied.

202. Denied.

203. Denied.

204. Denied.

205. Denied.

206. Denied.

## Count 16

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting and Administration of a Loan to Villas Development Corp. and TBD LLC for the Hawthorne Grande Project)**

207. No response is required.

208. Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

209. Denied.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

**I.     Counts Based on Allegations Related to the Loans Made By HBD in the Cambridge Homes Borrower Relationship.**

## Count 17

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting, Administration, Extension and Modification of a Loan to Cambridge Homes, Inc. for the Vineyards Project)**

215. No response is required.

216. Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

Corbin,
Fitzgerald &
Athey LLP

19

217.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

218.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

219.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

220.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

221.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

222.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

223.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

224.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

225.  Denied.

226.  Denied.

227.  Denied.

228.  Denied.

229.  Denied.

## Count 18

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting, Administration, Extension and Modification of a Loan to Cambridge Homes, Inc. for the Mira Monte Project)

230.  No response is required.

Corbin,
Fitzgerald &
Athey LLP

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

231.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

232.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

233.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

234.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

235.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

236.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

237.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

238.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

239.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

240.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

241.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

242.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

21

Corbin,
Fitzgerald &
Athey LLP

243.  Denied.

244.  Denied.

245.  Denied.

246.  Denied.

247.  Denied.

## Count 19

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Lancaster-33rd Street L.P. for the Jamestown Project)

248.  No Response is required.

249.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

250.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

251.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

252.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

253.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

254.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

255.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

256.  Denied.  To the extent that this paragraph purports to quote a document, Rothman respectfully refers the Court to that document for a description of its contents.

257.  Denied.

Corbin, Fitzgerald & Athey LLP

22

258.  No response is required.  These allegations call for a legal conclusion.  To the extent a response is deemed required, denied.

259.  Denied.

260.  Denied.

261.  Denied.

**J.      Counts Based on Allegations Related to the Loans Made by HBD in the McComic Consolidated, Inc. Borrower Relationship.**

**<u>Count 20</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting, Administration, Extension and Modification of a Loan to Darby Road 19, LLC for the Darby Road Project)</u>**

262.  No response is required.

263.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

264.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

265.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

266.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

267.  Denied.

268.  Denied.

269.  Denied.

270.  Denied.

271.  Denied.

272.  Denied.

Corbin,
Fitzgerald &
Athey LLP

23

## Count 21

## (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Koon, and Shellem Related to the Underwriting, Administration, Extension and Modification of a Loan to Apple Valley Homes 26, LLC for the Apple Valley 26 Project)

273.  No response is required.

274.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

275.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

276.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

277.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

278.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

279.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

280.  Denied.

281.  Denied.

282.  Denied.

283.  Denied.

284.  Denied.

285.  Denied.

Corbin,
Fitzgerald &
Athey LLP

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

## Count 22

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting, Administration, Extension and Modification of a Loan to Apple Valley Homes 130, LLC for the Apple Valley 130 Project)

286.  No response is required.

287.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

288.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

289.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

290.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

291.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

292.  Denied.

293.  Denied.

294.  Denied.

295.  Denied.

296.  Denied.

297.  Denied.

## Count 23

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Lancaster Fields 35, LLC for the Lancaster 35 Project)

298.  No response is required.

Corbin,
Fitzgerald &
Athey LLP

299.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

300.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

301.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

302.  Denied.

303.  Denied.

304.  Denied.

305.  Denied.

306.  Denied.

307.  Denied.

**K.     Counts Based on Allegations Related to the Loans Made By HBD in the Prosperity Real Estate Investors, Inc. Borrower Relationship.**

**Count 24**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Koon Related to the Underwriting and Administration of a Loan to Bordeaux SB, LLC for the Bordeaux Project)**

308.  No response is required.

309.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

310.  Denied.

311.  Denied.

312.  Denied.

313.  Denied.

314.  Denied.

315.  Denied.

Corbin,
Fitzgerald &
Athey LLP

26

### Count 25

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Koon Related to the Underwriting and Administration of a Loan to Spring Lake Anaheim, LLC for the Spring Lake Project)

316.  No response is required.

317.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

318.  Denied.

319.  Denied.

320.  Denied.

321.  Denied.

322.  Denied.

323.  Denied.

**L.     Counts Based on Allegations Related to the Loans Made By HBD in the Reynen & Bardis Borrower Relationship.**

### Count 26

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Koon Related to the Underwriting and Administration of a Loan to Reynen & Bardis (Quail Hallow), L.P. for the Quail Hollow Project)

324.  No response is required.

325.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

326.  Denied.

327.  Denied.

328.  Denied.

329.  Denied.

330.  Denied.

Corbin,
Fitzgerald &
Athey LLP

331.  Denied.

## Count 26

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Koon Related to the Underwriting and Administration of a Loan to Reynen & Bardis (Quail Hallow), L.P. for the Quail Hollow Project)**

324.  No response is required.

325.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

326.  Denied.

327.  Denied.

328.  Denied.

329.  Denied.

330.  Denied.

331.  Denied.

## Count 27

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Koon Related to the Underwriting and Administration of a Loan to Reynen & Bardis (Oak Valley) L.P. for the Oak Valley Project)**

332.  No response is required.

333.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

334.  Denied.

335.  Denied.

336.  Denied.

337.  Denied.

338.  Denied.

339.  Denied.

Corbin,
Fitzgerald &
Athey LLP

**Count 28**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Koon Related to the Underwriting and Administration of Three Loans to Reynen & Bardis Communities, Inc. for the Edgewater Unit 13, 14 & 15 Project)**

340.  No response is required.

341.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

342.  Denied.

343.  Denied.

344.  Denied.

345.  Denied.

346.  Denied.

347.  Denied.

**Count 29**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Rothman Related to the Underwriting and Administration of Two Loans to Reynen & Bardis Communities, Inc. for the Arbors at Edgewater Project)**

348.  No response is required.

349.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

350.  Denied.

351.  Denied.

352.  Denied.

353.  Denied.

354.  Denied.

355.  Denied.

29

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

## Count 30

## (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Rothman Related to the Underwriting and Administration of a Loan to Riverpark Properties, LLC for the River Park at Dayton Project)

356.  No response is required.

357.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

358.  Denied.

359.  Denied.

360.  Denied.

361.  Denied.

362.  Denied.

363.  Denied.

## Count 31

## (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Koon Related to the Underwriting and Administration of a Loan to Reynen & Bardis (Spring Lake), L.P. for the Spring Lake Project)

364.  No response is required.

365.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

366.  Denied.

367.  Denied.

369.  Denied.

370.  Denied.

371.  Denied.

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

Corbin,
Fitzgerald &
Athey LLP

**M.    Counts Based on Allegations Related to the Loans Made By HBD in the Decal Custom Homes and Construction, Inc. Borrower Relationship.**

**Count 32**

**(Claim for Negligence and Breach of Duty of Care Against All Defendants Related to the Underwriting, Administration, Extension and Modification of a Loan to Decal Custom Homes and Construction, Inc. for the Murray & Jenkins Project)**

372.  No response is required.

373.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

374.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

375.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

376.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

377.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

378.  Denied.

379.  Denied.

380.  Denied.

381.  Denied.

382.  Denied.

383.  Denied.

31

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

## **Count 33**

**(Claim for Negligence and Breach of Duty of Care Against All Defendants Related to the Underwriting, Administration, Extension and Modification of a Loan to Eagles Loft Condominium LLC for the Eagles Loft Condominiums Project)**

384.  No response is required.

385.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

386.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

387.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

388.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

389.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

390.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

391.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

392.  Denied

393.  Denied.

394.  Denied.

395.  Denied.

396.  Denied.

Corbin, Fitzgerald & Athey LLP

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

**N.     Counts Based on Allegations Related to the Loans Made by HBD in the J.P Eliopulos Enterprises, Inc. Borrower Relationship.**

**Count 34**

**(Claim for Negligence and Breach of Duty of Care Against All Defendants Related to the Underwriting, Administration, Extension and Modification of an A&D Loan to Joshua Ranch Development, Inc. for the Joshua Ranch Project)**

397.  No response is required.

398.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

399.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

400.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

401.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

402. Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

403.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

404.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

405.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

406.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

407.  Denied.

408.  Denied.

409.  Denied.

Corbin, Fitzgerald & Athey LLP

410.  Denied.

411.  Denied.

## Count 35

## (Claim for Negligence and Breach of Duty of Care Against Van Dellen and Rothman Related to the Underwriting, Administration, Extension and Modification of a Construction Loan to Joshua Ranch Development, Inc. for the Joshua Ranch Project)

412.  No response is required.

413.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

414.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

415.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

416.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

417.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

418.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

419.  Denied.

420.  Denied.

421.  Denied.

422.  Denied.

423.  Denied.

Corbin,
Fitzgerald &
Athey LLP

**O.**   **Count Based on Allegations Related to the Loan Made By HBD in the Terrapin Group Borrower Relationship.**

**Count 36**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Koon Related to the Underwriting, Administration, Extension and Modification of a Loan to Terrapin Group for The Regal (Regal Pointe) Project)**

424.  No response required.

425.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

426.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

427.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

428.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

429.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

430.  Denied.

431.  Denied.

432.  Denied.

433.  Denied.

434.  Denied.

Corbin,
Fitzgerald &
Athey LLP

35

**P.     Count Based on Allegations Related to the Loan Made by HBD in the Neumann Homes Borrower Relationship.**

<u>**Count 37**</u>

<u>**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Koon Related to the Underwriting, Administration, Extension and Modification of a Loan to Neumann Homes for the Borrowing Base)**</u>

435.  No response is required.

436.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

437.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

438.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

439.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

440.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

441.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

442.  Denied.

443.  Denied.

444.  Denied.

445.  Denied.

446.  Denied.

Corbin, Fitzgerald & Athey LLP

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

**Q.     Counts Based on Allegations Related to the Loan Made by HBD in the WL Homes, LLC Borrower Relationship.**

<u>**Count 38**</u>

<u>**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Koon Related to the Underwriting and Administration of a Loan to WL Homes LLC for the Country Club Highlands Project)**</u>

447.  No response is required.

448.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

449.  Denied.

450.  Denied.

451.  Denied.

452.  Denied.

453.  Denied.

454.  Denied.

<u>**Count 39**</u>

<u>**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Koon Related to the Underwriting and Administration of a Loan to WL Willow Springs 346 Associates, LLC for the Oaks at Willow Springs Project)**</u>

455.  No response is required.

456.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

457.  Denied.

458.  Denied.

459.  Denied.

460.  Denied.

461.  Denied.

462.  Denied.

Corbin, Fitzgerald & Athey LLP

**Count 40**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Rothman Related to the Underwriting and Administration of a Loan to WL Willow Springs 346 Associates, LLC for the Oaks at Willow Springs Project)**

463.  No response is required.

464.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

465.  Denied.

466.  Denied.

467.  Denied.

468.  Denied.

469.  Denied

470.  Denied.

**R.     Counts Based on Allegations Related to the Loans Made By HBD in the Drake Development, LLC Borrower Relationship.**

**Count 41**

**(Claim for Negligence and Breach of Duty of Care Against All Defendants Related to the Underwriting, Administration, Extension and Modification of a Loan to Northpark 19, LLC for the Northpark Project)**

471.   No response is required.

472.   Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

473.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

474.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

475.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

38

Corbin,
Fitzgerald &
Athey LLP

476.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

477.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

478.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

479.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

480.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

481.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

482.  Denied.

483.  Denied.

484.  Denied.

485.  Denied.

486.  Denied.

## Count 42

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Koon, and Shellem Related to the Underwriting, Administration, Extension and Modification of a Loan to Drake Development, LLC for the Moreno Valley Ranchos Project)

487.  No response is required.

488.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

489.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

Corbin,
Fitzgerald &
Athey LLP

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

490.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

491.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

492.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

493.  Denied.

494.  Denied.

495.  Denied.

496.  Denied.

497.  Denied.

**S.      Count Based on Allegations Related to the Loan Made By HBD in the Villa Development, LLC Borrower Relationship.**

**<u>Count 43</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting and Administration of a Loan to LB/L Villa Racquet Club, LLC for the Racquet Club Villas Project)</u>**

498.  No response is required.

499.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

500.  Denied.

501.  Denied.

502.  Denied.

503.  Denied.

504.  Denied.

505.  Denied.

Corbin,
Fitzgerald &
Athey LLP

**T.**     **Counts Based on Allegations Related to the Loans Made By HBD in the Lafferty Homes, Inc. Borrower Relationship.**

## Count 44

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting, Administration, Extension and Modification of a Loan to Lafferty Visalia I, LLC for the Ashley Grove Unit 13 Project)**

506.  No response is required.

507.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

508.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

509.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

510.  Denied.

511.  Denied.

512.  Denied.

513.  Denied.

514.  Denied.

515.  Denied.

## Count 45

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Lafferty Sanger I, LLC for the Olive Glen Project)**

516.  No Response is required.

517.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

Corbin, Fitzgerald & Athey LLP

518.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

519.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

520.  Denied.

521.  Denied.

522.  Denied.

523.  Denied.

524.  Denied.

525.  Denied.

**U.**     **Count Based on Allegations Related to the Loan Made By HBD in the Pacer Communities, Inc. Borrower Relationship.**

**<u>Count 46</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem and Koon Related to the Underwriting and Administration of a Loan to LB/L Pacer College Park PA 2, LLC for the College Park Project)</u>**

526.  No response is required.

527.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

528.  Denied.

529.  Denied.

530.  Denied.

531.  Denied.

532.  Denied.

533.  Denied.

Corbin,
Fitzgerald &
Athey LLP

## V.   Count Based on Allegations Related to the Loan Made By HBD in the Adams Homes Borrower Relationship.

### Count 47

### (Claim for Negligence and Breach of Duty of Care Against All Defendants Related to the Underwriting, Administration, Extension and Modification of a Loan to Adams Homes of Northwest Florida and Adams Homes LLC for a Borrowing Base)

534.  No response is required.

535.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

536.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

537.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

538.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

539.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

540.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

541.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

542.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

543.  Denied.

544.  Denied.

545.  Denied.

546.  Denied.

43

Corbin,
Fitzgerald &
Athey LLP

547.  Denied.

548.  Denied.

**W.      Count Based on Allegations Related to the Loan Made By HBD in the Maisel Presley Borrower Relationship.**

**<u>Count 48</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to 26<u>th</u> 305 & D 2420, LLC for the National City Condos Project)</u>**

549.  No response is required.

550.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

551.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

552.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

553.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

554.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

555.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

556.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

557.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

558.  Denied.

559.  Denied.

Corbin,
Fitzgerald &
Athey LLP

44

560.  Denied.

561.  Denied.

562.  Denied.

563.  Denied.

**X.     Count Based on Allegations Related to the Loan Made By HBD in the Integral Partners Borrower Relationship.**

**<u>Count 49</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Rothman Related to the Underwriting, Administration and Renewal of a Loan to Integral Communities I for the MacArthur Place Project)</u>**

564.  No response is required.

565.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

566.  Denied.

567.  Denied.

568.  Denied.

569.  Denied.

570.  Denied.

571.  Denied.

**Y.     Count Based on Allegations Related to the Loan Made By HBD in the Private Island Homes, LLC Borrower Relationship.**

**<u>Count 50</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Koon Related to the Underwriting, Administration, Extension and Modification of a Loan to Private Island Homes Cottonwood Creek, LLC for the Cotton Wood Creek Estates Project)</u>**

572.  No response is required.

573.  Van Dellen lacks knowledge and information sufficient to form a belief

45

Corbin,
Fitzgerald &
Athey LLP

about the truth of the allegations, and on that basis, denies them.

574. Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

575. Van Dellen lacks knowledge and information sufficient to form belief about the truth of the allegations, and on that basis, denies them.

576. Van Dellen lacks knowledge and information sufficient to form belief about the truth of the allegations, and on that basis, denies them.

577. Van Dellen lacks knowledge and information sufficient to form belief about the truth of the allegations, and on that basis, denies them.

578. Van Dellen lacks knowledge and information sufficient to form belief about the truth of the allegations, and on that basis, denies them.

579. Van Dellen lacks knowledge and information sufficient to form belief about the truth of the allegations, and on that basis, denies them.

580. Van Dellen lacks knowledge and information sufficient to form belief about the truth of the allegations, and on that basis, denies them.

581. Denied.

582. Denied.

583. Denied.

584. Denied.

585. Denied.

586. Denied.

Corbin,
Fitzgerald &
Athey LLP

46

**Z.      Counts Based on Allegations Related to the Loans Made By HBD in the MWH Development Corp. Borrower Relationship.**

**Count 51**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Dickerson Manor, LLC for the Dickerson Manor Project)**

587.  No response is required.

588.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

589.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

590.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

591.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

592.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

593.  Denied.

594.  Denied.

595.  Denied.

596.  Denied.

597.  Denied.

598.  Denied.

Corbin,
Fitzgerald &
Athey LLP

47

## Count 52

## (Claim for Negligence and Breach of Duty of Care Against Van Dellen and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to MS Foothill LP for the Foothill 200 Project)

599.  No response is required.

600.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

601.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

602.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

603.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

604.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

605.  Denied.

606.  Denied.

607.  Denied.

608.  Denied.

609.  Denied.

610.  Denied.

## Count 53

## (Claim for Negligence and Breach of Duty of Care Against Van Dellen and Shellem Related to the Underwriting, Administration, Extension and Modification of a Loan to MS San Jose 6, LP for the San Jose 6 Project)

611.  No response required.

612.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

48

Corbin,
Fitzgerald &
Athey LLP

613.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

614.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

615.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

616.  Denied.

617.  Denied.

618.  Denied.

619.  Denied.

620.  Denied.

621.  Denied.

**AA.   Counts Based on Allegations Related to the Loans Made By HBD in The Mountain View Bravo Borrower Relationship.**

**Count 54**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to S.K.Y. 21, LLC for the Section 21 Land Loan Project)**

622.  No response is required.

623.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

624.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

625.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

626.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

627.  Denied.

49

628.  Denied.

629.  Denied.

630.  Denied.

631.  Denied.

632.  Denied.

### Count 55

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to S&J Alfalfa for the Section 19 Project)

633.  No response is required.

634.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

635.   Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

636.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

637.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

638.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

639.  Denied.

640.  Denied.

641.  Denied.

642.  Denied.

643.  Denied.

644.  Denied.

Corbin,
Fitzgerald &
Athey LLP

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

## Count 56

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Sycamore Villas Development, LLC for the Summer Moon II Project)

645.  No response is required.

646.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

647.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

648.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

649.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

650.  Denied.

651.  Denied.

652.  Denied.

653.  Denied.

654.  Denied.

655.  Denied.

**BB.   Count Based on Allegations Related to the Loan Made By HBD in the Pacific Pride Communities Borrower Relationship.**

## Count 57

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen, Shellem, and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to PPC Westwood Country 3, LLC for the Westwood Country Unit #3  (Inspirations) Project)

656.  No response is required.

Corbin,
Fitzgerald &
Athey LLP

657.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

658.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

659.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

660.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

661.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

662.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

663.  Denied.

664.  Denied.

665.  Denied.

666.  Denied.

667.  Denied.

668.  Denied.

**CC.   Count Based on Allegations Related to the Loan Made By HBD in the Rokas International Borrower Relationship.**

<u>**Count 58**</u>

<u>**(Claim for Negligence and Breach of Duty of Care Against Van Dellen and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to 2300 S. Michigan Development Group, LLC for the Motor Row Project)**</u>

669.  No response is required.

670.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

52

671.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

672.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

673.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

674.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

675.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

676.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

677.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

678.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

679.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

680.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

681.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

682.  Denied.

683.  Denied.

684.  Denied.

685.  Denied.

686.  Denied.

Corbin, Fitzgerald & Athey LLP

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

### DD.   Count Based on Allegations Related to the Loan Made By HBD in the Pacific Century Homes Borrower Relationship.

### Count 59

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to PCG Savannah, LLC for the Savannah 76 Project)

687.  No response is required.

688.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

689.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

690.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

691.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

692.  Denied.

693.  Denied.

694.  Denied.

695.  Denied.

696.  Denied.

697.  Denied.

Corbin,
Fitzgerald &
Athey LLP

54

## EE.   Counts Based on Allegations Related to the Loan Made By HBD in the Dunmore Homes Borrower Relationship.

### Count 60

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Dunmore Fullerton Ranch, LLC for the Whispering Oaks Project)

698.  No response is required.

699.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

700.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

701.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

702.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

703.  Denied.

704.  Denied.

705.  Denied.

706.  Denied.

707.  Denied.

708.  Denied.

### Count 61

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Dunmore Canterbury LLC/DHI for the Windsor Project)

709.  No response is required.

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

710.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

711.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

712.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

713.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

714.  Denied.

715.  Denied.

716.  Denied.

717.  Denied.

718.  Denied.

719.  Denied.

**FF.   Count Based on Allegations Related to the Loan Made By HBD in the AKT Development Borrower Relationship.**

**<u>Count 62</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Angelo K. Tsakopoulos for the Mangini Ranch Project)</u>**

720.  No Response is required.

721.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

722.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

723.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

Corbin,
Fitzgerald &
Athey LLP

724.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

725.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

726.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

727.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

728.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

729.  Denied.  To the extent this paragraph purports to quote a document, Van Dellen respectfully refers the Court to that document for a description of its contents.

730.  Denied.

731.  Denied.

732.  Denied.

733.  Denied.

734.  Denied.

**GG.   Count Based on Allegations Related to the Loan Made By HBD in the Alpine Real Property Borrower Relationship.**

**<u>Count 63</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen and Rothman Related to the Underwriting, Administration, Extension and Modification of a Loan to Whittier Ranch Homes LLC for the Whittier Ranch Project)</u>**

735.  No response is required.

736.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

Corbin, Fitzgerald & Athey LLP

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

737.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

738.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

739.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

740.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

741.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

742.  Denied.

743.  Denied.

744.  Denied.

745.  Denied.

746.  Denied.

747.  Denied.

**HH.  Count Based on Allegations Related to the Loan Made By HBD via PBG in the Shavand Aryana and James Braswell Borrower Relationship.**

**<u>Count 64</u>**

**<u>(Claim for Negligence and Breach of Duty of Care Against Van Dellen and Shellem Related to the Underwriting, Administration, Extension and Modification of a Loan to Aryana/Olive Grove Land Development, LLC for the Olive Project)</u>**

748.  No response is required.

749.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

Corbin,
Fitzgerald &
Athey LLP

750.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

751.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

752.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

753.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

754.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

755.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

756.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

757.  Denied.

758.  Denied.

759.  Denied.

760.  Denied.

761.  Denied.

762.  Denied.

**II.      Counts Based on Allegations Related to the Loans Made By HBD via PBG in the John Gates Borrower Relationship.**

**Count 65**

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen and Shellem Related to the Underwriting, Administration, Extension and Modification of a Loan to Caymus Court, LLC for Caymus Court Project)**

763.  No response is required.

Corbin, Fitzgerald & Athey LLP

764.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

765.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

766.  Denied.

767.  Denied.

768.  Denied.

769.  Denied.

770.  Denied.

771.  Denied.

### Count 66

### (Claim for Negligence and Breach of Duty of Care Against Van Dellen and Shellem Related to the Underwriting, Administration, Extension and Modification of a Loan to Poplar Pointe, LLC for Poplar Pointe Project)

772.  No response is required.

773.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

774.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

775.  Denied.

776.  Denied.

777.  Denied.

778.  Denied.

779.  Denied.

780.  Denied.

Corbin,
Fitzgerald &
Athey LLP

60

### Count 67

**(Claim for Negligence and Breach of Duty of Care Against Van Dellen Related to the Underwriting, Administration, Extension and Modification of a Loan to Paso Robles VII, LLC for Windmill Ranch Estates Project)**

781.  No response is required.

782.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

783.  Denied.

784.  Denied.

785.  Denied.

786.  Denied.

787.  Denied.

**JJ.   Count Based on Other Loans Resulting in Loss.**

### Count 68

**(Claim for Negligence and Breach of Duty of Care Against All Defendants Related to the Underwriting, Administration, Extension and Modification of Loans Not Specifically Detailed as Individual Counts)**

788.  No response is required.

789.  Van Dellen lacks knowledge and information sufficient to form a belief about the truth of the allegations, and on that basis, denies them.

790.  Denied.

791.  Denied.

792.  Denied.

793.  Denied.

794.  Denied.

### AFFIRMATIVE DEFENSES

795.  Without undertaking any burden of proof not otherwise assigned by law, Van Dellen asserts the following separate and affirmative defenses:

61

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

796.  Plaintiff's claims are barred in whole or in part because the Complaint, and each and every purported claim for relief alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted against Van Dellen.

## SECOND AFFIRMATIVE DEFENSE

### (Vague and Uncertain)

797.  Plaintiff's claims are barred in whole or in part because the Complaint fails to state the alleged claims with sufficient particularity to allow Van Dellen to respond with and to ascertain what other defenses may exist.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands)

798.  No relief may be obtained under Complaint by reason of the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Discharge in Bankruptcy)

799.  Plaintiff's claims are barred in whole or in part because any loss is subject to discharge in Indymac's bankruptcy, *In re Indymac Bancorp., Inc*., No. 2:08-bk-21752-BB (Bankr. C.D. Cal. July 31, 2008).

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel- Claim Preclusion)

800.  Plaintiff's claims are barred in whole or in part because liability has been found and damages have been awarded in collateral litigation, including Order on Stipulation for Entry of Judgment, *Indymac Venture, LLC v. Richard K. Ashby*, No. CV-08-6694 RGK (CWx) (C.D. Cal. Jan 15, 2010).

## SIXTH AFFIRMATIVE DEFENSE

### (Exercise of Duty of Care)

801.  Plaintiff's claims are barred in whole or in part because Van Dellen at no time acted negligently and at all times acted in accordance with the degree of care that an ordinarily prudent and diligent person would exercise under similar circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

### (Business Judgment Rule)

802.  Plaintiff's claims are barred in whole or in part by California's Business Judgment Rule and by such other rules of law and equity that insulate Van Dellen's good faith conduct from liability.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

803.  Plaintiff's claims are barred in whole or in part because no act or omission by Van Dellen was the cause in fact or the proximate cause of any damage alleged by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (Intervening or Superseding Cause)

804.  Plaintiff's claims are barred in whole or in part because Plaintiff's alleged damages, if any, were the result of one or more intervening or superseding causes or caused by the acts and/or failures to act of persons and/or entities other than Van Dellen, and were not the result of any act or omission on the part of Van Dellen.

## TENTH AFFIRMATIVE DEFENSE

### (Proportionate Liability)

805.  Van Dellen's liability, if any, is limited to his proportionate liability based on his position within Indymac.

Corbin,
Fitzgerald &
Athey LLP

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

## ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

806.  Without admitting that Plaintiff suffered damages in any amount, or that any other defendant, person, or entity is or should be liable for any such damages, Van Dellen's liability, if any, should be reduced under the doctrine of comparative negligence.

## TWELFTH AFFIRMATIVE DEFENSE

### (Reliance on Employees)

807.  This action is barred, in whole or in part, because Van Dellen reasonably relied on information, opinions, reports and statements presented by Indymac officers and employees whom Van Dellen actually and reasonably believed to be reliable and competent in the matters presented.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Reasonable Grounds)

808.  This action is barred, in whole or in part, because Van Dellen, after reasonable investigation, had reasonable grounds to believe and did believe that the loans were underwritten properly and that there were no major issues with the credit characteristics of the loans.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reliance on Experts)

809.  This action is barred, in whole or in part, because Van Dellen reasonably relied on information, opinions, reports, and statements presented by experts whom Van Dellen reasonably believed to be reliable in the matters presented.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Good Faith/No Culpable Participation)

810.  The claims brought against Van Dellen are barred, in whole or in part, because Van Dellen acted in good faith and/or did not, directly or indirectly, culpably

Corbin,
Fitzgerald &
Athey LLP

participate in the actionable acts, if any, of any other person or entity, or induce any of the acts alleged to give rise to any of Plaintiff's alleged claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Ratification)

811. This action is barred, in whole or in part, by the doctrine of ratification.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(No Duplicative Recovery)

812. Recovery in this action is barred, in whole or in part, to the extent recovery is had in another lawsuit or other proceeding.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations/Repose)

813. The action is barred, in whole or in part, by the applicable statutes of limitations and/or of repose.

### NINETEENTH AFFIRMATIVE DEFENSE

(Laches)

814. This action is barred, in whole or in part, by the doctrine of laches.

### TWENTIETH AFFIRMATIVE DEFENSE

(No Injury)

815. Plaintiff's claims are barred in whole or in part because Plaintiff has not sustained any cognizable damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Speculative Damages)

816. Plaintiff's claims are barred in whole or in part because the alleged damages, if any, are speculative.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Failure to Mitigate)

817. Plaintiff's claims are barred in whole or in part because Plaintiff had a duty to take reasonable action to minimize any damage allegedly sustained as a result of the

Corbin,
Fitzgerald &
Athey LLP

conduct alleged in the Complaint, and failed to comply with that duty, and, therefore, is barred from recovery of any damages that might have been reasonably avoided.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Apportionment)

818.  Without admitting that Plaintiff suffered damages in any amount, or that any other defendant, person, or entity is or should be liable for any such damages, Van Dellen's liability, if any, and that of any other responsible persons, named or unnamed, should be apportioned according to their relative degrees of fault, and any alleged liability of Van Dellen should be reduced accordingly.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Other Defenses)

819.  Van Dellen hereby reserves and asserts all affirmative defenses available under federal law and under any applicable state law.  Van Dellen presently has insufficient knowledge or information as to whether he may have other, as yet unstated, affirmative defenses in the event that discovery indicates that it would be appropriate.  Additionally, Van Dellen adopts by reference any applicable defense asserted by any other defendant not expressly set forth herein to the extent they may share that defense.

### PRAYER FOR RELIEF

WHEREFORE, Van Dellen prays as follows:

A.  That Plaintiff takes nothing by way of its Complaint;

B.  That judgment be rendered in favor of Van Dellen;

C.  That Van Dellen be awarded his costs of suit incurred in the defense of this action, including reasonable attorneys' fees; and

Corbin,
Fitzgerald &
Athey LLP

D.  For such other and further relief as the Court deems just and proper.

Dated: September 7, 2010.

Respectfully submitted,

CORBIN, FITZGERALD & ATHEY LLP

By: _____/s/_____
              Michael W. Fitzgerald
Attorneys for Defendant
Scott Van Dellen

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT

Corbin,
Fitzgerald &
Athey LLP

# **DEMAND FOR JURY TRIAL**

Defendant Scott Van Dellen, by his attorneys of record, hereby demands a jury trial, pursuant to Rule 38(b)(1) of the Federal Rules of Civil Procedure.

Dated: September 7, 2010.

Respectfully submitted,

CORBIN, FITZGERALD & ATHEY LLP


By: _____/s/_____
        Michael W. Fitzgerald
Attorneys for Defendant
Scott Van Dellen

DEFENDANT SCOTT VAN DELLEN'S ANSWER TO COMPLAINT