1  KIRBY D. BEHRE (*pro hac vice*)
   E-mail:  kirbybehre@paulhastings.com
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   875 15th Street, N.W.
3  Washington, DC  20005
   Telephone:  (202) 551-1719
4  Facsimile:  (202) 551-1709

5  JOHN S. DURRANT (SB# 217345)
   johndurrant@paulhastings.com
6  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   515 S. Flower Street, 25th Floor
7  Los Angeles, CA 90071
   Telephone:  (213) 683-6144
8  Facsimile:  (213) 996-3144

9  Attorneys for Defendants
   RICHARD KOON and KENNETH SHELLEM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> vs. <br><br> SCOTT VAN DELLEN, et al., <br><br> Defendants. | CASE NO. CV 10-4915 DSF (SHx) <br><br> **NOTICE OF MOTION AND MOTION TO CONTINUE DEADLINE FOR ADDING PARTIES; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF KIRBY D. BEHRE IN SUPPORT THEREOF** <br><br> [PROPOSED] ORDER LODGED CONCURRENTLY <br><br> Date: July 25, 2011 <br> Time: 1:30 PM <br> Place: Courtroom 840 <br> Judge: Hon. Dale S. Fischer |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE** that on 1:30 p.m. on July 25, 2011, or at such other time or date as may be ordered by the Court, before the Honorable Dale S. Fischer in Courtroom 840 of the United States District Court for the Central District of California, located at 312 N. Spring Street, Los Angeles, California, Defendants Richard Koon and Kenneth Shellem will and hereby do move this Court for an Order continuing the deadline for adding parties to this case from June 22, 2011 to October 20, 2011.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the accompanying Declaration of Kirby D. Behre, all other papers and orders filed in this action, and on such other and further arguments, authorities, and evidence as the Court may permit in relation to this Motion.

This Motion is made following conference of counsel on May 12 and June 16, 2011 pursuant to Local Rule 7-3.

DATED: June 21, 2011

KIRBY D. BEHRE
JOHN S. DURRANT
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ John S. Durrant
John S. Durrant

Attorney for Defendants
RICHARD KOON and
KENNETH SHELLEM

LEGAL_US_E # 93661556.2

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Richard Koon and Kenneth Shellem ("Defendants"), through undersigned counsel, respectfully request that the Court continue the deadline for adding parties to this case, currently set for June 22, 2011 by the Court's February 28, 2011 Order Re Jury Trial ("Order"). (*See* D.E. 47). In further support of their Motion, Defendants state as follows:

1. Recent developments in major efforts to settle this case and a dozen other suits and investigations regarding the failure of IndyMac Bank, and Defendants' desire to conserve insurance assets for use in any settlement, are the basis for this motion.

2. This suit was filed on July 2, 2010. (*See* D.E. 1). Soon thereafter, in September 2010, Retired Judge Daniel Weinstein, in his capacity as mediator of the approximately a dozen disputes involving Indymac, requested that the parties not engage in discovery or any other significant activity pending mediation sessions, in order to preserve insurance proceeds. The parties, including the FDIC, agreed to this stand-down.

3. Three mediation sessions have been held, in September 2010, October 2011, and January 2011. The parties have made substantial progress toward resolution, but several significant hurdles remain before a global settlement can be reached. Developments in the mediation over the past few months gave Defendants significant hope that a settlement would be reached.

4. The FDIC's Complaint is 308 pages long and consists of 68 counts seeking recovery of approximately $500 million in losses allegedly caused by Defendants' negligence in underwriting and administering loans. (*See* D. E. 1 at ¶ 5). Underscoring the complexity of this case – and the great expense that protracted litigation will involve – is the fact that the FDIC claims the trial will take

approximately 50 court days, and the FDIC has identified more than 275 witnesses who may testify in this case. (*See* D.E. 44 at 2-3, Ex. B).

5. During witness interviews last week, defense counsel learned for the first time that the FDIC had deposition transcripts for some of the 275 witnesses that have not yet been provided to Defendants pursuant to outstanding discovery requests.

6. To date, neither party has conducted any depositions, and written discovery has been very limited. The parties have not engaged in full-blown discovery to date to conserve insurance proceeds that would be used to fund the settlement and to honor Judge Weinstein's request that the parties stand down pending mediation.

7. The Court's Order requires the parties to add parties and amend any pleadings by June 22, 2011. (*See* D.E. 47 at 1). The Order was issued following submission of the parties' Updated Joint Rule 26(F) Report and Proposed Discovery Plan. (*See* D.E. 44).

8. In light of the Court's Order and the dates set therein, Defendants have concluded that they can no longer wait to mount an active defense. While mediation efforts are on-going, significant hurdles remain. The parties are discussing an aggressive deposition schedule over the next several months.

9. In order to assess whether additional parties should be added to this case, a significant amount of additional discovery must be conducted. Defendants seek to be very cautious in making a determination to add parties because such a decision would result in a significant further depletion of insurance assets by Defendants and by counsel to any parties who are added. Instead of simply adding parties by June 22, 2011, Defendants merely seek more time to make that important decision.

10. Specifically, Defendants request an additional 120 days, until October 20, 2011, to add additional parties. Since trial is not scheduled to commence until

-4-

NOTICE OF MOT. & MOT. TO CONTINUE DEADLINE FOR ADDING PARTIES

1  September 22, 2012, this extension of time is reasonable and will not prejudice the
2  FDIC.
3      11.    On June 16, defense counsel exchanged numerous emails with counsel
4  to the FDIC discussing the need to extend the deadline for adding parties and
5  seeking their agreement.  Counsel to the FDIC would not agree to mutually extend
6  the deadline.  Undersigned counsel is located in Washington, D.C. and has been
7  traveling on business over the past two weeks and was unable to meet with FDIC's
8  counsel in person regarding this matter.  Accordingly, Defendants have met and
9  conferred in compliance with Local Rule 7-3.
10      12.    Also in compliance with Local Rule 7-3, Michael W. Fitzgerald,
11  counsel to defendant Scott Van Dellen, met and conferred with counsel to the FDIC
12  in person on May 12, 2011 and again on June 16, 2011.  Defendant Van Dellen
13  intends to file a motion to join this Motion.
14      13.    Despite defense counsel's numerous attempts to resolve this matter
15  amicably, counsel to the FDIC continues to oppose this request to extend the
16  deadline for adding parties in this case.  Therefore, defense counsel is forced to
17  bring this matter before the Court for resolution.

19      WHEREFORE, Defendants hereby request that the Court grant this
20  Motion to Continue Deadline for Adding Parties.

| | |
|---|---|
| DATED:  June 21, 2011 | KIRBY D. BEHRE<br>JOHN S. DURRANT<br>PAUL, HASTINGS, JANOFSKY & WALKER LLP<br><br>By:  /s/ John S. Durrant<br>       John S. Durrant<br><br>Attorney for Defendants<br>RICHARD KOON and<br>KENNETH SHELLEM |

## DECLARATION OF KIRBY D. BEHRE

I, Kirby D. Behre, do declare and state as follows:

1. I am an attorney with the law firm of Paul, Hastings, Janofsky & Walker LLP, the attorneys of record for Defendants Richard Koon and Kenneth Shellem in this action, and am admitted before this Court *pro hac vice*. Except as otherwise indicated, I have personal knowledge of the facts set forth in this Declaration and, if called upon to do so, could and would testify competently thereto.

2. This suit was filed on July 2, 2010. (*See* D.E. 1). Soon thereafter, in September 2010, Retired Judge Daniel Weinstein, in his capacity as mediator of the approximately a dozen disputes involving Indymac, requested that the parties not engage in discovery or any other significant activity pending mediation sessions, in order to preserve insurance proceeds. The parties, including the FDIC, agreed to this stand-down.

3. Three mediation sessions have been held, in September 2010, October 201, and January 2011. The parties have made substantial progress toward resolution, but several significant hurdles remain before a global settlement can be reached. Developments in the mediation over the past few months gave Defendants significant hope that a settlement would be reached.

4. The FDIC's Complaint is 308 pages long and consists of 68 counts seeking recovery of approximately $500 million in losses allegedly caused by Defendants' negligence in underwriting and administering loans. (*See* D. E. 1 at ¶ 5). Underscoring the complexity of this case – and the great expense that protracted litigation will involve – is the fact that the FDIC claims the trial will take approximately 50 court days, and the FDIC has identified more than 275 witnesses who may testify in this case. (*See* D.E. 44 at 2-3, Ex. B).

5. During witness interviews last week, defense counsel learned for the first time that the FDIC had deposition transcripts for some of the 275 witnesses

1  that have not yet been provided to Defendants pursuant to outstanding discovery
2  requests.
3     6.   To date, neither party has conducted any depositions, and written
4  discovery has been very limited.  The parties have not engaged in full-blown
5  discovery to date to conserve insurance proceeds that would be used to fund the
6  settlement and to honor Judge Weinstein's request that the parties stand down
7  pending mediation.
8     7.   The Court's Order requires the parties to add parties and amend any
9  pleadings by June 22, 2011.  (*See* D.E. 47 at 1).  The Order was issued following
10 submission of the parties' Updated Joint Rule 26(F) Report and Proposed
11 Discovery Plan.  (*See* D.E. 44).
12    8.   On June 16, defense counsel exchanged numerous emails with counsel
13 to the FDIC discussing the need to extend the deadline for adding parties and
14 seeking their agreement.  Counsel to the FDIC would not agree to mutually extend
15 the deadline.  Undersigned counsel is located in Washington, D.C. and has been
16 traveling on business over the past two weeks and was unable to meet with FDIC's
17 counsel in person regarding this matter.

19    I declare under penalty of perjury under the laws of the United States
20 that the foregoing is true and correct.  Executed this 21st day of June 2011, at
21 Washington, D.C.

/s/
_____
Kirby D. Behre