1  KIRBY D. BEHRE (*pro hac vice*)
   E-mail:  kirbybehre@paulhastings.com
2  PAUL HASTINGS LLP
   875 15th Street, N.W.
3  Washington, DC  20005
   Telephone:  (202) 551-1719
4  Facsimile:  (202) 551-1709

5  Attorneys for Defendants
   RICHARD KOON and KENNETH SHELLEM
6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  FEDERAL DEPOSIT INSURANCE          CASE NO. CV 10-4915 DSF (SHX)
    CORPORATION, AS RECEIVER
12  FOR INDYMAC BANK, F.S.B.,          **DEFENDANTS KENNETH**
                                       **SHELLEM AND RICHARD**
13                 Plaintiff,          **KOON'S OPPOSITION TO**
                                       **PLAINTIFF FEDERAL DEPOSIT**
14          vs.                        **INSURANCE CORPORATION'S**
                                       **MOTION FOR PARTIAL**
15  SCOTT VAN DELLEN, et al.,          **JUDGMENT ON THE PLEADINGS;**
                                       **MEMORANDUM OF POINTS AND**
16                 Defendants.         **AUTHORITIES**

17

18                                     **[Declaration Of Kirby D. Behre in**
                                       **Opposition to Motion for Partial Judgment**
19                                     **on the Pleadings Filed Concurrently]**

20                                     Date:       September 19, 2011
                                       Time:       1:30 PM
21                                     Place:      Courtroom 840
                                       Judge:      Hon. Dale S. Fischer
22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................ 1

ARGUMENT ...................................................................................................... 2

I. THE GOVERNMENT'S MOTION DOES NOT SATISFY THE
REQUIREMENTS OF RULE 12(C) ...................................................... 2

    A. Motions for Judgment on the Pleadings Are Disfavored, and
May Not Be Granted If Valid Affirmative Defenses Are
Asserted .......................................................................................... 2

    B. The Government's Rule 12(c) Motion Fails to Meet the High
Standard Set Forth by the Federal Rules ....................................... 4

II. THE GOVERNMENT IS NOT ENTITLED TO JUDGMENT AS A
MATTER OF LAW ON THE BUSINESS JUDGMENT RULE ............ 5

    A. Under the Internal Affairs Doctrine, Delaware Law Governs and
Insulates Corporate Officers' Conduct ......................................... 5

        1. Because IndyMac was incorporated in Delaware,
California law dictates that the Delaware Business
Judgment Rule Applies ....................................................... 6

        2. Delaware law implicitly provides business judgment rule
protection to Defendants as corporate officers ................... 7

    B. Even if California Law Were to Apply, Defendants Have a
Good Faith Basis for Pleading the Business Judgment Rule as an
Affirmative Defense ....................................................................... 9

        1. The California business judgment rule applies to
corporate officers ................................................................ 9

        2. At most, California law is unclear whether the California
business judgment rule extends to corporate officers ...... 11

III. THE GOVERNMENT IS NOT ENTITLED TO JUDGMENT AS A
MATTER OF LAW ON THE EXERCISE OF DUE CARE ................. 13

IV. THE GOVERNMENT IS NOT ENTITLED TO JUDGMENT AS A
MATTER OF LAW ON THE AFFIRMATIVE DEFENSES OF
FAILURE TO MITIGATE AND UNCLEAN HANDS ....................... 13

    A. The FDIC Cannot Bring a Claim of Negligence and Then Claim
to be Cloaked in Immunity from All Defenses ............................ 13

    B. The "No Duty" Rule Does Not Shield the FDIC from Liability,
Either as Receiver or Regulator ................................................... 15

    C. The Federal Tort Claims Act Does Not Insulate the FDIC From
Affirmative Defenses ................................................................... 17

        1. The discretionary function exception does not bar
Defendants' equitable affirmative defenses ..................... 17

        2. FIRREA's discretionary provisions do not insulate the
FDIC from equitable affirmative defenses ....................... 19

# TABLE OF CONTENTS
## (continued)

Page

       3.    Supreme Court precedent prohibits displacing state law claims with federal common law to insulate the FDIC ........... 20

V. THE GOVERNMENT IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE AFFIRMATIVE DEFENSE OF VAGUE AND UNCERTAIN ........................................................................ 22

VI. THE GOVERNMENT IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE AFFIRMATIVE DEFENSE OF RULE 14 RESERVATION OF RIGHTS ................................................................. 24

CONCLUSION ........................................................................................... 25

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Atherton v. FDIC,*
   519 U.S. 213 (1997)...................................................................... 6, 21, 22

*Barnes v. State Farm Mut. Auto. Ins. Co.,*
   16 Cal. App. 4th 365 (2d Dist.1993)................................................... 9, 10

*Biren v. Equal. Emergency Med. Grp., Inc,*
   102 Cal. App. 4th 125 (2d Dist. 2002)............................................. 10, 11

*Boyle v. United Technologies,*
   487 U.S. 500 (1988).................................................................................. 21

*Cede & Co. v. Technicolor, Inc.,*
   634 A.2d 345 (Del. 1993) ...................................................................... 6, 7

*Cook v. Brewer,*
   637 F.3d 1002 (9th Cir. 2011) .................................................................. 23

*CTS Corp. v. Dynamics Corp. of Am.,*
   481 U.S. 69 (1987)....................................................................................... 6

*Dalkilic v. Titan Corp.,*
   516 F. Supp. 2d 1177 (S.D. Cal. 2007)..................................................... 3

*Doleman v. Meiji Mut. Life Ins. Co.,*
   727 F.2d 1480 (9th Cir. 1984) ................................................................... 3

*Edgar v. MITE Corp.,*
   457 U.S. 624 (1982)..................................................................................... 6

*FDIC v. Baker,*
   739 F. Supp. 1401 (C.D. Cal. 1990) ........................................................ 17

*FDIC v. Bierman,*
   2 F.3d 1427 (7th Cir. 1993) ............................................................... 18, 19

*FDIC v. Blue Rock Shopping Ctr., Inc.,*
   766 F.2d 744 (3d Cir. 1985), *overruled on other grounds by Adams v.*
   *Madison Realty & Development, Inc.*, 937 F.2d 845 (3d Cir. 1985)................. 18

-iii-

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

# TABLE OF AUTHORITIES
## (continued)

Page(s)

*FDIC v. Carter*,
701 F. Supp. 730 (C.D. Cal. 1987) .............................................................. 16, 18

*FDIC v. Cherry, Bekaert & Holland*,
742 F. Supp. 612 (M.D. Fla. 1990) .................................................................... 19

*FDIC v. Citizens Bank & Trust Co.*,
592 F.2d 364 (7th Cir. 1979) .............................................................................. 14

*FDIC v. Gaziano*,
No. 96-11361-MEL, 1998 U.S. Dist. LEXIS 2150 (D. Mass. Jan. 29,
1998) ............................................................................................................ 16, 20, 21

*FDIC v. Gladstone*,
44 F. Supp. 2d 81 (D. Mass. 1999) ............................................................. passim

*FDIC v. Haines*,
3 F. Supp. 2d 155 (D. Conn. 1997) ....................................................... 14, 16, 19

*FDIC v. Harrison*,
735 F.2d 408 (11th Cir. 1984) ............................................................................ 19

*FDIC v. Mijalis*,
15 F.3d 1314 (5th Cir. 1994) .............................................................................. 19

*FDIC v. Niblo*,
821 F. Supp. 441 (N.D. Tex. 1993) .................................................................... 15

*FDIC v. Ornstein*,
73 F. Supp. 2d 277 (E.D.N.Y. 1999) ........................................................... 17, 20

*Frances T. v. Village Green Owners Ass'n*,
42 Cal. 3d 490 (1986) .................................................................................. 10, 11

*Galliard v. Natomas Co.*,
208 Cal. App. 3d 1250 (1st Dist. 1989) ............................................................... 9

*Gantler v. Stephens*,
965 A.2d 695 (Del. 2009) .................................................................................... 8

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Gen. Conference Corp. of Seventh-Dav Adventists v. Seventh Day Adventist Congregation Church,*
   887 F.2d 228 (9th Cir. 1989) ..................................................... 3, 4, 5

*Hal Roach Studios, Inc. v. Richard Feiner & Co.,*
   896 F.2d 1542 (9th Cir. 1989) ........................................................ 3, 5

*Havlicek v. Coast-to-Coast Analytical Servs., Inc.,*
   39 Cal.App. 4th 1844 (2d Dist. 1995)..................................................6

*In re Fleet/Norstar Secs. Litig.,*
   935 F. Supp. 99 (D.R.I. 1996) ......................................................... 12

*In re Greenstreet, Inc.,*
   209 F.2d 660 (7th Cir.1954) ........................................................... 14

*In re Tower Air, Inc.,*
   416 F.3d 229 (3d Cir. 2005)..............................................................8

*Kaplan v. Centex Corp.,*
   284 A.2d 119 (Del. Ch. 1971)...........................................................8

*Kelly v. Bell,*
   266 A.2d 878 (Del. Ch. 1970)...........................................................8

*Lamden v. La Jolla Shores Clubdominium Homeowners Ass'n.,*
   21 Cal. 4th 249 (1999) ................................................................... 11

*Lee v. Interinsurance Exch.,*
   50 Cal. App. 4th 694 (2d Dist.1996)............................................... 9, 10

*McDermott, Inc. v. Lewis,*
   531 A.2d 206 (Del. 1987) .............................................................. 6, 7

*McMichael v. United States Filter Corp.,*
   No. EDCV 99-182, 2001 U.S. Dist. LEXIS 3918 (C.D. Cal. Feb. 23, 2001) ................................................................................... 6, 7

*N.Y. v. Micron Tech., Inc.,*
   No. C 06-6436 PJH, 2009 WL 29883 (N.D. Cal. Jan. 5, 2009) ...........................3

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*O'Melveny & Myers v. FDIC,*
512 U.S. 79 (1994)..................................................................... passim

*Para-Medical Leasing, Inc. v. Hangen,*
739 P.2d 717 (Wash. Ct. App. 1987)................................................ 12

*Paradise Nw. Inc. v. Randhawa,*
No. 2:09-cv-02027-MCE-DAD, 2010 WL 1487874 (E.D.Cal. Apr. 13,
2010) ............................................................................................ 24

*PMC, Inc. v. Kadisha,*
78 Cal. App. 4th 1368 (2d Dist. 2000)............................................. 10

*Qwest Commc'ns Corp. v. City of Berkeley,*
208 F.R.D. 288 (N.D. Cal. 2002).................................................. 4, 5

*Rendon v. City of Fresno,*
No. 105CV00661OWWDLB, 2005 WL 3144144 (E.D. Cal. Nov. 23,
2005) ............................................................................................. 3

*RTC Alshuler,*
No. 93-992-IEG (LSP), slip op. at 3-5 (S.D. Ca. Oct. 16, 2004) ...... 19

*RTC v. Liebert,*
871 F. Supp. 370 (C.D. Cal. 1994) ............................................. 15, 16

*RTC v. Mass. Mut. Life Ins. Co.,*
93 F. Supp. 2d 300 (W.D.N.Y. 2000)......................................... 17, 19

*RTC v. Tushner,*
No. 94-152 (C.D. Cal. Feb. 24, 1995) ............................................ 17

*Sonista, Inc. v. Hsieh,*
No. C-04-04080 RMW, 2005 U.S. Dist. LEXIS 31397 (N.D. Cal. Nov.
21, 2005) ........................................................................................ 9

*State Farm Mut. Auto. Ins. Co. v. Superior Court,*
114 Cal. App. 4th 434 (2d Dist. 2003)............................................. 7

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page(s)**

3

*TSG Water Res., Inc. v. D'Alba & Donovan Certified Pub. Accountants,*
*P.C.,*
366 F. Supp. 2d 1212 (S.D. Ga. 2004), *aff'd in part and rev'd in part*, 260
Fed. App'x 191 (11th Cir. 2007) ........................................................ 12

4

5

6

*United States v. Forma,*
42 F.3d 759 (2d Cir.1994)................................................................ 14

7

8

*United States v. Gaubert,*
499 U.S. 315 (1991)........................................................................ 18

9

10

*United States v. One 1977 Mercedes Benz,*
708 F.2d 444 (9th Cir. 1983) .......................................................... 24

11

12

*Zero Tolerance Entm't, Inc. v. Ferguson,*
254 F.R.D. 123 (C.D. Cal. 2008)..................................................... 24

13

14

**STATUTES**

15

12 U.S.C. § 1821 ............................................................................ 15

16

Cal. Corp. Code § 309........................................................................9

17

Cal. Corp. Code § 310........................................................................9

18

Cal. Corp. Code § 2116......................................................................7

19

**RULES**

20

Fed. R. Civ. P. 12(c)................................................................. passim

21

Fed. R. Civ. P. 12(f)...........................................................................1

22

Fed. R. Civ. P. 12(f)(2) ......................................................................4

23

Fed. R. Civ. P. 14(a)....................................................................... 24

24

25

**OTHER AUTHORITIES**

26

1 AMERICAN LAW INSTITUTE, PRINCIPLES OF CORPORATE GOVERNANCE:
ANALYSIS AND RECOMMENDATIONS (1994) (Behre Decl., Exh. G) ................. 12

27

28

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

**TABLE OF AUTHORITIES**
**(continued)**

Page(s)

*Changes in the Model Business Corporation Act Pertaining to the Standards of Conduct for Officers; Inspection Rights and Notices – Final Adoption,* 54 BUS. LAW. 1229 (1999) (Behre Decl., Exh. H) ............................................. 12

Lawrence A. Hamermesh & A. Gilchrist Sparks III, *Corporate Officers and the Business Judgment Rule: A Reply to Professor Johnson*, 60 BUS. LAW. 865 (2005) (Behre Decl., Exh. I) ...................................................................... 13

SEC, IndyMac Bancorp, Inc, Form 8-K (July 31, 2008) (Behre Decl., Exh. F) ....... 7

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff Federal Deposit Insurance Corporation ("FDIC" or the "Government") filed its Complaint more than a year ago, and Defendants Richard Koon and Kenneth Shellem (collectively, "Defendants") filed a timely Answer, raising affirmative defenses. The FDIC did not move to strike *any* of these defenses at the time. A year later, the Government changed its mind and, under the guise of "narrowing" the issues for trial, seeks to strike selected affirmative defenses.[1]

Mindful that the time period permitted by Fed. R. Civ. P. 12(f) has long expired, the Government has disingenuously styled its motion as one for partial judgment on the pleadings. Circuit precedent holds, however, that a judgment on the pleadings under Fed. R. Civ. P. 12(c) is not appropriate where, as here, valid affirmative defenses and disputed material facts remain in the case. In addition, this Court's Standing Order plainly states that motions for judgment on the pleadings "are strongly discouraged." This Court should not countenance the Government's self-serving manipulation of the federal rules of civil procedure and a blatant end-run around this Circuit's precedent and this Court's instructions.

While the Government pretends to heed this Court's admonition to streamline its unwieldy case for trial, this motion would not advance that goal. A ruling on this motion would have no impact whatsoever on the number of loans to be considered at trial, therefore leaving intact the Government's proposed fifty day trial schedule. Instead, this motion would further impose on the Court's resources,

---

[1] Defendants only seek judgment on six of Defendants' fifteen affirmative defenses. Defendants' Answer validly pled failure to state a claim, lack of proximate cause, intervening or supervening cause, proportionate liability, comparative negligence, no injury, speculative damages, failure to mitigate, and apportionment as affirmative defenses. The Government does not challenge these defenses, and has abandoned the challenge to Defendants' statute of limitations affirmative defense that it raised in its July 25, 2011 Meet & Confer Letter.

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

1    requiring this Court to decide complicated issues of law without the benefit of a

2    fully developed record or even of discovery.

3        The Government's motion also fails on its merits. Defendants have properly

4    pled the business judgment rule, failure to mitigate, unclean hands, vague and

5    uncertain, and Rule 14 reservation of rights as affirmative defenses.[2] The FDIC is

6    not entitled to judgment as a matter of law on the business judgment rule because,

7    under California's internal affairs doctrine, Delaware law applies and insulates

8    corporate officers' conduct. Even if California substantive law were to apply,

9    Defendants have a good faith basis for pleading the business judgment rule as an

10   affirmative defense. Defendants are also entitled to conduct discovery to develop

11   the defense that they acted in good faith and in accordance with their duties as

12   officers of IndyMac Bank, F.S.B.'s ("IndyMac's") Homebuilders Division.

13   Defendants have properly pled the affirmative defenses of failure to mitigate and

14   unclean hands. The FDIC cannot bring a claim of negligence and then seek to

15   cloak itself in immunity from all defenses. The "no duty" rule does not shield the

16   FDIC from liability, either as receiver or regulator. Nor does the Federal Tort

17   Claims Act ("FTCA") insulate the FDIC from affirmative defenses. In addition,

18   Defendants have asserted a valid affirmative defense that the Government's cause

19   of action is vague and uncertain. The Government's cookie-cutter allegations fail

20   to provide Defendants adequate notice of their allegedly negligent conduct on a

21   count-by-count basis. Finally, the Government's argument on the affirmative

22   defense of reservation of rights is based upon a fundamental misconstruction of the

23   Court's July 19, 2011 order.

## ARGUMENT

## I.   THE GOVERNMENT'S MOTION DOES NOT SATISFY THE REQUIREMENTS OF RULE 12(C).

---

[2] As Defendants stipulated in their August 17, 2011 Meet and Confer Letter, Defendants no longer assert discharge in bankruptcy as an affirmative defense.

**A.   Motions for Judgment on the Pleadings Are Disfavored, and May Not Be Granted If Valid Affirmative Defenses Are Asserted.**

Rule 12(c) motions for judgment on the pleadings are governed by the same high standard as Rule 12(b)(6) motions for failure to state a claim. *See Dalkilic v. Titan Corp.,* 516 F. Supp. 2d 1177, 1182 (S.D. Cal. 2007); *N.Y. v. Micron Tech., Inc.,* No. C 06-6436 PJH, 2009 WL 29883, at *2 (N.D. Cal. Jan. 5, 2009). Such motions are disfavored and rarely granted. *Rendon v. City of Fresno*, No. 105CV00661OWWDLB, 2005 WL 3144144, at *2 (E.D. Cal. Nov. 23, 2005). Reflecting this established rule, this Court's Standing Order expressly states that Rule 12 motions to dismiss "are strongly discouraged." Standing Order, July 7, 2010 (D.E. 4).

A Rule 12(c) Motion is only proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved, and the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir. 1989). A court must accept all allegations of the nonmoving party as true, and any allegations made by the moving party that have been denied are assumed to be false. *Doleman v. Meiji Mut. Life Ins. Co.,* 727 F.2d 1480, 1482 (9th Cir. 1984). Courts must also view facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh Day Adventist Congregation Church*, 887 F.2d 228, 230 (9th Cir. 1989).

Critically, the Ninth Circuit explained that "if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *General Conference Corp.*, 887 F.2d at 230 (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1368 (1969)). Accordingly, courts in this Circuit have held that "[a] motion seeking judgment on the complaint may only be granted if *all of the defenses* raised in the answer are legally insufficient. A

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

1   plaintiff is not entitled to judgment on the pleadings if the [defendant's] answer

2   raises . . . an affirmative defense, which, if proved, would defeat plaintiff's

3   recovery." *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D.

4   Cal. 2002) (citing, *inter alia*, *Gen. Conference Corp.*, 887 F.2d at 230) (emphasis

5   added). If one or more of the defenses are viable, the plaintiff should instead file a

6   motion to strike the insufficient defenses. The FDIC has not done so, and the time

7   for such a motion has passed. *See* Fed. R. Civ. P. 12(f)(2) (motion to strike must be

8   filed within twenty-one days of service of the pleading).

9   **B.**   **The Government's Rule 12(c) Motion Fails to Meet the High**

10          **Standard Set Forth by the Federal Rules.**

11          The Government's Rule 12(c) Motion fails to meet the high standard set

12   forth by the Federal Rules above. The Government tries to justify this Motion by

13   arguing that it is seeking to narrow the issues for trial. Pl.'s Mot. for Partial J. on

14   the Pleadings ("Pl.'s Mot.") at 1, Aug. 22, 2011 (D.E. 65). This excuse is

15   disingenuous. The Government's instant motion is in reality an untimely motion to

16   strike, and should be denied for that reason alone. Rather than serving to narrow

17   the scope of this case, the Government tries to divert attention from the fact that the

18   Government has dragged its feet for more than a year and ignored this Court's order

19   to trim this case for trial. The Government's unwieldy Complaint of over 300

20   pages alleges negligence in the approval and modification of 66 individual loans.

21   Initially, the Government proposed severing ten individual loans for phase 1 of

22   trial. Joint Rule 26(f) Report and Disc. Plan at 7, Nov. 8, 2010, (D.E. 38)

23   (Declaration of Kirby Behre ("Behre Decl."), Exh. B).

24          The Government subsequently retracted its position and proposed trying ten

25   different "loan relationships" in a fifty-day trial. Updated Joint Rule 26(f) Report

26   and Disc. Plan at 3-4, Feb. 18, 2011 (D.E. 44) (Behre Decl., Exh. C). In fact, these

27   ten "loan relationships" amount to twenty-five separate loans, or approximately

28   40% of the loans covered in the Complaint. At the conference on February 28,

-4-

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

1   2011, this Court made clear that it does not "have 50 days to try" this case and

2   ordered the Government to "come up with a way to make this a shorter trial." Rule

3   26(f) Disc. Conf. Tr. at 3:15, 6:4-5, Feb. 28, 2011, (Behre Decl., Exh. D). The

4   FDIC agreed to do so. *Id.* at 6:24-25 ("[I]f we do put our heads together, we can

5   come up with the mechanism"). Despite this representation, the FDIC to date has

6   failed to narrow its case for trial.

7        The Government's motion fails to comply with this Circuit's standards for

8   Rule 12(c) motions. As long as any of the Defendants' defenses are valid,

9   controlling Circuit precedent precludes a motion on the pleading. *Gen. Conference*

10   *Corp.*, 887 F.2d at 230; *see also Qwest Commc'ns Corp.*, 208 F.R.D. at 291 ("[a]

11   motion seeking judgment on the complaint may only be granted if *all of the*

12   *defenses* raised in the answer are legally insufficient"). The FDIC did not move for

13   a judgment on all of the affirmative defenses raised by Defendants. Therefore, this

14   Court should deny their motion, as mandated by Circuit law.

15        As demonstrated below, Defendants have articulated valid and proper

16   affirmative defenses in their respective Answers. The Government's attack on

17   these legally cognizable affirmative defenses is largely based on a misapprehension

18   of applicable legal principles or non-binding out-of-circuit case law. Moreover, the

19   FDIC ignores altogether important contrary precedent. As such, the Motion fails to

20   meet the heavy burden on the moving party to prove that it is entitled to judgment

21   as a matter of law. *E.g., Hal Roach Studios, Inc*, 896 F. 2d at 1550.

22        Finally, even if the Court were to grant the Government's motion for

23   judgment on *all* of the affirmative defenses at issue, that would have no impact on

24   the number of loans considered at trial. Therefore, it would have no discernible

25   effect on the duration of the trial, which was this Court's principal concern.

26   **II.**    **THE GOVERNMENT IS NOT ENTITLED TO JUDGMENT AS A**

27        **MATTER OF LAW ON THE BUSINESS JUDGMENT RULE**

28

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

**A.    Under the Internal Affairs Doctrine, Delaware Law Governs and Insulates Corporate Officers' Conduct.**

    1.    <u>Because IndyMac was incorporated in Delaware, California law dictates that the Delaware Business Judgment Rule Applies.</u>

The Business Judgment Rule creates a powerful presumption that decisions made by corporate officers and directors are "'based upon sound and informed business judgment,'" and so will not be overturned by a court unless they "cannot be 'attributed to any rational business purpose.'" *McMichael v. United States Filter Corp.*, No. EDCV 99-182, 2001 U.S. Dist. LEXIS 3918, at \*29, \*31 (C.D. Cal. Feb. 23, 2001) (quoting *Unocal Corp. v. Mesa Petroleum Co.*, 493 A.2d 946, 958 (Del. 1985); *Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345, 360 (Del. 1993)). The Government spills much ink arguing that, under California law, the Business Judgment Rule applies only to a company's directors, and not to its officers.

The Government misapprehends the applicable law. Under the Internal Affairs Doctrine, the Delaware — not California — Business Judgment Rule applies in this case, and it extends to decisions made by corporate officers. Corporations, "except in the rarest situations, [are] organized under, and governed by, the law of a single jurisdiction, *traditionally the corporate law of the State of its incorporation.*" *CTS Corp. v. Dynamics Corp. of Am.*, 481 U.S. 69, 90 (1987) (emphasis added). Under this doctrine, only one state should have the authority to regulate a corporation's internal affairs — matters peculiar to the relationships among or between the corporation and its current officers, directors, and shareholders — because otherwise a corporation could be faced with conflicting demands. *Edgar v. MITE Corp.*, 457 U.S. 624, 645 (1982); *Havlicek v. Coast-to-Coast Analytical Servs., Inc.*, 39 Cal.App. 4th 1844, 1854 (2d Dist. 1995)).

Courts generally "look to the State of a business' incorporation for the law that provides the relevant corporate governance general standard of care." *Atherton v. FDIC*, 519 U.S. 213, 224 (1997). Indeed, courts have "consistently applied the

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

1   law of the state of incorporation to the entire gamut of internal corporate affairs."

2   *McDermott, Inc. v. Lewis*, 531 A.2d 206, 216 (Del. 1987). "[T]he law of one state

3   governs the relationships of a corporation to its stockholders, directors and officers

4   in matters of internal corporate governance. The alternatives present almost

5   intolerable consequences to the corporate enterprise and its managers." *Id.* at 216-

6   17. California courts expressly recognize the internal affairs doctrine. *See State*

7   *Farm Mut. Auto. Ins. Co. v. Superior Court*, 114 Cal. App. 4th 434, 442 (2d Dist.

8   2003) (finding that because the declaration of dividends concerned the internal

9   affairs of an insurance company, the laws of the state where the company was

10  incorporated applied).

11          Because this litigation involves the internal affairs of a Delaware-

12  incorporated bank,[3] Delaware law applies. *See McMichael*, 2001 U.S. Dist. LEXIS

13  3918, at *9 ("[b]reach of fiduciary duty is a state law claim, and [where a company]

14  is incorporated in Delaware, Delaware law applies") (internal citations omitted); *see*

15  *also* Cal. Corp. Code § 2116 (applying law of state of incorporation to liability for

16  actions of directors or officers of foreign corporations).

17          2.      <u>Delaware law implicitly provides business judgment rule</u>

18                  <u>protection to Defendants as corporate officers.</u>

19          Under Delaware law, the Business Judgment Rule extends to corporate

20  officers, and therefore provides protection to Defendants. The Delaware Supreme

21  Court expressly stated that, under Delaware law, "the business judgment rule

22  attaches to protect *corporate officers and directors* and the decisions they make,

23  and our courts will not second-guess these business judgments." *Cede*, 634 A.2d at

24  361 (citations omitted) (emphasis added). Indeed, this District observed, relying on

25  the Delaware Supreme Court's decision in *Cede*, among others, that under

26  Delaware law, "the business judgment rule attaches to protect corporate *officers*

27  _____

28  [3] IndyMac is incorporated in Delaware. *See* SEC, IndyMac Bancorp, Inc, Form 8-K
    (July 31, 2008) (Behre Decl., Exh. F).

-7-

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

1     *and directors* and the decisions they make." *McMichael*, 2001 U.S. Dist. LEXIS

2     3918, at *31-*32 (citations omitted) (emphasis added).

3         The Business Judgment Rule in Delaware applies to both officers and

4     directors because, as comparable fiduciaries, they assume the same liabilities. As

5     the Delaware Supreme Court explained, "officers of Delaware corporations, like

6     directors, owe fiduciary duties of care and loyalty, and . . . the fiduciary duties of

7     officers are the same as those of directors." *Gantler v. Stephens*, 965 A.2d 695,

8     708-09 (Del. 2009). Consequently, both officers and directors are protected by the

9     business judgment presumption. Therefore, a fiduciary duty claim against a

10    defendant, "in his capacity as officer," can proceed only if the facts pleaded are

11    sufficient "to support a reasonable inference that [he] acted in bad faith or without

12    due care" so as to overcome the business judgment presumption. *Id.* at 704-05,

13    708.

14        Delaware state courts have applied the business judgment presumption to

15    corporate officers. Thus, in *Kelly v. Bell*, the Delaware Chancery Court held that

16    the business judgment rule protected corporate officers' decision to pay

17    unnecessary taxes to the county. *See* 266 A.2d 878, 879 (Del. Ch. 1970)); *see also*

18    *Kaplan v. Centex Corp.*, 284 A.2d 119, 124-25 (Del. Ch. 1971) (citing *Kelly* for the

19    principle that "the decision of executive officers may also come within the

20    [Business Judgment] Rule" and finding that the officers' decision "probably d[id]

21    here, in the absence of any divided loyalty and in the light of subsequent ratification

22    by the board of directors").

23        The Third Circuit — whose remit encompasses Delaware — has similarly

24    held that, under Delaware law, the Business Judgment Rule protects corporate

25    officers. In *In re Tower Air, Inc.*, the Third Circuit observed, applying Delaware

26    law, that, because officers and directors are "comparable fiduciaries," the Business

27    Judgment Rule presumption protects "directors *and officers* [who] acted in good

28    faith." 416 F.3d 229, 238 & n.12 (3d Cir. 2005) (emphasis added).

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

**B.      Even if California Law Were to Apply, Defendants Have a Good
Faith Basis for Pleading the Business Judgment Rule as an
Affirmative Defense.**

1.      The California business judgment rule applies to corporate
officers.

Even if California law applies, Defendants have articulated a good-faith basis
for arguing that the business judgment rule applies to corporate officers.  The
Government's argument to the contrary relies principally on *Galliard v. Natomas
Co.*, 208 Cal. App. 3d 1250, 1265 (1st Dist. 1989).  *Galliard*, however, considered
only Corporations Code section 309 and, furthermore, did so only in the context of
a claim implicating the duty of loyalty, and not the duty of care.  *Id.*[4]  *Galliard*,
however, did not consider the broader common-law business judgment rule.[5]

In California, the business judgment rule "has two components – one which
immunizes directors from personal liability if they act in accordance with its
requirements, and another which insulates from court intervention those
management decisions which are made by directors in good faith in what directors
believe is the organization's best interest.  *Only the first component is embodied in
Corporations Code section 309*." *Lee v. Interinsurance Exch.*, 50 Cal. App. 4th
694, 714 (2d Dist. 1996) (citation omitted) (emphasis added).  Yet, neither of the
cases the Government cites when discussing this common-law component — *Lee*,
50 Cal. App. 4th at 714 or *Barnes v. State Farm Mutual Automobile Insurance Co.*,
16 Cal. App. 4th 365 (2d Dist. 1993) — considered whether the common law
Business Judgment Rule should apply to officers.  Indeed, they could not have done
so because none of the defendants in either case were officers.  *See Lee*, 50 Cal.

---

[4] *Galliard* also involved conflicts of interest: acts by officers to secure benefits for
themselves.  *See id.* at 1265-66.  The Government alleges no such conflict of interest here.
[5] The FDIC offers a string cite of cases to buttress its argument.  *See* Pl.'s Mot. at 7.  As
the FDIC concedes, many of these cases are dicta.  *Id.*  In any event, these cases are
inapposite.  *See, e.g., Sonista, Inc. v. Hsieh*, No. C-04-04080 RMW, 2005 U.S. Dist.
LEXIS 31397, at *6 n.1 (N.D. Cal. Nov. 21, 2005) (finding that California Corporations
Code sections 309 and 310 deal with director, not officer, liability).

1    App. 4th at 701 ("This action is against the Exchange; its board of governors and 11

2    of its members and former members . . . ; the Automobile Club of Southern

3    California . . .; and ACSC Management Services, Inc. (ACSC)."); *Barnes*, 16 Cal.

4    App. 4th at 379 (the plaintiff failed to show that the director's decision was not

5    made in good faith or in what the directors believed to be in the corporation's best

6    interests).

7         Relying on *Barnes* and *Lee*, the California Court of Appeal has expressly

8    held that an individual who was both a director *and* a corporate officer, and who

9    was acting *as an officer*, enjoyed the protection of the business judgment rule

10   because her decisions were made in good faith. *Biren v. Equal. Emergency Med.*

11   *Grp., Inc*, 102 Cal. App. 4th 125 (2d Dist. 2002). In *Biren*, the plaintiff argued that

12   the defendant (who was both a Chief Financial Office (CFO) and one of the

13   directors) breached her duty by failing to obtain board approval before entering into

14   a billing contract. The court explained that Biren's "breach of the [Shareholders']

15   Agreement resulted from her mistaken belief that as a director and *officer* she had

16   the authority to act on behalf of the [corporation]." *Id.* at 137 (emphasis added)

17        The court explained that district court judge could have "reasonably

18   infer[red] that Biren remained within the protection of the business judgment rule

19   because [defendant] did not prove [that] her actions were anything more than an

20   honest mistake." *Id.* (citing *Lee*, 50 Cal. App. 4th at 715). Thus, the business

21   judgment rule protected the decision Biren made as an officer. *Id.* (discussing the

22   fact that in close corporations, officers are frequently allowed to approve contracts

23   without board approval); *cf. PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1386-87

24   (2d Dist. 2000) ("Generally, an officer or director who commits a tort because he or

25   she reasonably relief on expert advice or other information cannot be held

26   personally liable for the resulting harm.") (citing *Frances T. v. Village Green*

27   *Owners Ass'n*, 42 Cal. 3d 490, 509 n.17 (1986); *Lee*, 50 Cal. App. 4th at 713).

28        The Government's attempt to distinguish *Biren* is unavailing. The FDIC

-10-

1   asserts that the *Biren* court "did not apply the Business Judgment Rule to [the

2   defendant's] conduct as an officer" when affirming the trial court's finding that she

3   was negligent in failing to timely pay pension plan contributions. Pl.'s Mot. at 7-8.

4   But the court of appeals in *Biren* affirmed that part of the trial court's ruling against

5   a sufficiency-of-evidence challenge on the CFO's cross-appeal, given the highly

6   deferential standard applicable to such challenges. 102 Cal. App. 4th at 143-44.

7   Given the nature of this challenge, the court simply had no occasion to consider the

8   applicability of the business judgment rule to this specific conduct.

9          2.    At most, California law is unclear whether the California

10               business judgment rule extends to corporate officers.

11         At most, there is an open issue whether California law provides protection to

12   corporate officers. While the FDIC contends that the California law is settled, it

13   cited only two decisions by the California Supreme Court, and concedes that both

14   may be dicta. Pl.'s Mot. at 7 (citing *Lamden v. La Jolla Shores Clubdominium*

15   *Homeowners Ass'n.*, 21 Cal. 4th 249, 259-60 (1999); *Frances T.*, 42 Cal. 3d at 507-

16   08 (1986)). Neither decision, however, supports the Government's argument.

17   *Lamden* held only that the Business Judgment Rule does not protect entities that are

18   not incorporated. 21 Cal. 4th at 249-60. *Frances T.* addressed only the question of

19   whether the business judgment rule abrogates the duties that a director owes to third

20   parties. 42 Cal. 3d at 507-08. Moreover, the California Supreme Court in *Frances*

21   *T.* specifically observed that "[t]he [business judgment] rule recognizes that

22   shareholders to a very real degree voluntarily undertake the risk of bad business

23   judgment; investors need not buy stock, for investment markets offer an array of

24   opportunities less vulnerable to mistakes in judgment by *corporate officers*." 42

25   Cal. 3d at 507 n.14 (quoting 18B Am. Jur. 2d Corps., § 1704, at 556-57 (1985))

26   (internal quotation marks omitted) (emphasis added). In the absence of an

27   authoritative construction of the scope of the California business judgment rule by

28   the California Supreme Court, there is no basis whatsoever to grant the

-11-

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

1    Government's motion.

2       The majority of state courts to consider the issue have held that the business

3    judgment rule applies to officers. *See, e.g.*, *TSG Water Res., Inc. v. D'Alba &*

4    *Donovan Certified Pub. Accountants, P.C.*, 366 F. Supp. 2d 1212, 1226 (S.D. Ga.

5    2004) ("Under the business judgment rule officers are presumed to have acted

6    properly and in good faith, and may be liable for their actions only when they are

7    shown to have engaged in fraud, bad faith or an abuse of discretion.") (internal

8    citation and quotation marks omitted) (applying Georgia law), *aff'd in part and*

9    *rev'd in part*, 260 Fed. App'x 191 (11th Cir. 2007); *In re Fleet/Norstar Secs. Litig.*,

10    935 F. Supp. 99, 115 (D.R.I. 1996) (applying Rhode Island law); *Para-Medical*

11    *Leasing, Inc. v. Hangen*, 739 P.2d 717, 722 (Wash. Ct. App. 1987) (applying

12    Washington law).

13       Respected authorities on corporate law agree that the business judgment rule

14    should apply to officers. Both the American Law Institute and the ABA Committee

15    on Corporate Laws have determined that officers should be protected by the

16    business judgment rule. *See* 1 AMERICAN LAW INSTITUTE, PRINCIPLES OF

17    CORPORATE GOVERNANCE: ANALYSIS AND RECOMMENDATIONS, § 4.01 cmt. a

18    (2005) (Behre Decl., Exh. G) ("Sound public policy points in the direction of

19    holding officers to the same duty of care and business judgment standards as

20    directors, as does the little case authority that exists on the applicability of the

21    business judgment standard to officers, and the views of most commentators

22    support this position."); ABA Comm. on Corporate Laws, *Changes in the Model*

23    *Business Corporation Act Pertaining to the Standards of Conduct for Officers;*

24    *Inspection Rights and Notices – Final Adoption*, 54 BUS. LAW. 1229, 1231 (1999)

25    (Behre Decl., Exh. H) ("[T]he business judgment rule will normally apply to

26    decisions within an officer's discretionary authority.").

27       In addition, sound public policy dictates that the rule should apply to officers

28    as well as directors. Like directors, officers should not be deterred from weighing

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

1  business risks against business reward by the fear of billion-dollar judgments. The

2  risk of second-guessing and hindsight bias affects judicial review of officers'

3  decisions just as much as it affects judicial review of directors' decisions. Such a

4  rule allows officers to take the necessary risks to allow their businesses to grow

5  without improper judicial second-guessing of their sound business strategies,

6  provided that the officers exercise due diligence before engaging in potentially

7  risky activities. *See* Lawrence A. Hamermesh & A. Gilchrist Sparks III, *Corporate*

8  *Officers and the Business Judgment Rule: A Reply to Professor Johnson*, 60 BUS.

9  LAW. 865, 865 (2005) (Behre Decl., Exh. I) (arguing that the business judgment

10  rule should apply to both officers and directors).

## III.   THE GOVERNMENT IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE EXERCISE OF DUE CARE

13          The Government's attempt to eliminate the defense of exercise of due care

14  essentially demands that Defendants concede all liability in the case. Whether

15  properly styled as an affirmative defense, or simply a defense to the elements of the

16  negligence, Defendants should not be barred from making the argument at trial

17  simply because they asserted it in their Answer and the Government seeks a

18  preemptive ruling on the pleadings. Discovery has only just commenced, and only

19  five depositions have been taken. Defendants are entitled to conduct full discovery

20  to develop the defense that they acted in good faith and in accordance with their

21  duties as officers of IndyMac's Homebuilders Division.[6]

## IV.   THE GOVERNMENT IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE AFFIRMATIVE DEFENSES OF FAILURE TO MITIGATE AND UNCLEAN HANDS

### A.   The FDIC Cannot Bring a Claim of Negligence and Then Claim to be Cloaked in Immunity from All Defenses.

---

[6] To the extent the Government seeks to re-characterize the defense as another iteration of the Business Judgment Rule in order to seek its dismissal, the Court should reject this manipulation of Defendant's Answer.

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

1    The FDIC cannot sue Defendants for negligence and then argue that it is

2  cloaked in immunity from all affirmative defenses. "[T]here are significant

3  differences between suing the FDIC and asserting affirmative defenses against the

4  FDIC." *FDIC v. Gladstone*, 44 F. Supp. 2d 81, 88 (D. Mass. 1999). While federal

5  law may bar private parties from bringing suits against the Government, it does not

6  preclude a defendant from raising an affirmative defense when the Government

7  brings a state law claim against it. *Id.*; see also *United States v. Forma*, 42 F.3d

8  759, 765 (2d Cir. 1994) (a party sued by the Government may recoup damages in

9  order to reduce or defeat the Government's claim against it); *In re Greenstreet,*

10  *Inc.*, 209 F.2d 660, 663 (7th Cir. 1954) (same); see also *FDIC v. Citizens Bank &*

11  *Trust Co.*, 592 F.2d 364, 372-73 (7th Cir. 1979) (ruling that the FDIC waived its

12  sovereign immunity with respect to "matters in recoupment arising out of the same

13  transaction or occurrence which is the subject matter of the suit, to the extent of

14  defeating the [FDIC's] claim") (internal quotation marks and citation omitted).

15    Public policy counsels against shielding the FDIC from attacks on its conduct

16  where the FDIC brings a claim of negligence. It "would be unfair to allow FDIC to

17  'step into the shoes of [a] failed ban[k] to bring state law claims, but at the same

18  time clothe itself in a "government persona" to avoid recognized state law defenses

19  which necessarily define and limit state law claims upon which it rests its right of

20  recovery rests.'" *FDIC v. Haines*, 3 F. Supp. 2d 155, 161 (D. Conn. 1997) (citation

21  omitted). Such a policy "amounts to nothing more than a policy of letting the FDIC

22  win regardless of the facts." *Gladstone*, 44 F. Supp. 2d at 88. Yet, as the Supreme

23  Court instructed, "there is no federal policy that the fund [*i.e.*, the FDIC] should

24  always win." *O'Melveny & Myers v. FDIC*, 512 U.S. 79, 88 (1994).

25    Granting the Government's Motion on Defendants' affirmative defenses of

26  failure to mitigate and unclean hands would essentially permit the Government to

27  shield itself from any attack on its own conduct, either as regulator or receiver of

28  IndyMac. Such a ruling would be contrary to both law and public policy.

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

**B.    The "No Duty" Rule Does Not Shield the FDIC from Liability, Either as Receiver or Regulator.**

The Government cites numerous out-of-circuit cases for the proposition that the FDIC's conduct is shielded by the "[n]o duty" rule, which allegedly bars the directors and officers of a failed institution from litigating the discretionary conduct of the FDIC because the FDIC owes no duty to them.  Pl.'s Mot. at 10-12.

As an initial matter, the Government's "no duty" argument "rests on a mistaken premise." *Gladstone*, 44 F. Supp. 2d at 87.  A plaintiff's duty to mitigate is not a "duty" to another party. *Id.* ("'the person wronged should not be spoken of as under a "duty" to avoid damage[s], but rather a "disability" to recover for avoidable loss'") (quoting Charles McCormack, *Handblook on the Law of Damages* § 33, at 128 (1935)).  Indeed,

> the conduct of the FDIC after assuming control of a failed bank's assets and in seeking to collect or work out bad loans must not be such that the FDIC causes losses to the failed institution which could have been avoided, either by diligent collection efforts, diligent and proper marshaling of or proceeding against valuable collateral, or otherwise.

*FDIC v. Niblo*, 821 F. Supp. 441, 455 (N.D. Tex. 1993).

Moreover, the Government utterly ignores that *this District* has held that, under the Supreme Court's decision in *O'Melveny*, the "no duty" rule does not apply to lawsuits governed by the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA") of 1989, 12 U.S.C. § 1821, *et seq.*, and so no longer serves to insulate the FDIC's discretionary conduct. *RTC v. Liebert*, 871 F. Supp. 370, 371 (C.D. Cal. 1994).

In *O'Melveny*, the Supreme Court rejected the FDIC's argument that federal common law should supplement FIRREA to protect federal interests because that argument was "demolished by those provisions of FIRREA which specifically create special federal rules of decision regarding claims by, and defenses against,

-15-

1   the FDIC as receiver." 512 U.S. at 86. The Court went on to hold that when the

2   FDIC acts as a receiver, it must "work out its claims under state law, except where

3   some provision in the extensive framework of FIRREA provides otherwise." *Id.* at

4   87. The Court warned that to create additional federal common law exceptions

5   would alter, rather than supplement, FIRREA's complex statutory scheme. *Id.*

6       In *Liebert*, this District held that the "no duty" rule did not survive

7   *O'Melveny*. The Court reasoned that the "'no duty' rule is 'clearly a federal

8   common law rule which has been engrafted by federal courts onto the statutory

9   scheme' of FIRREA, and 'the supplementation or modification of this statutory

10  scheme by federal common law in this manner is inappropriate . . . .'" 871 F. Supp.

11  at 373 (quoting *RTC v. Ross*, Civ. A. No. 2:94CV20(P)(S), 1994 WL 534210, at *6

12  (S.D. Miss. June 22, 1994)). The Court also concluded that *O'Melveny* does not

13  distinguish between affirmative defenses arising from pre- and post- receivership

14  conduct, and as such, the "no duty" rule does not apply in either circumstance. *See*

15  *id.* For this reason, the Government's argument that equitable defenses are not

16  available to Defendants based on the FDIC's conduct as regulator, Pl.'s Mot. at 16-

17  17, must be rejected.[7]

18      Numerous other jurisdictions have also held that *O'Melveny* bars application

19  of the "no duty" rule post-FIRREA and consequently have denied the FDIC's

20  motion to strike affirmative defenses against it. *See FDIC v. Gaziano*, No. 96-

21  11361-MEL, 1998 U.S. Dist. LEXIS 2150, at *15-*16, *29 (D. Mass. Jan. 29,

22  1998) (denying FDIC's motion to strike affirmative defenses of failure to mitigate

23  and contributory negligence after rejecting application of the "no duty" rule);

24  *Haines*, 3 F. Supp. 2d at 161-62 (the FDIC may not apply the federal common law

25  ---

26  [7] The Government argues in Section III(C) that equitable defenses are not available
against the FDIC pre-receivership. This argument, too, has been rejected by other courts
of this District. In *FDIC v. Carter*, this District acknowledged that circumstances could
27  exist where the FDIC could be held liable for actions taken pre-receivership if the FDIC
went beyond its normal regulatory duties and substituted its decisions for those of the
28  bank's officers and directors. 701 F. Supp. 730, 737 n.16 (C.D. Cal. 1987).

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

1    "no duty" rule to displace the defendants' common law affirmative defenses

2    challenging the FDIC's discretionary conduct);  *Gladstone*, 44 F. Supp. 2d at 85

3    (the "no duty" rule does not insulate the FDIC from affirmative defenses brought by

4    bank officers challenging the FDIC's conduct); *RTC v. Mass. Mut. Life Ins. Co.*, 93

5    F. Supp. 2d 300, 306 (W.D.N.Y. 2000) (denying motion to strike equitable

6    affirmative defenses after determining that *O'Melveny* effectively ended the use of

7    federal common law in cases governed by FIRREA); *FDIC v. Ornstein*, 73 F. Supp.

8    2d 277, 281-86 (E.D.N.Y. 1999) (denying motion to strike affirmative defenses

9    related to the FDIC's post-receivership conduct because *O'Melveny* abrogated the

10   "no duty" rule).

11       The only two cases the Government offers from this jurisdiction applying the

12   "no duty" rule were decided pre-*O'Melveny*, and so may not longer be good law.

13   *See RTC v. Tushner*, No. 94-152 (C.D. Cal. Feb. 24, 1995) (unpublished civil

14   minutes filed pre-*O'Melveny*); *FDIC v. Baker*, 739 F. Supp. 1401, 1407 (C.D. Cal.

15   1990) (pre-*O'Melveny* decision).  Indeed, one of these cases consists of unpublished

16   civil minutes that have no persuasive authority. *Tushner*, No. 94-152.  In light of

17   the directly relevant case law from this District barring the "no duty" rule from

18   insulating the FDIC's conduct, the Court should deny the Government's Motion for

19   Judgment on Defendants' defenses of unclean hands and failure to mitigate.

20       **C.**    **The Federal Tort Claims Act Does Not Insulate the FDIC From**

21            **Affirmative Defenses.**

22            1.    The discretionary function exception does not bar Defendants'

23                 equitable affirmative defenses.

24       Contrary to the Government's contention, the FTCA does not bar Defendants

25   from asserting affirmative defenses against the FDIC where the FDIC acts as

26   plaintiff.  As discussed above, courts have distinguished between the Government

27   protection under the FTCA as plaintiff and as defendant. *E.g.*, *Gladstone*, 44 F.

28   Supp. 2d at 88 ("The FTCA only limits suits against the Government; it does not

1  preclude state law affirmative defenses when the Government brings state law

2  claims").

3      The Government's reliance on *United States v. Gaubert*, 499 U.S. 315, 320

4  (1991), is unavailing. In *Gaubert*, the Supreme Court held that the day-to-day

5  operations and management of a bank constitutes discretionary conduct under the

6  discretionary function exception to the FTCA, and, therefore, the plaintiff could not

7  bring suit against the FDIC. 499 U.S. at 325. The Court did not consider the

8  availability of affirmative defenses against the FDIC. Nor did the Court

9  categorically hold that *all* FDIC conduct is discretionary; rather, courts must decide

10 whether the FDIC has FTCA protection on a case-by-case basis. *See FDIC V.*

11 *Bierman*, 2 F.3d 1424, 1439 (7th Cir. 1993) (discussing *Gaubert*).

12     This District has held that the FTCA does not protect the FDIC from

13 immunity from equitable affirmative defenses, at least in its capacity as receiver.

14 Where the FDIC's actions are purely ministerial, its conduct can serve as the basis

15 for a valid affirmative defense. *FDIC v. Carter*, 701 F. Supp. 730, 736 (C.D. Cal.

16 1987). Because the FDIC's actions as receiver when disposing of the assets of a

17 bank constitute ministerial conduct, the FDIC cannot hide behind the cloak of the

18 FTCA's protections where affirmative defenses are asserted. *Id.* The *Carter* court

19 reasoned that "it would be extremely inequitable if the FDIC could negligently fail

20 to collect on a loan, and then sue the directors and officers of the bank for the loss

21 on the loan." *Id.*[8]

22     Numerous other jurisdictions have adopted the view that the FTCA's

23 discretionary function exception does not protect the FDIC from affirmative

24 defenses based on its conduct as receiver. *See FDIC v. Blue Rock Shopping Ctr.,*

25 *Inc.*, 766 F.2d 744, 753 (3d Cir. 1985)(nothing in FIRREA's Section 1823(e)

26

27 [8] Indeed, contrary to its position here, the FDIC in *Carter* conceded this proposition. 701 F. Supp. at 736 n.11 ("The FDIC admits this proposition, at least as to affirmative defenses"). This Court should not permit the FDIC to make a sudden 180-degree turn,

28 especially in the context of a motion on the pleadings.

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

1   designed to protect the FDIC against the consequences of its own conduct

2   following its acquisition of an asset), *overruled on other grounds by Adams v.*

3   *Madison Realty & Dev., Inc.*, 937 F.2d 845 (3d Cir. 1985); *FDIC v. Harrison*, 735

4   F.2d 408, 413 (11th Cir. 1984) (The FDIC is subject to a claim of equitable

5   estoppel when it acts in its corporate capacity to collect a debt acquired from an

6   insolvent bank); *FDIC v. Cherry, Bekaert & Holland*, 742 F. Supp. 612, 614 (M.D.

7   Fla. 1990) ("the FDIC as plaintiff in this action is acting in a normal commercial

8   context and should be treated no differently than any other litigant").

9        The Government cites no controlling Ninth Circuit authority to support its

10  position that the FDIC is cloaked in immunity, and the three out-of-circuit cases it

11  does cite, *see*  Pl.'s Mot. 13-14, cannot outweigh the substantial authority

12  permitting equitable affirmative defenses against the FDIC.  Furthermore, two of

13  these cases were decided prior to the Supreme Court's ruling in *O'Melveny*, and

14  were based on the "no duty" rule that the Supreme Court repudiated.  *See FDIC v.*

15  *Mijalis*, 15 F.3d 1314, 1324 (5th Cir. 1994) (issued prior to *O'Melveny*);  *Bierman*,

16  2 F.3d at 1439 (issued prior to *O'Melveny*).  Finally, the only case the Government

17  cites from this District is an unpublished slip opinion, which carries no authority.

18  *See RTC Alshuler*, No. 93-992-IEG (LSP), slip op. at 3-5 (S.D. Cal. Oct. 16, 2004).

19          2.    FIRREA's discretionary provisions do not insulate the FDIC

20                  from equitable affirmative defenses.

21       The Government cites several provisions in FIRREA in an attempt to show

22  that the FDIC has considerable discretion warranting protection under the

23  discretionary function exception of the FTCA.  *See* Pl.'s Mot. at 14-15.  Courts

24  have held, however, that "FIRREA contains no provision that insulates the FDIC

25  from state law affirmative defenses regarding the FDIC's post-receivership

26  conduct." *Mass. Mut. Life Ins. Co.*, 93 F. Supp. 2d at 306; *see also Haines*, 3 F.

27  Supp. 2d at 163.  Indeed, "it is too much of a leap from [these general provisions of

28  discretion] to a highly specific rule preempting state laws relating to mitigation of

-19-

1   damages." *Ornstein*, 73 F. Supp. 2d at 284-85. Furthermore, these general

2   discretionary powers are "entirely consistent with a duty to mitigate." *Id.*; *see also*

3   *Gladstone*, 44 F. Supp. 2d at 87. No case law in this jurisdiction holds to the

4   contrary. Accordingly, the Court should decline to find that FIRREA's

5   discretionary provisions insulate the FDIC from Defendants' equitable affirmative

6   defenses.

7          3.   Supreme Court precedent prohibits displacing state law claims

8               with federal common law to insulate the FDIC.

9          The Government's invitation for this Court to fashion federal common law to

10  prevent "indirect attacks" on the FDIC's discretionary conduct, Pl.'s Mot. at 15,

11  flatly contravenes Supreme Court precedent. In *O'Melveny*, the Supreme Court

12  rejected the argument that federal common law should be used to supplement

13  FIRREA in order to protect federal interests. 512 U.S. at 86. The Court found

14  inappropriate the concept of "adopt[ing] a court-made rule to supplement federal

15  statutory regulation that is comprehensive and detailed," specifically referring to

16  FIRREA, because "matters left unaddressed in such a scheme are presumably left

17  subject to the disposition provided by *state law*." *Id.* at 85 (emphasis added).

18         Nothing in *O'Melveny* suggests that the need to protect the FDIC's post-

19  receivership conduct constitutes a valid basis for creating federal common law,

20  even in the absence of FIRREA. The Court explicitly rejected two public policy

21  grounds that the Government often cites as a basis for barring equitable affirmative

22  defenses against the FDIC: the need to protect the insurance fund, *id.* at 88 ("there

23  is no federal policy that the fund should always win"), and unfairness of saddling

24  taxpayers with the cost that negligent defendants should bear, *id.* at 89 (the

25  "function of weighing and appraising 'is more appropriately for those who write the

26  laws, rather than for those who interpret them'") (citation omitted). *See also*

27  *Gaziano*, 1998 U.S. Dist. LEXIS 2150, at * 13. Therefore, the Court's analysis in

28  *O'Melveny* "leaves no room for the FDIC's claim that the policies underlying

-20-

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

1   FIRREA require protection beyond that which Congress saw fit to provide in the

2   statute." *Id.* at *22.

3        The Government's reliance on *Boyle v. United Technologies*, 487 U.S. 500,

4   511 (1988), as a basis for extending protection from equitable affirmative defenses

5   is equally unpersuasive. In *Boyle*, the Supreme Court ruled that an independent

6   Government contractor was shielded from tort liability because (1) the procurement

7   of equipment by the Government constituted a "uniquely federal interest," which

8   supplied the necessary condition for displacing state law and (2) a significant

9   conflict existed between an identifiable federal policy or interest and state law. *Id.*

10  at 507. The Supreme Court subsequently explained, however, that the standards

11  governing the conduct of directors and officers of federally insured institutions do

12  *not* establish a uniquely federal interest warranting the creation of federal common

13  law under the first prong of *Boyle*. *See Atherton*, 519 U.S. at 225 (no federal

14  common law standard applied as to the standard of care directors and officers owe a

15  federally chartered bank because no significant conflict existed with a federal

16  interest).

17       Furthermore, in contrast to *Boyle*, the duties at issue here — *i.e.*, the duty to

18  dispose of IndyMac's assets in accordance with FIRREA, and the state-law duty

19  not to act negligently in so doing and to mitigate damages — pose no direct conflict

20  and, in fact, are harmonious. As the court in *Gladstone* noted: "If the FDIC's

21  actions were truly within the range of its discretionary functions, then its behavior

22  will be immune from attack by any affirmative defenses. But if its behavior did not

23  serve any of its statutory goals, its negligence cannot be allowed to increase the

24  burden carried by the defendants." 44 F. Supp. 2d at 88.

25       Finally, *Boyle* is inapposite because it involved a claim against the

26  Government to impose liability rather than an attempt to raise affirmative defenses.

27  As explained above, significant differences exist between suing the FDIC and

28  asserting affirmative defenses against the FDIC. *See supra* at 14; *see also*

-21-

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

*Gladstone*, 44 F. Supp. 2d at 88.  Accordingly, the Court should reject the

Government's argument for displacing state law affirmative defenses with federal

common law in light of the Supreme Court's rulings in *O'Melveny* and *Atherton.*

## V.   THE GOVERNMENT IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW ON THE AFFIRMATIVE DEFENSE OF VAGUE AND UNCERTAIN

Defendants have asserted a valid affirmative defense that the Government's

cause of action is vague and uncertain.  Accordingly, the Government is not entitled

to judgment as a matter of law on this affirmative defense.

The Government contends, without support, that it has alleged "extremely

detailed facts" in support of its unwieldy 300-plus page, 68-count Complaint.  Pl.'s

Mot. at 17.  To the contrary, the Government's Complaint recites the same generic,

cookie cutter allegations across 66 counts alleging negligence in the approval or

modification of individual loans.  For example, in nearly all of its 66 individual loan

counts, the Government copies and pastes the same cursory allegations that

Defendants' acted negligently by:

> [c]ausing or allowing a loan to be made to a
> borrower and guarantors who were or should have
> been known to be not creditworthy and/or in
> financial difficulty;
> [c]ausing or allowing a loan to be made in
> violation of applicable laws, regulations, and/or
> HBD's internal policies;
> [c]ausing or allowing a loan to be made with
> inadequate or inaccurate financial information
> regarding the creditworthiness of the borrower
> and/or guarantor, and the prospective source of
> repayment, and the security provided for the loans;
> [c]ausing or allowing a loan to be made where one
> or more of the sources of repayment of the loan
> were not likely to be sufficient to fully retire the
> debt.

*See* Complaint ("Compl."). at Counts 2-67, July 2, 2010 (Behre Decl., Ex. A).

-22-

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

1     Even under the liberal pleadings rules, a plaintiff must at least "'provide the

2   grounds of his entitle[ment] to relief requires more than labels and conclusions, and

3   a formulaic recitation of the elements of a cause of action will not do.'" *Cook v.*

4   *Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*,

5   550 U.S. 544, 555 (2007)). Here, the Government's cookie-cutter allegations fail to

6   provide Defendants adequate notice of their allegedly negligent conduct on a count-

7   by-count basis.

8     Furthermore, the Government's claims of injury and damages are speculative

9   and uncertain. The Government has failed in its Complaint to identify the specific

10  losses it has sustained. Instead, the Complaint alleges in sweeping terms that

11  "IndyMac's losses on [the Homebuilder Division's] portfolio are estimated to

12  exceed at least $500 million" without providing any basis for this calculation and

13  without tying those alleged losses to the alleged negligence. Compl. at 1:24-25

14  (Behre Decl., Exh. A). In subsequent disclosures, the Government provided partial

15  and speculative estimates of the loan losses but cautioned that "each category of

16  claimed damages are preliminary and are subject to amendment upon completion of

17  further investigation and discovery, and consultation with expert witness." Pl.'s

18  Rule 26(a) Disclosures, Ex. C-1, Aug. 17, 2010 (Behre Decl., Exh. E). These

19  disclosures confirm the vague and uncertain nature of the Government's damages,

20  even after the Complaint was filed.

21    Given that the Court must decide this Motion solely on the pleadings,

22  Defendants have a valid defense that the Complaint is vague and uncertain.

23  **VI.   THE GOVERNMENT IS NOT ENTITLED TO JUDGMENT AS A**

24  **MATTER OF LAW ON THE AFFIRMATIVE DEFENSE OF RULE**

25  **14 RESERVATION OF RIGHTS**

26    Defendants are entitled to reserve the right to add parties to the case should

27  discovery reveal that other parties are liable for the claims against them. Rule 14

28  allows a defendant to implead a nonparty who may be liable to it for the claims

-23-

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

1   against it.  Fed. R. Civ. P. 14(a); *see also Zero Tolerance Entm't, Inc. v. Ferguson*,

2   254 F.R.D. 123, 126 (C.D. Cal. 2008).  "Because Rule 14(a) is designed to reduce

3   multiplicity of litigation, it is construed liberally in favor of allowing impleader."

4   *Paradise Nw., Inc. v. Randhawa*, No. 2:09-cv-02027-MCE-DAD, 2010 WL

5   1487874, at *1 (E.D. Cal. Apr. 13, 2010).  "The decision to allow a third-party

6   [impleader] is entrusted to the sound discretion of the trial court."  *United States v.*

7   *One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983).  In deciding whether

8   to permit impleader, the court considers prejudice to the original plaintiff,

9   complication of issues at trial, likelihood of trial delay, and timeliness of the motion

10  to implead.  *Paradise*, 2010 WL 1487874, at *1.

11      The Government fundamentally misconstrues the Court's July 19, 2011

12  ruling on Defendants' motion to extend time for adding parties.  While the Court

13  denied the Motion at that time, the Court implicitly recognized that it had inherent

14  power to extend a pre-trial schedule upon a showing of good cause.  Mem. and

15  Order at 1, July 19, 2011, (D.E. 62) (Behre Decl., Exh. J) ("schedule shall not be

16  modified except upon a showing of good cause and by leave of the district judge").

17  Should Defendants have a good faith basis for adding parties in the future, based on

18  newly-uncovered discovery, Defendants may move to add parties at that time.

19  Accordingly, the Government has no basis for moving for judgment as a matter of

20  law on the affirmative defense of reservation of rights.

21                              **CONCLUSION**

22      Based on the foregoing, Defendants have adequately pled valid affirmative

23  defenses, and the Government is not entitled to judgment as a matter of law.

24  Therefore, Defendants request that the Court DENY the Government's Rule 12(c)

25  Motion for Judgment on the Pleadings.

26

27

28

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS

1   DATED:  August 29, 2011          KIRBY D. BEHRE (*pro hac vice*)
2                                    PAUL HASTINGS LLP

3
                                     By:_____/s/ Kirby D. Behre_____
4                                                Kirby D. Behre

5                                    Attorneys for Defendants
                                     RICHARD KOON and
6                                    KENNETH SHELLEM

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS SHELLEM AND KOON'S
OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS