1  KIRBY D. BEHRE (*pro hac vice*)
   E-mail: kirbybehre@paulhastings.com
2  PAUL HASTINGS LLP
   875 15th Street, N.W.
3  Washington, DC 20005
   Telephone: (202) 551-1719
4  Facsimile: (202) 551-1709

5  Attorneys for Defendants
   RICHARD KOON and KENNETH SHELLEM
6

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11 FEDERAL DEPOSIT INSURANCE          CASE NO. CV 10-4915 DSF (SHX)
   CORPORATION, AS RECEIVER
12 FOR INDYMAC BANK, F.S.B.,          **DEFENDANTS KENNETH
                                      SHELLEM AND RICHARD
13            Plaintiff,              KOON'S SUPPLEMENTAL
                                      MEMORANDUM OF LAW ON THE
14       vs.                          AVAILABILITY OF THEIR
                                      EQUITABLE AFFIRMATIVE
15 SCOTT VAN DELLEN, et al.,          DEFENSES**

16            Defendants.
                                      **[Declaration Of Kirby D. Behre
17                                    Filed Concurrently]**

18

19

20

21

22

23

24

25

26

27

28
                                   DEFENDANTS SHELLEM AND KOON'S
                                   SUPPLEMENTAL MEMO OF LAW ON
                                   EQUITABLE AFFIRMATIVE DEFENSES

**TABLE OF CONTENTS**

**Page**

INTRODUCTION...................................................................................1

ARGUMENT .......................................................................................2

I.   UNDER THE INTERNAL AFFAIRS DOCTRINE, DELAWARE
     LAW GOVERNS DEFENDANTS' AFFIRMATIVE DEFENSES...............2

II.  UNCLEAN HANDS, FAILURE TO MITIGATE, AND
     RATIFICATION ARE VALID AFFIRMATIVE DEFENSES UNDER
     DELAWARE LAW ........................................................................4

III. EVEN IF CALIFORNIA LAW WERE TO APPLY, AT LEAST
     FAILURE TO MITIGATE AND RATIFICATION ARE NOT
     BARRED BY THE NINTH CIRCUIT'S HOLDING IN *O'MELVENY* ........6

CONCLUSION .....................................................................................7

DEFENDANTS SHELLEM AND KOON'S
SUPPLEMENTAL MEMO OF LAW ON
EQUITABLE AFFIRMATIVE DEFENSES

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allen v. Ramsay,*
    179 Cal. App. 2d 843 (2d Dist. 1960).................................................5

*Atherton v. FDIC,*
    519 U.S. 213 (1997)............................................................ 1, 2, 4

*Batchelder v. Kawamoto,*
    147 F.3d 915 (9th Cir. 1998) ..............................................4

*Becher v. Northwestern Mut. Life Ins. Co.,*
    No. 10-6264, 2010 U.S. Dist. LEXIS 135854 (C.D. Cal. Dec. 9, 2010)..............3

*Bodley v. Jones,*
    59 A.2d 463 (Del. 1947) ..................................................5

*Doleman v. Meiji Mutual Life Ins. Co.,*
    727 F.2d 1480 (9th Cir. 1984) ............................................6

*Edgar v. MITE Corp.,*
    457 U.S. 624 (1982).......................................................3

*Fair v. Bakhtiari,*
    195 Cal. App. 4th 1135 (1st Dist. 2011)..................................3

*FDIC v. O'Melveny & Myers,*
    61 F.3d 17 (9th Cir. 1995) .......................................... 2, 5, 6, 7

*Friese v. Superior Court of San Diego Cnty,*
    134 Cal. App. 4th 693 (4th Dist. 2005) ..................................4

*Giammalvo v. Sunshine Min. Co.,*
    No. 12842, 1994 Del. Ch. LEXIS 6 (Del. Ch. Jan. 31, 1994), *aff'd*, 651
    A.2d 787 (Del. 1994) ....................................................5

*Hal Roach Studios, Inc. v. Richard Feiner & Co.,*
    896 F.2d 1542 (9th Cir. 1989) ...........................................6

*In re Barker Trust Agmt.,*
    No. 20455, 2007 Del. Ch. LEXIS 87 (Del. Ch. June 13, 2007) ..............5

*In re Imperial Corp. of Am.,*
    92 F.3d 1503 (9th Cir. 1996) ............................................7

*In re Silver Leaf, L.L.C.,*
    No. 20611, 2005 Del. Ch. LEXIS 119 (Del. Ch. Aug. 18, 2005)..............5

*In re Verisign, Inc.,*
    531 F. Supp. 2d 1173 (N.D. Cal. 2007)....................................3

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

*Kahn v. Household Acq. Corp.*,
591 A.2d 166 (Del. 1991)), *aff'd*, 651 A.2d 787 (Del. 1994) ..............................5

*Kamen v. Kemper Fin. Servs., Inc.*,
500 U.S. 90 (1991).............................................................................................2

*McBride v. Boughton*,
123 Cal. App. 4th 379 (1st Dist. 2004).............................................................3

*McDermott, Inc. v. Lewis*,
531 A.2d 206 (Del. 1987) ................................................................................2

*McMichael v. United States Filter Corp.*,
No. EDCV 99-182, 2001 U.S. Dist. LEXIS 3918 (C.D. Cal. Feb. 23,
2001) ...............................................................................................................4

*Merck & Co. v. SmithKline Beecham Pharms. Co.*,
No. 15443, 1999 Del. Ch. LEXIS 242 (Del. Ch. Aug. 5, 1999), *aff'd*, 746
A.2d 277 (Del. 2000) ................................................................................... 4, 5

*Nakahara v. NS 1991 Am. Trust*,
718 A.2d 518 (Del. Ch. 1998)..........................................................................5

*Shaffer v. Heitner*,
433 U.S. 186 (1977)........................................................................................3

*State Farm Mut. Auto. Ins. Co. v. Superior Ct.*,
114 Cal. App. 4th 434 (2d Dist. 2003)..............................................................3

*Tanner v. Exxon Corp.*,
No. 79C-JA-5, 1981 Del. Super. LEXIS 819 (Del. Super. July 23, 1983)...........5

**STATUTES**

Cal. Corp. Code § 2116.....................................................................................4

**OTHER AUTHORITIES**

*Restatement (Second) of Conflict of Laws* § 309 and cmt. (a) (1971) .......................2

DEFENDANTS SHELLEM AND KOON'S
SUPPLEMENTAL MEMO OF LAW ON
EQUITABLE AFFIRMATIVE DEFENSES

## MEMORANDUM OF POINTS AND AUTHORITIES

## **INTRODUCTION**

Defendants Richard Koon and Kenneth Shellem (collectively, "Defendants") respectfully submit this supplemental memorandum of law in response to this Court's Order of September 27, 2011, Docket No. 74.  The Court requested supplemental briefing on whether Defendants' affirmative defenses of failure to mitigate, unclean hands, and ratification are available against Plaintiff Federal Deposit Insurance Corporation ("FDIC" or the "Government") based on the pre-receivership conduct of IndyMac Bank, F.S.B. ("IndyMac").[1]  These equitable affirmative defenses remain available to Defendants, and the FDIC is not entitled to judgment as a matter of law on these defenses.

As this Court acknowledged, "[u]nder the 'internal affairs doctrine,' 'States normally look to the State of a business' incorporation for the law that provides the relevant corporate governance general standard of care.'"  Mem. Op. at 3, Docket No. 75 (Sept. 27, 2011) (quoting *Atherton v. FDIC*, 519 U.S. 213, 224 (1997)).  The California courts have embraced the internal affairs doctrine.  Mem. Op. at 3.  Under California's internal affairs doctrine, Delaware law — the law of IndyMac's state of incorporation — applies.  Delaware law expressly recognizes the three affirmative defenses asserted by Defendants.  In contrast to their California counterparts, Delaware courts have not crafted any judicially made "exception" for equitable defenses asserted based on pre-receivership conduct.  Defendants are therefore entitled to raise these defenses based on IndyMac's pre-receivership actions.

---

[1] In their Answers, Defendants Koon and Shellem only asserted the defenses of failure to mitigate and unclean hands.  Defendants Scott Van Dellen and William Rothman also asserted the defense of ratification.  To simplify the briefing before this Court, this supplemental memorandum discusses all three defenses, and refers to them as defenses asserted by Defendants.

1    Moreover, even under California law, there is no reason to extend the narrow
2    exception from the traditional rule that "any defense good against the original party
3    is good against the receiver," *FDIC v. O'Melveny & Myers*, 61 F.3d 17, 19 (9th Cir.
4    1995) (per curiam), to Defendant's asserted defenses of failure to mitigate and
5    ratification. The exception endorsed by the Ninth Circuit in *O'Melveny* is a limited
6    one, and California courts have not held that these defenses are equitable defenses
7    of the type that would be precluded by this exception. Therefore, a judgment on the
8    pleadings for the Government is inappropriate at least as to these two defenses.
9
10    **ARGUMENT**
11   I.   **UNDER THE INTERNAL AFFAIRS DOCTRINE, DELAWARE LAW**
12        **GOVERNS DEFENDANTS' AFFIRMATIVE DEFENSES.**
13    Under the internal affairs doctrine, Delaware law applies to the availability of
14    equitable affirmative defenses and, specifically, the defenses of unclean hands,
15    failure to mitigate, and ratification asserted by Defendants against the FDIC. This
16    doctrine mandates that a company's state of incorporation serves as the source of
17    substantive law governing claims regarding that corporation's internal affairs.
18    *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 108-09 (1991).
19    The internal affairs doctrine is broad in scope. Thus, courts have
20    "consistently applied the law of the state of incorporation to the entire gamut of
21    internal corporate affairs." *McDermott, Inc. v. Lewis*, 531 A.2d 206, 216 (Del.
22    1987). Specifically, as the Supreme Court instructed, courts should "look to the
23    State of business' incorporation for the law that provides the relevant corporate
24    governance general standard of care." *Atherton*, 519 U.S. at 224 (citing
25    *Restatement (Second) of Conflict of Laws* § 309 and cmt. (a) (1971)). Indeed, this
26    Court already recognized that the internal affairs doctrine is the lodestar guiding a
27    court's choice-of-law determination whether the corporation is following the
28

-2-

1   "'general standard of care.'" Mem. Op. at 3, Docket No. 75 (quoting *Atherton*, 519

2   U.S. at 224).

3           Critically, the internal affairs doctrine is a choice-of-law doctrine, and

4   therefore its applicability depends on the nature of the claim asserted. *Edgar v.*

5   *MITE Corp.*, 457 U.S. 624, 645 (1982); *Becher v. Northwestern Mut. Life Ins. Co.*,

6   No. 10-6264, 2010 U.S. Dist. LEXIS 135854, at *6-7 (C.D. Cal. Dec. 9, 2010). For

7   this reason, courts have held that "the law of the state of [a company's]

8   incorporation applies to all causes of action that implicate the Company's internal

9   affairs, including the claims for breach of fiduciary duty, accounting, unjust

10   enrichment, rescission, constructive fraud, corporate waste, breach of conflict, gross

11   mismanagement, and restitution." *In re Verisign, Inc.*, 531 F. Supp. 2d 1173, 1215

12   (N.D. Cal. 2007). Under California law, these are equitable claims, and so are

13   defenses against these claims. *See, e.g.*, *Fair v. Bakhtiari*, 195 Cal. App. 4th 1135,

14   1146 (1st Dist. 2011) ("accounting and breach of fiduciary duty" are "equitable

15   claims"); *McBride v. Boughton*, 123 Cal. App. 4th 379, 388 (1st Dist. 2004)

16   (restitution is an "equitable remedy" stemming from claims of breach of implied

17   contract or contracts that are unenforceable).

18           Given that the internal affairs doctrine applies to such equitable claims as

19   allegations of breaches of fiduciary duty, waste, accounting, gross mismanagement

20   (and consequently, to equitable defenses against such claims), there is no reason to

21   exempt from its reach Defendants' equitable affirmative defenses against the

22   Government's allegations of negligence. These defenses involve the conduct of

23   officers or directors of IndyMac, and their consequent liability, if any, to the

24   corporation and its shareholders. *Shaffer v. Heitner*, 433 U.S. 186, 215 n.44 (1977);

25   *cf. In re Verisign*, 531 F. Supp. 2d at 1215 (because allegations that an officer has

26   breached his fiduciary duty "implicate the Company's internal affairs," the law of

27   the state of incorporation applies).

28

-3-                    DEFENDANTS SHELLEM AND KOON'S
                       SUPPLEMENTAL MEMO OF LAW ON
                       EQUITABLE AFFIRMATIVE DEFENSES

1       As this Court has acknowledged, California courts adhere to the internal

2 affairs doctrine. Mem. Op. at 3, Docket No. 75 (citing *State Farm Mut. Auto. Ins.*

3 *Co. v. Superior Ct.*, 114 Cal. App. 4th 434, 443-44 (2d Dist. 2003)) (additional

4 citations omitted); *see also* Cal. Corp. Code § 2116; *Friese v. Superior Court of San*

5 *Diego Cnty*, 134 Cal. App. 4th 693, 707 (4th Dist. 2005); *Batchelder v. Kawamoto*,

6 147 F.3d 915, 920 (9th Cir. 1998). This litigation involves the internal affairs of a

7 Delaware-incorporated bank.[2] Therefore, under the internal affairs doctrine,

8 Delaware law applies. *See McMichael v. United States Filter Corp.*, No. EDCV

9 99-182, 2001 U.S. Dist. LEXIS 3918, at *9 (C.D. Cal. Feb. 23, 2001) ("Breach of

10 fiduciary duty is a state law claim, and [where a company] is incorporated in

11 Delaware, Delaware law applies") (internal citations omitted); *Atherton*, 519 U.S. at

12 222, 224-25 (1997) ("federally chartered banks are subject to state law" and

13 "apply[ing] state law … tend[s] to avoid disparity between federally chartered and

14 state-chartered banks"). This Court should therefore apply Delaware law when

15 considering whether Defendants' affirmative defenses of failure to mitigate,

16 unclean hands, and ratification are available, just as it did when considering — and

17 upholding — the viability of Defendants' defenses premised on the Business

18 Judgment Rule.

19

20 **II.**    **UNCLEAN HANDS, FAILURE TO MITIGATE, AND**

21       **RATIFICATION ARE VALID AFFIRMATIVE DEFENSES UNDER**

22       **DELAWARE LAW.**

23       The defenses of unclean hands, failure to mitigate, and ratification are

24 available to Defendants under Delaware law. Courts in Delaware have consistently

25 recognized the doctrine of unclean hands. *See, e.g., Merck & Co. v. SmithKline*

26 *Beecham Pharms. Co.*, No. 15443, 1999 Del. Ch. LEXIS 242, at *138 (Del. Ch.

---

27 [2] IndyMac Bancorp was incorporated in Delaware. *See* SEC, IndyMac Bancorp, Inc,
Form 8-K (July 31, 2008) (Behre Decl., Exh. A); *see also* Mem. Op. at 3 (applying

28 Delaware law as the law of IndyMac's state of incorporation).

DEFENDANTS SHELLEM AND KOON'S
SUPPLEMENTAL MEMO OF LAW ON
EQUITABLE AFFIRMATIVE DEFENSES

1    Aug. 5, 1999) ("The unclean hands doctrine is aimed at providing courts of equity
2    with a shield from the potentially entangling misdeeds of the litigants in any given
3    case.") (citation omitted), *aff'd*, 746 A.2d 277 (Del. 2000); *In re Silver Leaf, L.L.C.*,
4    No. 20611, 2005 Del. Ch. LEXIS 119, at *46 (Del. Ch. Aug. 18, 2005) (explaining
5    that "he who comes into equity must come with clean hands" and finding
6    defendants' claims barred by the doctrine) (citing *Bodley v. Jones*, 59 A.2d 463,
7    469 (Del. 1947)).  Furthermore, Delaware courts have substantial discretion in
8    exercising their equitable power under the unclean hands doctrine; they are "not
9    bound by formula or restrained by any limitation that tends to trammel the free and
10   just exercise of [their] discretion." *In re Barker Trust Agmt.*, No. 20455, 2007 Del.
11   Ch. LEXIS 87, at *45 (Del. Ch. June 13, 2007) (quoting *Nakahara v. NS 1991 Am.*
12   *Trust*, 718 A.2d 518, 522-23 (Del. Ch. 1998)).

13       Similarly, Delaware courts have held that ratification and failure to mitigate
14   are valid affirmative defenses.  *See Giammalvo v. Sunshine Min. Co.*, No. 12842,
15   1994 Del. Ch. LEXIS 6, at *30 (Del. Ch. Jan. 31, 1994) (Ratification is an equitable
16   defense that precludes a party "who [has] accept[ed] the benefits of a transaction
17   from thereafter attacking it.") (citing *Kahn v. Household Acq. Corp.*, 591 A.2d 166,
18   177 (Del. 1991)), *aff'd*, 651 A.2d 787 (Del. 1994); *Tanner v. Exxon Corp.*, No. 79C-
19   JA-5, 1981 Del. Super. LEXIS 819, at *11 (Del. Super. July 23, 1983) ("Failure to
20   mitigate damages is an affirmative defense, and the burden of proving the failure
21   falls upon the defendant.") (citations omitted).

22       Delaware courts have not carved out an "exception" for pre-receivership
23   conduct analogous to that announced by the Ninth Circuit in *O'Melveny & Myers*,
24   61 F.3d at 19, and therefore these defenses remain viable under Delaware law.  As
25   the Ninth Circuit acknowledged, the exception for equitable defenses asserted based
26   on pre-receivership conduct is a narrow one.  The Ninth Circuit explained that
27   California law endorses the general proposition that "'[a] receiver occupies no
28   better position than that which was occupied by the person or party for whom he

DEFENDANTS SHELLEM AND KOON'S
SUPPLEMENTAL MEMO OF LAW ON
EQUITABLE AFFIRMATIVE DEFENSES

acts . . . and any defense good against the original party is good against the receiver.'" *Id.* (quoting *Allen v. Ramsay*, 179 Cal. App. 2d 843, 854 (2d Dist. 1960)). Moreover, the *O'Melveny* court stressed that "it does not necessarily follow [from its rule] that equitable defenses can never be asserted against a receiver." *O'Melveny*, 61 F.3d at 19 (internal quotation marks and citation omitted).

The Delaware courts have not adopted this peculiar carve-out. Because Defendants' affirmative defenses are legally cognizable in Delaware, the Government cannot meet its heavy burden, as the moving party, of demonstrating that it is entitled to judgment as a matter of law on this subset of Defendants' affirmative defenses. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) ( "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false"); *Doleman v. Meiji Mutual Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984) (judgment on the pleadings is only proper if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law") (internal quotation marks and citation omitted).

## III.   EVEN IF CALIFORNIA LAW WERE TO APPLY, AT LEAST FAILURE TO MITIGATE AND RATIFICATION ARE NOT BARRED BY THE NINTH CIRCUIT'S HOLDING IN *O'MELVENY*.

Moreover, even if this Court concludes that California law should govern, it nevertheless should not extend the narrow exception from the traditional rule that "any defense good against the original party is good against the receiver," *O'Melveny & Myers*, 61 F.3d at 19 (per curiam), to Defendant's asserted defenses of failure to mitigate and ratification. As already demonstrated, the exception endorsed by the Ninth Circuit in *O'Melveny* is a limited one. *See supra* at 5. Indeed, the Ninth Circuit subsequently reaffirmed the limited nature of

DEFENDANTS SHELLEM AND KOON'S
SUPPLEMENTAL MEMO OF LAW ON
EQUITABLE AFFIRMATIVE DEFENSES

1    *O'Melveny*'s holding.  In another case involving the FDIC, the Ninth Circuit

2    "reject[ed] the FDIC's contention that *FDIC v. O'Melveny & Myers*, 61 F.3d 17, 19

3    (9th Cir. 1995) (on remand from the Supreme Court), stands for the broad

4    proposition that equitable defenses may not be used against the FDIC as a

5    receiver." *In re Imperial Corp. of Am.*, 92 F.3d 1503, 1509 (9th Cir. 1996).  The

6    court of appeals explained that *O'Melveny* only held that "defenses based on party's

7    unclean hands or inequitable conduct do not *generally* apply against party's

8    receiver," and "in no way compels the conclusion" that *other equitable defenses*

9    may not be asserted against the FDIC.  *Id.* (citation omitted) (emphasis added).

10         California courts have expressed no opinion as to whether the defenses of

11   failure to mitigate and ratification are equitable defenses of the type that would be

12   precluded by the narrow exception of *O'Melveny*.  Given the fact that the FDIC

13   bears the burden of proof, a judgment on the pleadings for the FDIC is

14   inappropriate at least as to these two defenses.

15

16                                    **CONCLUSION**

17         For the foregoing reasons, Defendants have adequately pled unclean hands,

18   failure to mitigate, and ratification as valid affirmative defenses, and the FDIC is

19   not entitled to judgment as a matter of law.  Therefore, Defendants respectfully

20   request that the Court DENY the remainder of the Government's Rule 12(c) Motion

21   for Judgment on the Pleadings.

22

23

24

25

26

27

28

DEFENDANTS SHELLEM AND KOON'S
SUPPLEMENTAL MEMO OF LAW ON
EQUITABLE AFFIRMATIVE DEFENSES

1    DATED:  October 11, 2011          KIRBY D. BEHRE (*pro hac vice*)
2                                      PAUL HASTINGS LLP

3
                                       By:_____/s/ Kirby D. Behre_____
4                                               Kirby D. Behre

5                                      Attorneys for Defendants
                                       RICHARD KOON and
6                                      KENNETH SHELLEM

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS SHELLEM AND KOON'S
                                       SUPPLEMENTAL MEMO OF LAW ON
                                       EQUITABLE AFFIRMATIVE DEFENSES