NOSSAMAN LLP
THOMAS D. LONG (CA 105987)
tlong@nossaman.com
DAVID GRAELER (CA 197836)
dgraeler@nossaman.com
DAVID J. FARKAS (CA 203821)
dfarkas@nossaman.com
777 S. Figueroa Street, 34th Floor
Los Angeles, CA 90017
Telephone: 213.612.7800
Facsimile: 213.612.7801

Attorneys for Plaintiff Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC BANK, F.S.B.,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT VAN DELLEN, RICHARD KOON, KENNETH SHELLEM, AND WILLIAM ROTHMAN,<br><br>Defendants. | Case No.: 10-CV-04915 DSF (SHx)<br><br>**STIPULATED ORDER REGARDING NON-WAIVER AS TO DOCUMENTS AND DATA IN RELATIVITY DATABASE** |

Upon consideration of the Stipulation for Entry of Order Regarding Non-Waiver as to Documents and Data in Relativity Database (the "Stipulation") filed by the Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. ("Plaintiff" or "FDIC"), and together with defendants Scott Van Dellen, Richard Koon, Kenneth Shellem, and William Rothman (collectively, the "Defendants"), and good and sufficient cause appearing to exist for granting the relief requested in the Stipulation,

**IT HEREBY IS ORDERED THAT:**

1. The Stipulation is approved.

2. Under the terms of this stipulated order ("Order"), a presumption shall apply that any disclosure of Privileged Material[1] is inadvertent.

3. To the extent any of the Receiving Parties determines, in the course of his or her use of Relativity, that he or she may have been provided access to Privileged Material, he or she shall:

    (a) Immediately cease review of any potentially Privileged Material and refrain from disclosing such potentially Privileged Material to any third parties;

    (b) Within five (5) business days, notify the FDIC of the nature of the potentially Privileged Material and provide an opportunity for the review thereof; and

    (c) In the event that the parties cannot reach agreement regarding the issue of whether potentially Privileged Material is in fact subject to a valid claim of privilege or protection, provide an additional ten (10) business days from expiration of the five (5) business days referred to in (b) above for the party seeking to treat the information as not privileged to file a motion for protective order in this Court. The disputed material will continue to be treated as Privileged Material until there is a final decision on the

---

[1] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Stipulation.

Non-Waiver and Clawback Order.doc         -1-
STIPULATED ORDER REGARDING NON-WAIVER AS TO DOCUMENTS AND DATA IN RELATIVITY DATABASE

motion.

4. If a motion pursuant to Paragraph 3(c) above is timely filed, then the Receiving Parties shall continue to refrain from the review of potentially Privileged Material pending a ruling of the Court.

5. In the event that the FDIC determines that it has provided access to Privileged Material to the Receiving Parties, the parties shall take all appropriate action, including pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

6. Neither the Receiving Parties nor the FDIC shall assert that any party has waived any applicable privilege or protection solely as a result of the disclosure of Privileged Material in this matter.

NOVEMBER 9, 2011

STEPHEN J. HILLMAN
United States Magistrate Judge