NOSSAMAN LLP
THOMAS D. LONG (CA 105987)
tlong@nossaman.com
DAVID GRAELER (CA 197836)
dgraeler@nossaman.com
DAVID J. FARKAS (CA 203821)
dfarkas@nossaman.com
777 S. Figueroa Street, 34th Floor
Los Angeles, CA 90017
Telephone: 213.612.7800
Facsimile: 213.612.7801

Attorneys for Plaintiff Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC BANK, F.S.B.<br><br>Plaintiff,<br><br>v.<br><br>SCOTT VAN DELLEN, RICHARD KOON, KENNETH SHELLEM, AND WILLIAM ROTHMAN,<br><br>Defendants. | Case No.: 10-CV-04915 DSF (SHx)<br><br>**STIPULATED ORDER REGARDING CONFIDENTIALITY OF FDIC DOCUMENTS** |

414826_1.DOC

STIPULATED ORDER REGARDING CONFIDENTIALITY OF FDIC DOCUMENTS

Upon consideration of the Stipulation for Entry of Order Regarding Confidentiality of FDIC Documents (the "Stipulation") filed by the Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. ("Plaintiff" or "FDIC"), and together with defendants Scott Van Dellen, Richard Koon, Kenneth Shellem, and William Rothman (collectively, the "Defendants"), and good and sufficient cause appearing to exist for granting the relief requested in the Stipulation,

**IT HEREBY IS ORDERED THAT:**

1. The Stipulation is approved.

2. This stipulated order ("Order") establishes a procedure governing the disclosure of Confidential FDIC Information by Plaintiff to Defendants and imposes obligations on persons receiving Confidential FDIC Information to protect it from unauthorized use or disclosure. It is agreed that the following procedures shall be adopted for the protection of such Confidential FDIC Information.

3. Confidential FDIC Information shall not be disclosed to anyone except as provided in this Stipulation.

4. Except as hereinafter provided, Confidential FDIC Information shall be used only in the Action for purposes necessary to the prosecution or defense of claims. Confidential FDIC Information shall not be used for any other purpose, including but not limited to commercial, business, competitive or other purposes, for any reason whatsoever, or in or for any other judicial or administrative proceedings, disputes, or cases unrelated to the Action.

5. With respect to the filing of any Confidential FDIC Information under seal, the parties to the Stipulation shall comply with Paragraph 6 of the December 2010 Standing Order for Cases Assigned to Judge Dale S. Fischer and Local Rule 79-5 of the Central District of California. If the Court grants an application to file Confidential FDIC Information under seal, such Confidential FDIC Information shall be filed in sealed envelopes bearing the caption of this Action, a brief description of

the nature of the contents of the sealed envelope, the word "CONFIDENTIAL" and a statement in substantially the following form:

> "THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT AND CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED BY ANYONE EXCEPT UPON ORDER OF THE COURT."

6. Confidential FDIC Information may be disclosed only to the Court; court personnel; court reporters and video personnel recording depositions where Confidential FDIC Information is disclosed; Plaintiff and Defendants; counsel for Plaintiff and Defendants; support staff of the parties and their counsel (e.g., paralegals, secretaries, law clerks, internal or external copying services); and to "Qualified Persons," defined as follows:

    (a) Expert witnesses or consultants retained by Plaintiff or Defendants or by their respective counsel.

    (b) Prospective witnesses or witnesses during depositions.

7. Before counsel for Defendants may disclose Confidential FDIC Information to a Defendant or Qualified Person, counsel shall obtain from the Defendant or Qualified Person who is going to receive such Confidential FDIC Information an executed copy of the Non-Disclosure Certificate attached hereto. Counsel who discloses Confidential FDIC Information to a Defendant or Qualified Person shall provide each such Defendant or Qualified Person with a copy of this Order and shall retain the Defendant's or Qualified Person's original executed Non-Disclosure Certificate pending further order of the Court or for a one-year period following the final termination of the Action.

8. In the event that any Confidential FDIC Information is used or referred to at a deposition, those portions of the transcript referring to Confidential FDIC

Information shall be deemed Confidential FDIC Information subject to the provision of this Order.

9. In the event a Defendant or a Qualified Person subject to this Order (a) is subpoenaed in another action, (b) is served with a demand in another action to which a Defendant or a Qualified Person is a party, or (c) is served with any other legal process that seeks Confidential FDIC Information, the recipient of such subpoena, demand or other legal process shall give written notice of the receipt of such subpoena, demand or other legal process to FDIC counsel at the address indicated below within seven (7) calendar days from the date of service of such subpoena, demand or other legal process. Nothing herein shall be construed as requiring the person or party from whom Confidential FDIC Information is being sought, or anyone else subject to this Order, to challenge or appeal any order requiring production of Confidential FDIC Information protected by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

10. Within 30 days of the conclusion of the Action, including any appeal, any Defendant or Qualified Person who is in possession of Confidential FDIC Information shall return such Confidential FDIC Information to counsel for Plaintiff or shall destroy it. Written confirmation of such return or destruction shall be forwarded to counsel for Plaintiff. Notwithstanding this provision, however, Confidential FDIC Information that (1) has been filed in pleading files maintained by counsel, or (2) is mentioned in notes, memoranda or other writings prepared by counsel and covered by the work product doctrine, need not be returned or destroyed.

11. Prior to the disclosure at any hearing in this Action of any Confidential FDIC Information, counsel who desires to disclose such Confidential FDIC Information shall take reasonable steps to afford counsel for the other parties to the Stipulation the opportunity to object to disclosure of Confidential FDIC Information in open court.

12. All persons bound by this Order are hereby notified that if this Order is

1  in any manner violated, the person or entity who commits such violation shall be subject
2  to such sanctions as the Court, on motion and after notice and a hearing, deems just.  In
3  addition, the FDIC may seek appropriate injunctive relief from this Court.

4
5  Dec.
   ~~NOVEMBER~~ 7, 2011                         _____
6                                                STEPHEN J. HILLMAN
7                                                United States Magistrate Judge

414826_1.DOC                        -4-
STIPULATED ORDER REGARDING CONFIDENTIALITY OF FDIC DOCUMENTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC BANK, F.S.B.<br><br>Plaintiff,<br><br>v.<br><br>SCOTT VAN DELLEN, RICHARD KOON, KENNETH SHELLEM, AND WILLIAM ROTHMAN,<br><br>Defendants. | Case No.: 10-CV-04915 DSF (SHx)<br><br>**NON DISCLOSURE CERTIFICATE** |

I certify my understanding that access to Confidential FDIC Information is provided to me pursuant to the terms and restrictions of a Stipulated Order Regarding Confidentiality of FDIC Documents entered in the above-captioned litigation on November __, 2011 (the "Order"). I certify that I have been given a copy of, and have read, the Order and agree to comply with its terms. I understand that the contents of any Confidential FDIC Information shall not be disclosed to anyone other than in accordance with the Order and shall be used only for the purposes set forth therein.

I agree to be subject to the jurisdiction of this Court for purposes of enforcement of this Non-Disclosure Certificate and the Order.

By: _____

Title: _____

Representing: _____

Date: _____

414826_1.DOC

STIPULATED ORDER REGARDING CONFIDENTIALITY OF FDIC DOCUMENTS