MATTHEW T. HEARTNEY (SBN 123516)
matthew.heartney@aporter.com
EMILIA P.E. MORRIS (SBN 253681)
emilia.morris@aporter.com
JAKE R. MILLER (SBN 273941)
jake.miller@aporter.com
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017
Telephone: 213.243.4000
Facsimile: 213.243.4199

Attorneys for Nonparty OneWest Bank, F.S.B.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> SCOTT VAN DELLEN, RICHARD KOON, KENNETH SHELLEM, AND WILLIAM ROTHMAN, <br><br> Defendants. | Case No. 10-CV-04915 DSF (CWx) <br><br> **STIPULATED ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION PRODUCED BY ONEWEST BANK** |

Upon consideration of the Stipulation Seeking Entry of an Order Regarding Confidentiality of Documents and Information Produced By OneWest Bank ("Stipulation") filed by the Federal Deposit Insurance Corporation, as Receiver for IndyMac Bank, F.S.B. ("Plaintiff" or "FDIC"), and together with Defendants Scott Van Dellen, Richard Koon, Kenneth Shellem, and William Rothman (collectively, the "Defendants"), and nonparty OneWest Bank, F.S.B. ("OneWest"), and good and sufficient cause appearing to exist for granting the relief requested in the Stipulation,

**IT HEREBY IS ORDERED THAT:**

1. The Stipulation is approved.

2. This stipulated order ("Order") shall establish a procedure governing the disclosure of Confidential Discovery Material by OneWest to Plaintiff and/or Defendants and impose obligations on persons receiving such Confidential Discovery Material to protect it from unauthorized use or disclosure. The following procedures shall be adopted for the protection of such Confidential Discovery Material.

3. Confidential Discovery Material shall not be disclosed to anyone except as provided in this Order. Confidential Discovery Material includes documents, materials or information that include NPPI or other information requiring confidential treatment.

4. Certain Confidential Discovery Material from OneWest may be produced to the parties in this Action. Confidential Discovery Material produced in this Action may include (a) NPPI, as such term is defined in Title V of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, and the Regulations promulgated thereunder (including 16 C.F.R. Part 313, 16 C.F.R. Part 314, 12 C.F.R. Part 332, and 12 C.F.R. Part 364)[1], (b) information covered by state and any other federal laws and

---

[1] For purposes of this Stipulation, NPPI shall include, but not be limited to, an individual's name, Social Security number, credit card and debit card account number, bank account number, state identification card number, driver's license number, and date of birth.

1  regulations protecting the privacy and security of personal information (together with
2  the Gramm-Leach-Bliley Act and regulations, all such laws and regulations shall be
3  referred to herein as "Privacy Laws"), or (c) documents that contain trade secrets or
4  information that, if disclosed to third parties, would cause or threaten competitive
5  harm.  The designation of Confidential Discovery Material for purposes of this Order
6  shall be made by affixing the legend "Confidential May Contain Nonpublic Personal
7  Information" to each page containing any Confidential Discovery Material.  In cases
8  in which information is produced in electronic form, it shall be sufficient to satisfy
9  the foregoing sentence if the specified legend is affixed to the hard drive, flash drive
10 or other tangible medium that contains the information in electronic form.  In such
11 cases, the designation shall apply to all information contained in the tangible medium
12 to which the legend is affixed.
13      5.     Except as hereinafter provided, Confidential Discovery Material shall be
14 used only in the Action for purposes necessary to the prosecution or defense of
15 claims.  Confidential Discovery Material shall not be used for any other purpose,
16 including without limitation for commercial, business, or competitive purposes or in
17 or for any other judicial or administrative proceedings, disputes, or cases unrelated to
18 the Action.
19      6.     Counsel who receive Confidential Discovery Material containing NPPI
20 must comply fully with all applicable Privacy Laws with respect to the use, privacy,
21 security, and disposal of NPPI for so long as they have NPPI in their possession,
22 custody, or control.  Counsel must implement and maintain safeguards for the NPPI
23 that it receives consistent with the standards set forth under Privacy Laws in order to
24 meet the following objectives: (a) to ensure the security and confidentiality of NPPI;
25 (b) to protect against any anticipated threats or hazards to the security or integrity of
26 NPPI; and (c) to protect against unauthorized access to or use of NPPI.  OneWest
27 shall have no liability for producing documents or information requested by the
28 Plaintiff or Defendants in compliance with this Order.

7. With respect to the filing of any Confidential Discovery Material under seal, the parties to the Stipulation shall comply with Paragraph 6 of the December 2010 Standing Order for Cases Assigned to Judge Dale S. Fischer and Local Rule 79-5 of the Central District of California.  If the Court grants an application to file Confidential Discovery Material under seal, such Confidential Discovery Material shall be filed in sealed envelopes bearing the caption of this Action, a brief description of the nature of the contents of the sealed envelope, the word "CONFIDENTIAL" and a statement in substantially the following form:

> "THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT AND CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED BY ANYONE EXCEPT UPON ORDER OF THE COURT."

8. Confidential Discovery Material may be disclosed only to the Court; court personnel; court reporters and video personnel recording depositions where Confidential Discovery Material is disclosed; Plaintiff and Defendants; counsel for Plaintiff and Defendants; support staff of the parties and their counsel (e.g., paralegals, secretaries, law clerks, internal or external copying services); and to "Qualified Persons," defined as follows:

    (a) Expert witnesses or consultants retained by Plaintiff or Defendants or by their respective counsel.

    (b) Prospective witnesses or witnesses during depositions or interviews.

9. Before counsel for Plaintiff or Defendants may disclose Confidential Discovery Material to a Plaintiff, Defendant, or Qualified Person, counsel shall obtain from the person who is going to receive such Confidential Discovery Material an executed copy of the Non-Disclosure Certificate attached hereto.  Counsel who

discloses Confidential Discovery Material to a Plaintiff, Defendant, or Qualified Person shall provide each such Plaintiff, Defendant, or Qualified Person with a copy of this Order and shall retain the Plaintiff, Defendant, or Qualified Person's original executed Non-Disclosure Certificate pending further order of the Court or for a one-year period following the final termination of the Action.

10. In the event that any Confidential Discovery Material is used or referred to at a deposition, those portions of the transcript referring to Confidential Discovery Material shall be deemed Confidential Discovery Material subject to the provisions of this Order.

11. In the event a Plaintiff, Defendant, or Qualified Person subject to this Order (a) is subpoenaed in another action, (b) is served with a demand in another action to which a Plaintiff, Defendant, or Qualified Person is a party, or (c) is served with any other legal process that seeks Confidential Discovery Material, the recipient of such subpoena, demand or other legal process shall give written notice of the receipt of such subpoena, demand or other legal process to counsel for Plaintiff and counsel for OneWest at the addresses indicated below within seven (7) calendar days from the date of service of such subpoena, demand, or other legal process. Nothing herein shall be construed as requiring the person or party from whom Confidential Discovery Material is being sought, or anyone else subject to this Order, to challenge or appeal any order requiring production of Confidential Discovery Material protected by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

12. Within 30 days of the conclusion of the Action, including any appeal, any Plaintiff, Defendant, or Qualified Person who is in possession of Confidential Discovery Material shall return such Confidential Discovery Material to counsel for OneWest or shall destroy it. Written confirmation of such return or destruction shall be forwarded to counsel for OneWest. Notwithstanding this provision, however, Confidential Discovery Material that (1) has been filed in pleading files maintained

by counsel, or (2) is mentioned in notes, memoranda or other writings prepared by counsel and covered by the work product doctrine, need not be returned or destroyed.

13.     Prior to the disclosure at any hearing in this Action of any Confidential Discovery Material, counsel who desires to disclose such Confidential Discovery Material shall take reasonable steps to afford counsel for the other parties to this Stipulation the opportunity to object to disclosure of Confidential Discovery Material in open court.

14.     In the event that OneWest discovers that it has inadvertently produced Confidential Discovery Material containing NPPI without having marked such material with the appropriate designation, OneWest may notify the party receiving the Confidential Discovery Material containing NPPI and require that party to retrieve and return any unmarked or incorrectly marked material, and OneWest will substitute appropriately marked material.  Upon receipt of such notification from OneWest, the party receiving the Confidential Discovery Material containing NPPI immediately must treat the inadvertently misdesignated production as material properly designated as "Confidential May Contain Nonpublic Personal Information."

15.     In the event of disclosure of any material designated "Confidential May Contain Nonpublic Personal Information" to a person not authorized for access to such material in accordance with this Order, the party responsible for having made, and any party with knowledge of, such disclosure must immediately inform counsel for OneWest of all known relevant information concerning the nature and circumstances of the disclosure.  The responsible party also promptly must take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of such or materials is made.  Each party must cooperate in good faith in that effort.

16.     All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation may be subject to such sanctions as the Court, on motion and after notice and a hearing,

1  deems just.  In addition, OneWest may seek appropriate injunctive relief from this
2  Court.
3     So ordered.
4  Dated:  March  27, 2012

                              /S/
                    HON. CARLA WOERHLE
                    United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> SCOTT VAN DELLEN, RICHARD KOON, KENNETH SHELLEM, AND WILLIAM ROTHMAN, <br><br> Defendants. | Case No. 10-CV-04915 DSF (CWx) <br><br> **NON DISCLOSURE CERTIFICATE** |

I certify my understanding that access to Confidential Discovery Material is provided to me pursuant to the terms and restrictions of a Stipulated Order Regarding Confidentiality of OneWest Documents entered in the above-captioned litigation on _____, 2012 (the "Order").  I certify that I have been given a copy of, and have read, the Order and agree to comply with its terms.  I understand that the contents of any Confidential Discovery Material shall not be disclosed to anyone other than in accordance with the Order and shall be used only for the purposes set forth therein.

I agree to be subject to the jurisdiction of this Court for purposes of enforcement of this Non-Disclosure Certificate and the Order.

By: _____

Title: _____

Representing: _____

Date: _____